G. David Robertson, Esq., 1001
ROBERTSON & BENEVENTO
50 West Liberty Street, Suite 600
Reno, Nevada 89501
(775) 329-5600
(775) 348-8300
gdavid@nvlawyers.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JANET SOBEL, DANIEL DUGAN, PhD., and LYDIA LEE, individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiffs, | **CLASS ACTION COMPLAINT [VIOLATIONS OF NRS § 482.31575 AND THE DECEPTIVE TRADE PRACTICES ACT]** |
| vs. | |
| THE HERTZ CORPORATION, a Delaware corporation; and, ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation, | |
| Defendants. | |

Plaintiffs, Janet Sobel, Daniel Dugan, Ph.D. and Lydia Lee (collectively, "Plaintiffs"), allege, on behalf of themselves and all others similarly situated, upon personal knowledge as to themselves and their acts, and, as to all other matters upon information and belief, based upon, inter alia, the investigations made by their attorneys, as follows:

## I.

## NATURE OF THE ACTION

1. This is a class action on behalf of persons who have rented cars from Defendants at airports in Nevada and who Defendants quoted and charged airport concession recovery fees that are prohibited by N.R.S. § 482.31575. Plaintiffs seek damages, restitution, and injunctive relief, pursuant to N.R.S. § 482.31575 and applicable provisions of the Deceptive Trade Practices Act, arising from Defendants' unfair and unlawful practices.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

CLASS ACTION COMPLAINT [VIOLATIONS OF NRS § 482.31575
AND THE DECEPTIVE TRADE PRACTICES ACT]
PAGE 1

## II.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to diversity of citizenship, 28 U.S.C. § 1332, in that this is a class action in which the amount in controversy exceeds $5 million and defendants are citizens of states other than Nevada.

3. Defendants regularly conduct business in this District, and the acts and transactions at issue occurred in this District. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## III.

## THE PARTIES

**A.  The Plaintiffs**

4. The Plaintiffs are persons who have rented cars at airports in the State of Nevada and have been quoted and charged airport concession recovery fees prohibited by Nevada law. They are as follows:

a. Plaintiff Janet Sobel is a natural person and resident of the State of California. She rented a car at the Las Vegas airport through Defendant The Hertz Corporation during the Class Period defined below, and was quoted and charged a separate airport concession recovery fee in violation of Nevada law.

b. Plaintiff Daniel Dugan, PhD., is a natural person and resident of the State of Nevada residing in Washoe County and primarily conducting business in Washoe County. He has rented cars at the Reno and Las Vegas airports for both business and personal purposes through various rental car firms, including Defendant The Hertz Corporation, during the Class Period defined below, and was quoted and charged a separate airport concession recovery fee in violation of Nevada law.

c. Plaintiff Lydia Lee is a natural person and resident of the State of California. She rented a car at the Las Vegas airport through Defendant Enterprise Rent-A-Car Company during the Class Period defined below, and was quoted and charged a separate airport concession recovery fee in violation of Nevada law.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

CLASS ACTION COMPLAINT [VIOLATIONS OF NRS § 482.31575
AND THE DECEPTIVE TRADE PRACTICES ACT]
PAGE 2

**B.     The Defendants**

5.     Defendant The Hertz Corporation ("Hertz") is a Delaware corporation with its principal place of business at 225 Brae Boulevard, Park Ridge, New Jersey.  Hertz is registered to do business in the State of Nevada and transacts business in this State and in Washoe County on a regular and systematic basis.   It is one of the major national rental car companies.

6.     Defendant Enterprise Rent-A-Car Company ("Enterprise") is a Missouri corporation with its principal place of business at 600 Corporate Park Drive, St. Louis, Missouri. Enterprise is registered to do business in the State of Nevada and transacts business in this State and in Washoe County on a regular and systematic basis.   It is one of the major national rental car companies.

## IV.

## COMMON FACTUAL ALLEGATIONS

7.     The short-term rental car business is a highly competitive industry with domestic revenues in excess of ten billion dollars annually.  Approximately 80% of industry revenues come from car rentals at airport locations.  Defendants are among the major rental car companies in the country, and each of them does business, directly and/or through franchisees, at numerous airport locations, including the Reno-Tahoe International Airport and Las Vegas McCarran International Airport.

**A.     The Nature of Airport Concession Fees and Concession Recovery Fees**

8.     In return for the right to operate at lucrative airport locations, rental car companies are required to pay fees to the airports, which are commonly referred to as concession fees. Rental car companies whose branches are not located at the airport generally do not pay such fees, though they may be required to pay "access fees" to airports to the extent they pick up customers at the airport.   At the Reno-Tahoe and McCarran airports, the Defendant rental car companies are required to pay 10% of their gross revenues to the airports as concession fees.

9.     At most airport locations across the Country, Defendants pass through airport concession fees to their customers as surcharges.  Since the mid-to-late 1990's, Defendants have "unbundled" these surcharges from their base rental rates in an attempt to compete more

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

CLASS ACTION COMPLAINT [VIOLATIONS OF NRS § 482.31575
AND THE DECEPTIVE TRADE PRACTICES ACT]
PAGE 3

1  effectively with off-airport competitors.  Defendants' thus quote and charge a base rental rate

2  and, in addition, a separate airport concession recovery fee.  When Defendants impose such

3  surcharges on their customers, it is merely a means for them to bill separately for a part of their

4  overhead, a practice that tends to mislead most customers about the true rental rate.

5        10.     Defendants adopted such surcharges in order to be able to advertise and quote

6  lower rates.  Defendants structure their charges in this fashion in order to maximize their

7  revenues and profits.  By advertising lower base rates and leading car renters to believe that the

8  "airport concession recovery fee" is a charge imposed by the airport, rather than by them, the

9  rental firms are able to charge a materially higher total rate than they could otherwise charge.

10       11.     In fact, however, *concession fees* are imposed on the rental car firms by the

11 airport authorities; *concession recovery fees* are a different charge that was created by the rental

12 car firms, which those firms impose on renters in order to maximize their revenues while

13 maintaining artificially low base rates.  The difference between the two charges is demonstrated

14 by the fact that Reno airport charges Hertz and other rental car companies a 10% concession fee;

15 but Hertz charged plaintiff Dugan an 11.54% concession recovery fee on a recent rental at the

16 Reno Tahoe airport.

17      **B.**     **The NAAG Task Force Report**

18       12.     In 1988, the National Association of Attorneys General ("NAAG") formed a task

19 force ("Task Force") to study car rental advertising and related practices.   The Task Force was

20 formed in response to an announcement by The Hertz Corporation in late 1987 that it intended to

21 introduce a new advertising campaign that would promote seemingly "lower" airport rental fees

22 by subtracting the seven to twelve percent charged by airports as concession fees from the

23 advertised rate.  Hertz acknowledged, however, that it would then add this amount back into the

24 contract price as a surcharge (i.e., the "concession recovery fee" which was charged to the

25 Plaintiffs herein and is at issue in this litigation).  When several states threatened litigation, Hertz

26 abandoned its advertising campaign; but a number of State Attorneys General formed an ad hoc

27 group to look more broadly into car rental advertising and charges.   That group led to the

28 formation of the Task Force in March 1988.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

CLASS ACTION COMPLAINT [VIOLATIONS OF NRS § 482.31575
AND THE DECEPTIVE TRADE PRACTICES ACT]
PAGE 4

13. In June 1988, the Task Force issued a preliminary report which concluded that "the most critical problem with the car rental industry was that, in an effort to compete, they had through various deceptive, false, misleading and unfair advertising and business practices created lead prices that were substantially less than the actual prices consumers pay for rental vehicles." In part, the rental companies did this by subtracting certain items such as "airport fees" from the advertised price, but then adding the charges back on as separate mandatory surcharges. The Task Force drew three broad conclusions in its preliminary report, including that "mandatory charges must be included in the price advertised as the base rental rate . . . ." Comments were then solicited and hearings held, as well as private meetings with industry personnel, prior to adoption of the final Report and Guidelines in March 1989.

14. The Task Force guidelines were designed, among other things, to "eliminate the unbundling of mandatory charges from advertised car rental rates." Guideline 2.5 concerns Mandatory Additional Charges and states as follows: "Any surcharge or fee that consumers must generally pay at any location in order to obtain or operate a rental vehicle must be included in the total advertised price of the rental." The Report states, in pertinent part, as follows:

> As stated in the Preliminary Report, the Task Force is extremely concerned about the growing practice of "unbundling" or subtracting certain mandatory charges from the advertised price for the purpose of making the cost of the rental appear less than it actually is. Recently, a rental company with offices on-site at airports announced that it would reduce the base price in its advertisements but would add a mandatory charge, equivalent to the amount it paid to the airport for its on-site location (i.e., its concession fee), to the price charged to consumers. After meeting with several attorneys' general offices, the company abandoned its plan.

Task Force Report at p. 11 (Comment to Guideline 2.5). In short, the Task Force unambiguously concluded that the unbundling of mandatory charges from the base rate was improper. That was the context in which the statute at issue was adopted.

**C.   The Adoption of N.R.S. § 482.31575**

15. At or about the time of the NAAG Task Force, a number of states, including California, Illinois, and New York, enacted statutes regulating car rental charges.

16. In 1989, the Nevada Legislature enacted such a statute, Section 482.31575 of the Nevada Revised Statutes, which provides in pertinent part as follows:

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

CLASS ACTION COMPLAINT [VIOLATIONS OF NRS § 482.31575 AND THE DECEPTIVE TRADE PRACTICES ACT]
PAGE 5

> A short-term lessor shall advertise, quote and charge a rate for leasing a passenger car that includes the entire amount except the taxes, any fees paid to airports and any charges for mileage, that a short-term lessee must pay to lease the car for the period to which the rate applies.

17. The legislative history of N.R.S. Section 482.31575 makes clear that the exception for "any fees paid to airports" was simply intended to permit smaller off-airport firms to separately charge renters the modest $3 "access fee" that the Clark County Airport Authority imposed by ordinance on such renters, but was not intended to allow rental firms to impose their own surcharges on renters, even if those surchargers were related to airport fees. Indeed, as noted above, the concession *recovery* fee that car rental firms charge their customers is not a fee paid to the airport, but rather is imposed by and paid to the car rental firms themselves to reimburse them for part of their overhead. Moreover, at the time the above statute was adopted and for at least six years thereafter, Defendants did not charge "concession recovery fees" to persons who rented at airports in Nevada (or elsewhere).

18. When the statute was enacted, however, Clark County Ordinance 1131 imposed an *access fee directly on car renters* (as distinct from the concession fee that the airport imposed on the rental firms) who arrived at the airport and were picked up by an off-airport car rental firm that did not have a concession agreement with the airport. It stated in pertinent part as follows:

> Effective April 1, 1989, ground transportation companies and hotels or motels providing or operating courtesy vehicles on any airport property *and not otherwise governed by [a] concession or lease agreement* . . . [i.e., companies that were not on the airport] shall pay the following rates, charges and fees at the Airport:
>
> . . . .
>
> (e)   Rental car ground transportation companies or operators *shall collect and pay an Airport access fee* of three dollars ($3.00) for each contract written for vehicle rental to customers picked up at the Airport and transported from Airport Property.

Ordinance 1131 at pp. 2-3 (March 7, 1989) (emphasis added).

19. Notably, this Ordinance required the off-airport rental companies to collect the access fee from the customer. By contrast, until 1996, the Concession Agreements between McCarran and the on-airport car rental firms expressly precluded those companies from passing through an unbundled surcharge to recoup the concession fees they were required to pay to the

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

CLASS ACTION COMPLAINT [VIOLATIONS OF NRS § 482.31575
AND THE DECEPTIVE TRADE PRACTICES ACT]
PAGE 6

airport. It stated in pertinent part as follows: "Concessionaire will not be allowed to list concession fees payable to County as a separate item on its customer's rental contracts or invoices." 1994 Operating Agreement at § 1.6.1.5. That provision remained in effect until 1996, when the rental car firms successfully lobbied the Airport Authority to drop that provision of the Concession Agreement.

## V.

## CLASS ACTION ALLEGATIONS

20. Plaintiffs bring this class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who rented a car at a Nevada airport from one or more of the defendant companies and were charged a base car rental rate as well as a separate concession recovery fee or comparable fee during the period from October 13, 2003 through the time of trial in this action (the "Class").

21. Excluded from the Class are the Defendants herein, any person, firm, trust, corporation, officer, director or other individual or entity in which any of the Defendants have a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are Plaintiffs' counsel and all judicial officers responsible for any decisions in this matter.

22. The Class is so numerous that joinder of all members is impracticable. Plaintiffs estimate that there are more than one hundred thousand class members.

23. Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have no interests which are contrary to or in conflict with those of the Class members they seek to represent. Plaintiffs have retained competent counsel, experienced in complex class action litigation, to further ensure such protection, and they intend to prosecute this action vigorously.

24. Plaintiffs' claims are typical of the claims of the other members of the Class as their claims and damages arise from and were caused by the same unlawful course of conduct.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

CLASS ACTION COMPLAINT [VIOLATIONS OF NRS § 482.31575
AND THE DECEPTIVE TRADE PRACTICES ACT]
PAGE 7

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. Plaintiffs know of no difficulty that will be encountered in the management of this litigation by this Honorable Court that would preclude its maintenance as a class action.

26. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are the following:

    a. Whether Defendants have charged car rental fees that are prohibited by N.R.S. § 482.31575;

    b. The appropriate measure of damages to redress such improper charges;

    c. Whether Plaintiffs and the Class are entitled to restitution and injunctive relief; and

    d. Whether Defendants' conduct also violated Nevada's Deceptive Trade Practices Act.

27. Proper and sufficient notice of this action may be provided to Class members through normal methods of direct mail, e-mail, and publication notice. Plaintiffs do not foresee any difficulties in the management of this case as a class action.

### FIRST CAUSE OF ACTION

**(Against All Defendants pursuant to N.R.S. § 482.31575)**

28. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth here and further allege as follows.

29. Throughout the Class Period, defendants violated N.R.S. § 482.31575 by quoting and charging Plaintiffs and the Class improper surcharges – specifically, by tacking on to the base rate airport concession recovery fees, which are prohibited by the statute.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

CLASS ACTION COMPLAINT [VIOLATIONS OF NRS § 482.31575
AND THE DECEPTIVE TRADE PRACTICES ACT]
PAGE 8

30. As a direct and proximate result of Defendants' violation of Section 482.31575, Plaintiffs and the Class have suffered damages in an amount to be proven at trial. They bring this action to recover damages and to obtain equitable relief for the violations.

## SECOND CAUSE OF ACTION

**(Against All Defendants Violations of Nevada's Deceptive Trade Practices Act)**

31. Plaintiffs and the Class incorporate by reference all preceding paragraphs as if fully set forth here and further allege as follows:

32. N.R.S. 598.0915(13) prohibits "mak[ing] false or misleading statements of fact concerning the price of goods or services for sale or lease, or the reasons for, existence of or amounts of price reductions." By advertising lower base rates and misleading car renters to believe that the "airport concession recovery fee" is a charge imposed by the airport, rather than by them, the Defendants have been able to charge Plaintiffs a materially higher total rate than they could otherwise charge, in violation of N.R.S. 598.0915(13).

33. N.R.S. 598.0917(3) prohibits "requiring other sales or other undisclosed conditions to be met before selling or leasing the advertised goods or services." By quoting and charging a base rental rate *and*, in addition, a separate airport concession recovery fee, Defendants have imposed surcharges on their customers. This has been merely a means for Defendants to bill separately for a part of their overhead and is an undisclosed prerequisite to making the sale for the base rental rate as advertised. This practice has misled the Plaintiffs and is in violation of N.R.S. 598.0917(3).

34. N.R.S. 598.092(5)(C) prohibits "mak[ing] any untrue statement of a material fact or omit[ting] to state a material fact which is necessary to make another statement, considering the circumstances under which it is made, not misleading." By advertising lower base rates and misleading car renters to believe that the "airport concession recovery fee" is a charge imposed by the airport, rather than by them, the Defendants have been able to mislead the Plaintiffs into paying a materially higher total rate than they were lead to believe from the advertisement. This practice violates N.R.S. 598.092(5)(C).

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

CLASS ACTION COMPLAINT [VIOLATIONS OF NRS § 482.31575 AND THE DECEPTIVE TRADE PRACTICES ACT]
PAGE 9

35. As a direct and proximate result of Defendants' violation of the Deceptive Trade Practices Act, Plaintiffs and the Class have suffered damages in an amount to be proven at trial. They bring this action to recover damages and obtain equitable relief for the violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the representative Plaintiffs demand judgment individually and on behalf of the Class as follows:

A. Determining that the instant action is a proper class action maintainable under Rule 23, FRCP, and designating Plaintiffs as class representatives and their counsel as counsel for the Class;

B. Awarding damages against Defendants and in favor of the representative Plaintiffs and all members of the Class in the full amount of the injuries determined to have been sustained by them;

C. Awarding Plaintiffs and the Class restitution of any improper charges as well as appropriate equitable relief, specifically including a preliminary and permanent injunction prohibiting Defendants from quoting and or charging any of the fees prohibited by Section 482.31575; and

D. Awarding Plaintiffs and members of the Class the costs of this suit, including reasonable attorneys' fees, experts' fees and other disbursements; and such other and further relief as may be just and proper.

Dated: Friday, October 13, 2006.

                                    ROBERTSON & BENEVENTO

                                    By:  /S/ G. David Robertson
                                         G. David Robertson, Esq.
                                         Attorneys for Plaintiff

OF COUNSEL:

| | |
|---|---|
| David B. Zlotnick, Esq., CA SBN 195607 | Susan S. Thomas, Esq. |
| LAW OFFICES OF DAVID B. ZLOTNICK | BERGER & MONTAGUE, P.C. |
| 625 Broadway, Suite 635 | 1622 Locust Street |
| San Diego, CA 92101 | Philadelphia, PA 19103 |
| TEL: (619) 232-0331 | TEL: (215) 875-3000 |
| FAX: (619) 232-4019 | FAX: (215) 875-4636 |

COUNSEL FOR PLAINTIFFS AND THE CLASS

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

CLASS ACTION COMPLAINT [VIOLATIONS OF NRS § 482.31575
AND THE DECEPTIVE TRADE PRACTICES ACT]
PAGE 10