1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                     * * *

9   JANET SOBEL, DANIEL DUGAN, Ph.D.,     )
    and LYDIA LEE, individually and on behalf of )
10  all others similarly situated,              )            03:06-CV-00545-LRH-VPC
                                                )
11                     Plaintiffs,              )
                                                )
12   v.                                         )            ORDER
                                                )
13  THE HERTZ CORPORATION, a Delaware           )
    corporation; and, ENTERPRISE RENT-A-        )
14  CAR COMPANY, a Missouri corporation,        )
                                                )
15                     Defendants.              )
                                                )
16  _____    )

17          Presently before the court is The Hertz Corporation's ("Hertz") Motion to Dismiss (# 12[1]).

18  Plaintiffs, Janet Sobel, Daniel Dugan Ph.D. and Lydia Lee (collectively, "Plaintiffs"), have filed an

19  opposition (# 17), and Hertz replied (# 20).

20  **I. Factual Background**

21          The factual background concerning this action is uncomplicated.  Plaintiffs are persons who

22  have rented cars at airports in the state of Nevada.  Defendants, Hertz and Enterprise Rent-A-Car

23  Company, are national rental car companies that transact business in the state of Nevada.  In order

24  to operate at Nevada airports, Defendants agree to pay concession fees, which appear to be 10

25

26  _____
            [1]Refers to the court's docket number.

1  percent of gross revenues received by them in their respective operations at the Reno-Tahoe

2  International Airport and the McCarran International Airport.  Defendants recover these fees from

3  their customers as surcharges to their base rental rates.  Since the mid-to-late 1990s, Defendants

4  have "unbundled" the surcharge from their base rental rates.  In other words, the base rental rate

5  advertised and quoted to customers does not include the separate airport "concession recovery fee"

6  that Defendants charge customers.  The dispute in this case revolves around whether section

7  482.31575 of the Nevada Revised Statutes permits Defendants to charge customers a separate

8  concession recovery fee that is not included in the price advertised and quoted to customers.

9  **II.  Legal Standard**

10  In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken

11  as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'Ship v.*

12  *Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, a court

13  does not necessarily assume the truth of legal conclusions merely because they are cast in the form

14  of factual allegations in a plaintiff's complaint.  *See Clegg v. Cult Awareness Network*, 18 F.3d

15  752, 754-55 (9th Cir. 1994).

16  There is a strong presumption against dismissing an action for failure to state a claim.  *See*

17  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  "The issue is

18  not whether a plaintiff will ultimately prevail but whether [he] is entitled to offer evidence in

19  support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*

20  *by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).  A plaintiff's obligation to provide the grounds

21  of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the

22  elements of the cause of action.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

23  "Factual allegations must be enough to raise a right to relief above the speculative level on the

24  assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. (internal

25  citations omitted).

26

2

**III. Discussion**

    **A. Section 482.31575**

    Plaintiffs' first cause of action alleges a violation of section 482.31575 of the Nevada Revised Statutes.  Section 482.31575 governs what amount car rental companies must advertise and quote customers.  It provides the following:

> A short-term lessor shall advertise, quote and charge a rate for leasing a passenger car that includes the entire amount except the taxes, any fees paid to airports and any charges for mileage, that a short-term lessee must pay to lease the car for the period to which the rate applies.

Nev. Rev. Stat. § 482.31575.  Both parties argue that the meaning of section 482.31575 is plain and unambiguous.  "It is well established that when the language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself."  *Nelson v. Heer*, 163 P.3d 420, 425 (Nev. 2007) (citations and internal quotations omitted).  "An ambiguous statute, however, which 'is capable of being understood in two or more senses by reasonably informed persons,' or one that otherwise does not speak to the issue before the court, may be examined through legislative histories, reason, and considerations of public policy to determine the Legislature's intent."  *Id.* (quoting *McKay v. Bd. of Supervisors*, 730 P.2d 438, 442 (Nev. 1986)).

    The court finds that section 482.31575 is an ambiguous and poorly-drafted statute that is capable of being understood in two or more senses.  The ambiguity is reflected by the parties' positions in this case.  Plaintiffs contend that "any fees paid to airports" is limited to fees that are directly charged to rental car customers by airports.  Hertz contends that the exception for "any fees paid to airports" includes the fees it pays to airports, which are then surcharged to the customer.

    The ambiguity of this statute arises in several ways.  First, does the term "any fees paid to airports" refer to fees paid to airports by customers, fees paid to airports by the on-airport rental car companies, or does it apply to both?  Second, does the final dependent clause in section 482.31575

1  that reads, "that a short-term lessee must pay to lease the car for the period to which the rate

2  applies" apply to the three statutory exceptions (taxes, airport fees, mileage) or does it only apply to

3  the language preceding the exceptions (amount of the lease without taxes, airport fees, mileage

4  charges)?  These ambiguities require the court to consider the intended meaning of words within

5  section 482.31585 as well as legislative intent underlying the statute.

6          Section 482.31585 was enacted in 1989 as part of Assembly Bill No. 612.  The legislative

7  history of that bill indicates that it was designed primarily for the protection of consumers.  (Pls.'

8  Request for Judicial Notice (#18), May 9, 1989, Minutes of the Nevada State Legislature, Ex. A at

9  11.)  Relying upon the protection of consumer purpose underlying this legislation, the court

10  concludes that the legislature intended that the words "any fees paid to airports"  be used and

11  understood as any fees paid directly to airports by short-term lessees.   The concession recovery fee

12  assessed by Hertz is not a fee that is imposed by the airport on the customer.  Rather, it represents

13  the rental car company's cost of doing business for the advantage of operating on the airport.  What

14  the rental company chooses to contract for with the airport is a contract obligation of the company

15  alone; it does not constitute a fee for which the short-term lessee is responsible.  The amount of the

16  surcharge is arbitrarily determined by the on-airport rental company, and it represents nothing more

17  than a recoupment of an ordinary operating expense voluntarily assumed by the rental company.

18  Thus, the airport fee surcharge is not an airport fee.  Rather, it is a surcharge for an operating

19  expense of the rental company.

20          And, the court further finds the legislature intended that the final dependent clause in

21  section 482.31575, which reads, "that a short-term lessee must pay to lease the car for the period to

22  which the rate applies" applies to the three statutory exceptions (taxes, airport fees, mileage).  Thus,

23  the legislative intended that fees paid to airports be those fees that the *short-term lessee must pay*.

24  By using the "must pay" language, the legislature was concerned about fees imposed directly upon

25  the customer by the airports over which the leasing company would have no control.  Such fees

26

4

would be reasonably anticipated by the consuming public whereas the same public would be unlikely to anticipate that an ordinary operating expense of the rental company would be exempt from disclosure in the advertised and quoted rental amount.  Particularly in light of the size of the surcharge by the on-airport leasing companies, which appears to be upwards of 10 percent of the rate advertised and quoted, a reasonable consumer would expect that such an operating expense would be included within a company's advertised rental rate.

Legislative intent can also be gleaned from a review of the structure and nature of the three exceptions in the statute.  Both taxes and mileage charges would apply only to those amounts that are assessed directly upon the car rental customer.  It would be inconsistent to assume that the legislature intended that the exception for fees paid to airports would include the charges of the on-airport rental car companies that are not assessed against individual rental car customers by the airport.

The Nevada Legislature was also likely aware of public policy in support of full disclosure of rental rates by the rental car industry when it enacted section 482.31585.  In 1989, shortly before section 482.31585 was enacted, the National Association of Attorneys General ("NAAG") issued a report on car rental industry advertising and practices.  (Pls.' Request for Judicial Notice (#18), Final Report and Recommendations of the NAAG, Ex. B.)  A Task Force of states was appointed to study the advertising and business practice of the car rental industry to determine the extent and nature of any potential unfair or deceptive practices.  The Task Force ultimately issued guidelines that "provide a fair, effective and workable means of eliminating consumer dissatisfaction and confusion concerning the advertising and business practices of the car rental industry." *Id*. at 5.  Guideline 2.5 of the report states, "[A]ny surcharge or fee that consumers must generally pay at any location in order to obtain or operate a rental vehicle must be included in the total advertised price of the rental." *Id*. at 11.  The report further states that "the Task Force is extremely concerned about the growing practice of 'unbundling' or subtracting certain mandatory charges from the

5

1  advertised price for the purpose of making the cost of the rental appear less than it actually is." *Id*.

2  at 12.

3      Thus, the language of the statute combined with considerations of public policy indicate

4  that the legislature intended section 482.31585 to require automobile rental companies to advertise

5  and quote the entire amount the customer must pay to rent an automobile with the exception of

6  taxes, airport fees, and mileage charges that are imposed directly upon the customer.  In

7  conformance with the statute, the on-airport rental company may not surcharge its customers above

8  advertised and quoted base rates for operating expenses representing concession fees paid to

9  Nevada airports.   The Nevada Legislature intended those expenses to be included within the full

10  rental amount advertised and quoted by the company.

11      Hertz argues that this reading of the statute is incorrect because it is inconsistent with the

12  vehicle leasing statutory scheme.  The court disagrees.  First, Hertz argues that the legislature

13  acknowledged the existence and propriety of the concession recovery fee in section 482.313(1)(b).

14  Section 482.313(1)(b) permits a short-term lessor to "charge and collect from the short-term lessee

15  a recovery surcharge not to exceed 4 percent of the total amount for which the passenger car was

16  leased, excluding the items described in subsection 8, as reimbursement for vehicle licensing fees

17  and taxes paid by the short-term lessor."  Nev. Rev. Stat. § 482.313(1)(b).  In calculating 4 percent

18  of the "total amount," section 482.313(1)(b)(8) requires that certain items be excluded in that

19  calculation.  Section 482.313(1)(b)(8)(g) excludes "[t]he amount of any concession fee or charge

20  that the short-term lessor . . . (1) [i]s required to pay to do business at an airport, if applicable; and

21  (2) [p]asses on to the short-term lessee of the passenger car."  Nev. Rev. Stat. §482.313(1)(b)(8)(g).

22  Thus, section 482.313(b)(8)(g) provides that short-term lessors may not include airport concession

23  fees in calculating the recovery surcharge.  However, nothing in the section indicates that the

24  legislature has approved of Defendants' practice of not including the concession recovery fee in its

25  advertised price.

26

1    Hertz also argues that section 482.3158 is inconsistent with the court's construction of

2    section 482.31575.  Section 482.3158(1) lists additional charges that a short-term lessor may

3    impose.  The fees listed all relate directly to the lessee and none relate to contract charges that are a

4    product of the lessor's obligation to the airport.  Section 482.3158(2) lists additional charges that a

5    short-term lessor may not impose on a short-term lessee.  Because the legislature did not include

6    airport concession fees in section 482.3158(1), Hertz asserts that the legislature intended to allow

7    such charges.  The court does not agree and finds no inconsistency between section 482.3158(1)

8    and the court's interpretation of section 482.31575.  The issue before the court is not whether

9    airport concession fees may be charged to customers, the issue is whether such charges must be

10   reflected within the rate advertised and quoted to customers.  Thus, section 482.3158 is not

11   inconsistent with the court's interpretation of section 482.31575.

12   **B.  Deceptive Trade Practices Act**

13   Plaintiffs' second cause of action alleges that Defendants violated Nevada's Deceptive

14   Trade Practices Act ("DTPA").  Plaintiffs argue that Defendants misrepresent their base rate by

15   separately charging the concession recovery fee.  As a result, Plaintiffs argue that the complaint has

16   set forth a prima facie case for seven deceptive trade practices.  Hertz, on the other hand, argues

17   that it did not violate the DTPA because its conduct was in compliance with section 482.31575.

18   Alternatively, Hertz argues that it did not mislead consumers because it quotes and charges both a

19   base rate and a separate airport concession fee to its customers.

20   At this stage in the proceedings, Plaintiffs have sufficiently alleged violations of the DTPA.

21   However, the circumstances of the alleged deceptive practices are currently unknown to the court

22   and likely disputed by the parties.  For example, Hertz argues that Plaintiffs have not disputed that

23   they were informed of all mandatory charges before they leased vehicles from Hertz.  At this time,

24   it is unclear whether or not such charges were disclosed or in what manner they were disclosed.  In

25   addition, several sections of the DTPA require a showing of intent.  Nev. Rev. Stat. §§

26                                                          7

598.0915(9), 598.0915(15), 598.092(8), 598.0923(2).  Evidence regarding intent is not currently before the court.  Nevertheless, the complaint sufficiently alleges that Hertz's conduct was deceptive and that Hertz acted with the necessary intent.  Whether Hertz's conduct was actually deceptive or whether there is evidence of intent are questions that may be resolved on a motion for summary judgment after discovery is complete or, if the facts are disputed, at trial.

IT IS THEREFORE ORDERED that Hertz's Motion to Dismiss (# 12) is hereby DENIED.

IT IS SO ORDERED.

DATED this 13th day of September, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE