```
                    UNITED STATES DISTRICT COURT

                         DISTRICT OF NEVADA

                                * * *
```

| | |
|---|---|
| JANET SOBEL, DANIEL DUGAN, PhD., and LYDIA LEE, individually and on behalf of all others similarly situated, | ) ) ) ) 03:06-CV-00545-LRH-VPC |
| Plaintiffs, | ) ) <u>ORDER</u> |
| v. | ) ) |
| THE HERTZ CORPORATION, a Delaware corporation; and, ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation, | ) ) ) ) |
| Defendants. | ) ) ) |

On September 13, 2007, this court issued an order (# 22[1]) denying the Hertz Corporation's ("Hertz") motion to dismiss. In ruling on Hertz's motion to dismiss, this court was required to interpret section 482.31575 of the Nevada Revised Statutes. Specifically, the court determined that section 482.31575 does not allow rental car companies to separately charge rental car customers an airport concession recovery fee. (September 13, 2007, Order (# 22).)

On September 24, 2007, Hertz filed a motion (# 23) seeking certification of the state law question to the Nevada Supreme Court or, alternatively, to certify the court's order for immediate interlocutory appeal. On November 29, 2007, the parties filed a stipulation and proposed order to

---

[1]Refers to the court's docket number.

1   certify the state law question to the Ninth Circuit Court of Appeals.

2       Section 1292(b) of the United States Code provides,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). In this case, the court will approve the parties' stipulation and makes the following additional findings. The court's September 13, 2007, Order (# 22) involves a controlling question of law concerning the interpretation of Section 482.31575 of the Nevada Revised Statutes. Furthermore, due to the ambiguity in section 482.31575, the court finds that there is substantial ground for a difference of opinion as to the interpretation of that section. Finally, the court finds that an immediate appeal may materially advance the ultimate termination of the litigation as a final ruling with respect to the interpretation of section 482.31575 will resolve the vast majority of the present action.

    IT IS THEREFORE ORDERED that the court will approve the Stipulation and Proposed Order (# 32).

///
///
///
///
///
///
///

1    IT IS FURTHER ORDERED that Hertz's Motion for Certification Pursuant to Nev. R.
2  App. P. 5 or, in the Alternative, Certification Pursuant to 28 U.S.C. § 1292(b) (# 23) is hereby
3  DENIED as moot.
4    IT IS SO ORDERED.
5    DATED this 5th day of December, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3