**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JANET SOBEL, DANIEL DUGAN, Ph.D., LYDIA LEE, AND MARK SINGER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE HERTZ CORPORATION, a Delaware corporation, ENTERPRISE LEASING COMPANY-WEST, LLC, a Delaware LLC, and VANGUARD CAR RENTAL USA, LLC, a Delaware LLC,<br><br>    Defendants. | CASE No.: 3:06-cv-00545 LRH-RAM<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS |

WHEREAS a putative class action is currently pending before the court entitled *Janet Sobel, Daniel Dugan, Ph.D., Lydia Lee, and Mark Singer vs. The Hertz Corporation, Enterprise Leasing Company-West, LLC, and Vanguard Car Rental USA, LLC*, (the "Litigation");

WHEREAS, the Court has reviewed Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Approval of the Form of Notice, and the Memorandum in Support, including all supporting exhibits, filed on October 5, 2010 ("Plaintiffs' Motion"); and has reviewed the Settlement Agreement (the "Settlement Agreement") and exhibits thereto, attached to Plaintiffs' Motion (collectively, the "Settlement Documents" or the "Settlement");

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation with The Hertz Corporation, Enterprise Leasing Company-West, LLC, and Vanguard Car Rental USA, LLC (collectively, "Defendants"), in accordance with the terms and conditions set forth in the Settlement Documents for a proposed settlement of the Litigation, and for dismissal with prejudice of the Litigation with respect to

Defendants upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Documents and the briefing on class certification for settlement purposes; and,

WHEREAS, except where otherwise defined herein, all capitalized terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby certifies a settlement class, in connection with and solely for purposes of settlement, defined as follows: Settlement Class means all renters who were charged one or more Airport Concession Recovery Fee(s) by:

(a) Hertz for car rentals from Hertz at either the Reno-Tahoe International Airport or the Las Vegas McCarran International Airport from October 13, 2003 through September 30, 2009, including renters who were charged one or more Airport Concession Recovery Fee(s) by Advantage Rent-a-Car for car rentals at the Reno-Tahoe International Airport from July 1, 2009 through September 30, 2009; or

(b) Enterprise for car rentals from Enterprise Rent-A-Car at either the Reno-Tahoe International Airport or the Las Vegas McCarran International Airport from June 3, 2004 through September 30, 2009; or

(c) Vanguard for car rentals from Vanguard, doing business as Alamo, at either the Reno-Tahoe International Airport or at the Las Vegas McCarran International Airport from June 3, 2007 through September 30, 2009; or

(d) Vanguard for car rentals from Vanguard, doing business as National, at either the Reno-Tahoe International Airport or the Las Vegas McCarran International Airport from June 3, 2007 through September 30, 2009.

2. Excluded from the Class are Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which Defendants have a controlling interest or which is related to or affiliated with Defendants, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party. Also

2

excluded from the Class are Plaintiffs' Counsel and all judicial officers responsible for any decisions in this matter.

3. The Court finds that, in connection with the settlement, and based on Plaintiffs' Motion and the briefing on class certification for settlement purposes and all exhibits thereto:

(a) The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirements of Rule 23(a)(1);

(b) There are questions of law or fact common to the Settlement Class, satisfying the requirements of Rule 23(a)(2);

(c) The claims of the Plaintiffs are typical for settlement purposes of the claims of the Settlement Class, satisfying the requirement of Rule 23(a)(3);

(d) The Plaintiffs, as representative parties, will fairly and adequately protect the interests of each member of the Settlement Class, satisfying the requirement of Rule 23(a)(4);

(e) Janet Sobel, Daniel Dugan, Ph.D., Lydia Lee and Mark Singer are hereby appointed as class representatives of the Settlement Class;

(f) The Court hereby appoints the Law Office of David Zlotnick; Berger & Montague, P.C.; and Robertson & Benevento as Class Counsel, having determined that the requirements of Rule 23 of the Federal Rules of Civil Procedure are fully satisfied by their respective appointments;

(g) Questions of law and fact common to the members of the Settlement Class, considered in the context of and in light of the settlement, predominate over questions affecting only individual members, and a class action is superior to other methods available for the fair and efficient settlement of the controversy, satisfying the requirements of Rule 23(b)(3).

4. Notice of the pendency of the Litigation and the proposed Settlement shall be provided to the Settlement Class as specified in the Court's Order Granting Preliminary Approval of Class Action Settlement, filed herewith. Any Settlement Class

member may elect not to be part of the Settlement Class and not to be bound by the Settlement Agreement, as set forth in the Class Notice.

5. The certification of the Settlement Class is contingent on and for the purposes of settlement only. If the Settlement does not become final for any reason, Plaintiffs and Defendants shall be restored to their respective positions as if no settlement agreement had been reached. Moreover, if the Settlement does not become final for any reason, Defendants shall not have waived any objections they may have or may have asserted to the certification of any class.

IT IS SO ORDERED

DATED this 23rd day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4