**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JANET SOBEL, DANIEL DUGAN, Ph.D., LYDIA LEE, AND MARK SINGER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE HERTZ CORPORATION, a Delaware corporation, ENTERPRISE LEASING COMPANY-WEST, LLC, a Delaware LLC, and VANGUARD CAR RENTAL USA, LLC, a Delaware LLC,<br><br>    Defendants. | CASE No.: 3:06-cv-00545 LRH-RAM<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND APPROVAL OF THE FORM OF NOTICE |

WHEREAS, the Court has reviewed: (1) Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Approval of the Form of Notice, and the Memorandum in Support, including all supporting exhibits, filed on October 5, 2010 ("Plaintiffs' Motion") (Doc 123); (2) the Settlement Agreement and exhibits thereto (the "Settlement Agreement"), submitted with Plaintiffs' Motion (Doc 123); (3) Defendants' Memoranda in Support of Preliminary Approval of the Proposed Settlement (Docs 125 & 127); and the Declaration of the Honorable Ronald M. Sabraw (Ret.) the mediator who helped the parties reach the proposed settlement (Doc 125-1) (collectively, the "Settlement Documents" or the "Settlement");

WHEREAS, Plaintiffs have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation with The Hertz Corporation, Enterprise Leasing Company-West, LLC, and Vanguard Car Rental USA, LLC (collectively, "Defendants"), in accordance with the terms and conditions set forth in the Settlement Documents for a proposed settlement of the Litigation, and for dismissal with prejudice of the Litigation with respect to Defendants upon the terms and

conditions set forth therein; and the Court having read and considered the Settlement Documents;

WHEREAS, all parties have consented to the terms of this Order; and,

WHEREAS, except where otherwise defined herein, all capitalized terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Upon review of the record and the Settlement Documents, the Court finds that the proposed Settlement was arrived at through arm's length negotiations by highly experienced counsel after four years of litigation and after extended mediation conducted by an experienced, outside mediator, the Hon. Ronald Sabraw (Ret.); and that the proposed Settlement appears to fall within the range of acceptable settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

2. As provided by the Settlement Agreement, Plaintiffs have filed a consolidated Second Amended Complaint (Doc. 133), substantially in the form attached to the Settlement Agreement as Exhibit C.

3. Pursuant to 28 U.S.C. §1715, Defendants have served the United States Department of Justice and the Attorney General of each State and United States territory with the documents and information required by that statute (Docs. 125-2 and 127-1).

4. On or before February 7, 2011, Defendants shall cause copies of the Settlement Class Notice, substantially in the form attached hereto (as Revised Exhibit B to Settlement Agreement), to be sent by e-mail or by standard U.S. mail, postage prepaid, at Defendants' discretion, to all Settlement Class Members, to the extent that they can be identified with reasonable diligence, all as set forth in the Settlement Agreement.

5. The foregoing forms of Settlement Class Notice, and the notice plan as set forth in Section 3.2 of the Settlement Agreement consisting of either e-mail or standard mail notice to all Settlement Class Members and of establishment of a case-specific

2

website are hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

6. Pursuant to the Settlement, the costs of notice and administration of the Settlement shall be paid by Defendants.

7. Class Counsel shall file their motion for final approval of the Settlement and their fee application and any motion for incentive awards on or before March 24, 2011. Defendants may submit papers in support of final approval at any time on or before April 4, 2011.

8. As described in the Class Notice, any Settlement Class Member may opt out of the Settlement Class by mailing a request for exclusion to Class Counsel postmarked on or before April 8, 2011. Persons or entities that request exclusion from the Settlement Class shall not be entitled to share the benefits of Settlement, nor be bound by any judgment, whether favorable or adverse.

9. Any Settlement Class Member who does not properly and timely mail a request for exclusion as set forth above shall be included in the Settlement Class and shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such member of the Settlement Class shall have objected to the Settlement and whether or not such member of the Settlement Class makes a claim upon or participates in the Settlement.

10. Any and all Objections to the Settlement and/or the fee application must be post-marked on or before April 8, 2011.

11. Any reply papers in support of the Settlement, incentive awards, and fee application, including responses to objections made by Settlement Class members, must be filed on or before April 28, 2011.

12. The Court will hold a final Fairness Hearing on May 17, 2011 at 10 a.m. in Courtroom 5 at the United States District Court for the District of Nevada (Reno), to consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) Class Counsel's fee petition; and (c) Plaintiffs' application for incentive awards.

13. Any Settlement Class Member who has not mailed a timely Request for Exclusion to Class Counsel may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement, the fee petition and incentive award, or plan of allocation. Any such person may be heard by filing with the Court written objections and a notice of intent to appear, post-marked by April 8, 2011, and delivered by hand or first class mail to:

> Clerk of the Court
> United States District Court for the District of Nevada
> 400 S. Virginia Street
> Reno, NV 89501
> Attn: Sobel, et al., v. The Hertz Corp., et al., No. 3:06-cv-00545 LRH-RAM

with copies to Counsel of Record, as provided in the Settlement Class Notice.

14. Any Settlement Class Member who does not make his or her objection in the manner and by the time provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Settlement Agreement, to the application for incentive awards, or to the award of attorneys' fees and expenses to Class Counsel, unless otherwise ordered by the Court. The manner in which a notice of objection shall be prepared, filed, and delivered shall be stated in the Settlement Class Notice.

15. The date and time of the Fairness Hearing shall be set forth in the Settlement Class Notice, but shall be subject to change by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website and the website created for the administration of the

Settlement by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class Members.

16. Settlement Class Members shall submit their Registration Forms no later than sixty (60) days after the date set for the Fairness Hearing in the Settlement Class Notice.

17. In the event that the proposed settlement as provided in the Settlement Agreement is not approved by the Court, or entry of a Settlement Order and Judgment as provided in the Settlement Agreement does not occur for any reason, then the Settlement Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by the Court in connection therewith shall become null and void. In such event, the Settlement Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of any and all parties thereto, who shall be restored to their respective positions as of the date of the execution of the Settlement Agreement.

18. In accordance with the Settlement Agreement, neither the agreement itself, nor any and all of the negotiations, statements, and proceedings in connection therewith, shall be construed or deemed to be evidence of an admission or concession on the part of Plaintiffs, any Defendant, any of the Released Parties, any Settlement Class Member, or any other person of the truth of any of the allegations in the Litigation and of any liability, fault or wrongdoing of any kind.

IT IS SO ORDERED

DATED this 23rd day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE