G. David Robertson, Esq. (SBN 1001)
Jarrad C. Miller, Esq. (SBN 7093)
ROBERTSON & BENEVENTO
50 West Liberty Street, Suite 600
Reno, Nevada 89501
Telephone: (775) 329-5600
Facsimile: (775) 348-8300
gdavid@nvlawyers.com
jarrad@nvlawyers.com
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JANET SOBEL, DANIEL DUGAN, PhD., and LYDIA LEE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE HERTZ CORPORATION, a Delaware corporation; and, ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation,<br><br>Defendants.<br>_____/ | Case No.: 3:06-cv-00545 LRH-RAM<br><br>**PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS TO THE CLASS REPRESENTATIVES FOR THEIR EFFORTS ON BEHALF OF THE CLASS; MEMORANDUM IN SUPPORT** |

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS TO THE CLASS REPRESENTATIVES FOR THEIR EFFORTS ON BEHALF OF THE CLASS; MEMORANDUM IN SUPPORT
PAGE 1

## MOTION

Contingent upon the Court approving the proposed settlement of this matter, Plaintiffs and Settlement Class Representatives Janet Sobel, Daniel Dugan, Ph.D., Lydia Lee, and Mark Singer ("Plaintiffs," "Representative Plaintiffs," or "Settlement Class Representatives") respectfully move the Court for an award of counsel fees and reimbursement of expenses in the total amount of $1,440,000, to be paid by Defendants. Plaintiffs also move for incentive awards in the total amount of $20,000, to be paid by Defendants to Plaintiffs Sobel ($7,500), Dugan ($7,500), Lee ($3,000), and Singer ($2,000).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs respectfully submit this Memorandum in Support of their Motion for an Award of Attorneys' Fees and Costs, as well as Incentive Awards to the named Plaintiffs, in connection with the settlement of this class action litigation. Defendants, The Hertz Corporation ("Hertz"), Enterprise Leasing Company – West, LLC ("Enterprise"), and Vanguard Car Rental USA, LLC ("Vanguard") (collectively, "Defendants") have agreed not to oppose an award of attorneys' fee and costs up to $1,440,000, as well as incentive awards in the total amount of $20,000 for Representative Plaintiffs Sobel, Dugan, Lee, and Singer. Notably, Defendants have agreed to pay such awards in addition to the other settlement consideration; *hence, the award will not reduce the Class' recovery*. For the reasons stated below, Plaintiffs request that this Court award the requested attorney fees and reimbursement of expenses, as well as the requested incentive awards to the Representative Plaintiffs.

### II. THE LITIGATION AND PROPOSED SETTLEMENT

The history of this litigation and the terms of the settlement are set forth at length in the concurrently-filed Joint Declaration of Class Counsel and in the Memorandum in Support of Final Approval of the Proposed Settlement, and will thus not be repeated here. For present purposes, the salient additional facts are that the parties agreed upon the basic settlement terms prior to any negotiations regarding fees and that Defendants negotiated the fee amount and have

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS TO THE CLASS REPRESENTATIVES FOR THEIR EFFORTS ON BEHALF OF THE CLASS; MEMORANDUM IN SUPPORT
PAGE 2

1  agreed to pay counsel's fees and costs and the incentive awards in the amounts requested in
2  addition to the consideration being given to the Class.
3  　　　　On June 4, 2010, counsel for all parties participated in a full day mediation before the
4  Honorable Ronald M. Sabraw (Ret.), a retired Judge of the California Superior Court who has
5  had substantial experience with complex litigation.  With Judge Sabraw's assistance, the parties
6  eventually reached agreement on basic settlement terms.  Only at that point did the parties
7  discuss an award of attorneys' fees and incentive awards, which they also eventually agreed upon
8  with Judge Sabraw's assistance. In short, only after all material settlement terms had been agreed
9  to for the benefit of Class members did the parties then negotiate a fair amount to compensate
10 counsel for the time and costs they incurred in prosecuting the case.  In that regard, NRS Section
11 482.31585 expressly provides that the prevailing party in an action brought to obtain redress for
12 violations of NRS Section 882.31575, the statute at issue here, "is entitled to recover reasonable
13 attorney's fees and costs."   The parties agreed that, given the structure of the settlement, and in
14 lieu of petitioning for a statutory award of fees, Class counsel were entitled to payment of fees
15 and costs from Defendants in addition to the benefits to be provided to the class.  Rather than
16 litigate over the amount of such fees, the parties attempted to settle it.
17 　　　　At the mediation, Plaintiff's counsel supplied Defendants' with a figure representing the
18 costs they had incurred and their "lodestar,"  reflecting the total number of hours they had billed
19 multiplied by their normal hourly rates, and the costs they had incurred, which at that time
20 totaled  $1,250,000.  Defendants' counsel conceded that since Class counsel had undertaken the
21 case on a contingency basis and would be required to provide further services prior to
22 consummation of the settlement, an amount somewhat in excess of counsel's then-current
23 lodestar was warranted.  The parties also discussed the reasonableness of Class counsel's lodestar
24 in light of the substantial efforts that had been undertaken during the litigation.  Eventually, all
25 parties agreed that Defendants would not object to an award of attorneys' fees and costs that did
26 not exceed an aggregate of $1,440,000, subject to review and approval by the Court after notice
27 and the right to object was given to all class members.
28

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS TO THE CLASS REPRESENTATIVES FOR THEIR EFFORTS ON BEHALF OF THE CLASS; MEMORANDUM IN SUPPORT
PAGE 3

1  The parties also agreed that given the efforts undertaken by the Settlement Class
2  Representatives in furtherance of this matter on behalf of the entire Class, the Representative
3  Plaintiffs were entitled to modest incentive awards, in an amount not to exceed a total of
4  $20,000.  Class counsel propose that the Court make such awards in the amount of $7,500 each
5  to Plaintiffs Sobel and Dugan (both of whom had to appear for deposition testimony as well as
6  produce documents); and payments of $3,000 to Plaintiff Lee, and $2,000 to Plaintiff Singer,
7  both of whom were instrumental in the settlement as to Defendants Enterprise and Vanguard.

8  Since Plaintiffs' counsel compiled their lodestars and expenses prior to the mediation last
9  year, they have had to expend considerable additional time and effort on this matter – including
10 participating in the mediation and subsequent negotiations, negotiating and drafting the terms of
11 the settlement agreement and related documents, moving for preliminary approval of the
12 settlement, responding to inquiries from literally thousands of class members about the
13 settlement, and preparing the papers seeking final approval of the settlement.  At this time,
14 counsel have a combined lodestar of $1,409,967.50 and have incurred expenses of 150,838.63,
15 for a total of $1,560,806.13.   In addition, counsel will necessarily incur some further fees and
16 expenses in connection with the settlement approval hearing and responding to further contacts
17 from class members about the settlement.  Thus, the $1,440,000 award that counsel seek is only
18 approximately 92% of their current combined lodestar and expense figures, and will be less
19 when all time and expenses have been included.

20 In summary, it is the opinion of plaintiff's counsel, based upon their substantial
21 experience as class action and complex litigation attorneys, and further based upon the particular
22 facts of this case, that the proposed settlement is a very good one for the Class members, and is
23 in the best interests of the Class members, and that the attorneys' fees and incentive awards
24 requested are quite reasonable. .  It is noteworthy, in that regard, that these amounts were also
25 negotiated by very experienced counsel from major law firms representing the Defendants.   In
26 addition, those negotiations we extensive and overseen by an experience retired Judge.  Finally,
27 unlike many class action fee applications, the amounts requested here resulted from negotiations
28 with interested parties rather than simply a request which has not been previously negotiated.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND
INCENTIVE AWARDS TO THE CLASS REPRESENTATIVES FOR THEIR EFFORTS ON BEHALF OF THE CLASS;
MEMORANDUM IN SUPPORT
PAGE 4

### III. THE REQUESTED FEE IS FAIR AND REASONABLE.

The award of $1,440,000 in fees and costs sought by Class counsel here is very reasonable and should be approved. Notably, that amount is only 92% of counsel's current lodestar and expenses incurred in litigating this matter. Joint Dec. ¶42. Moreover, any fee award will be paid by Defendants, who negotiated the amount, and it will not reduce the recovery to class members at all. Given these factors, the Court should not hesitate to approve the requested fees and expenses.

Under the lodestar method of determining attorneys' fees, the base or "lodestar" figure is computed by multiplying the number of hours reasonably spent in the litigation by the reasonable hourly rates for each attorney and paralegal. *City of Burlington v. Dague*, 505 U.S. 557 (1992); *Childress v. Darby Lumber, Inc*., 357 F.3d 1000, 1011 (9th Cir. 2004).. That figure may then be adjusted to reflect additional factors that must be considered in determining a reasonable fee, including the amount in controversy and the results obtained, the contingent risk taken by plaintiff's counsel, the quality of the services rendered, delays in payment, and other similar factors. Determination of a reasonable fee under the lodestar method does not end with the lodestar; other factors must be considered so that the fee approximates what a skilled lawyer would earn for comparable contingent work in the private marketplace. The result achieved is the most important factor. *See Hensley v. Eckerhart* (1983) 461 U.S. 424, 436. But the single most important factor is the lodestar calculation. *Childress, supra.*

The risks that Plaintiff's counsel undertake justify a substantial enhancement of the lodestar. In the legal marketplace, an attorney whose compensation is entirely dependent on success - who takes a significant risk - should and does expect a significantly higher fee than an attorney who is paid a market rate as a case goes along, win or lose. Ketchum v. Moses, 22 Cal. 4th 1122 (2001). The novelty and complexity of the issues presented, as well as the skill displayed by plaintiff's counsel in litigating the case, are also factors that may warrant enhancement under the lodestar multiplier method. *Id.* Although those factors might well warrant an enhancement of the lodestar amount here, Plaintiffs' Counsel do not seek such an enhancement, but rather have agreed to a modest reduction of their lodestar.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

1  The Joint Declaration summarizes the work performed by Class counsel, the time they
2 have expended, and the expenses they have incurred. These time and expense summaries were
3 prepared from contemporaneous records maintained by the law firms in their usual practices;[1]
4 the hourly rates charged in the reports are the hourly rates charged by the firms for similar
5 litigation; and the expenses incurred were actually and reasonably incurred in connection with
6 the proper prosecution of the Class' claims.   Indeed, the bulk of the approximately $150,000 in
7 costs consists of fees for expert witnesses.

8  Class counsel respectfully submit that the time they have spent on this matter is quite
9 reasonable given Defendants' determined opposition, the complicated legal and factual issues
10 raised, the truth that the matter was litigated through discovery and summary judgment motions,
11 and the need to take deposition discovery at Hertz's headquarters in New Jersey.

### A. The Requested Fee is Consistent With Public Policy

13  Awarding a fair fee ensures that competent legal services will be available. In the present
14 case the Class needed the services of skilled class action attorneys. The complexity and societal
15 importance of this type of litigation seeking to protect consumers from illegal practices calls for
16 the most able counsel obtainable. It is important that the Class receive the benefit of first-rate
17 legal talent, especially since corporate defendants like Hertz and Enterprise are invariably
18 represented by first-rate attorneys. Attorney fee awards should reflect this reality.

19  Here, notwithstanding the fact that upward adjustments of lodestars are routinely awarded
20 in matters that counsel undertake on a contingent basis, Counsel only seek the return of their
21 expenses and approximately 90% of their lodestars. The payment of 90% of their lodestar
22 amounts, where, as here, counsel undertook the risks of complex litigation against major
23 corporate defendants, financed the litigation, and have had to wait over four years from filing to
24 be paid, is eminently reasonable and cannot be found excessive. It is noteworthy in that regard
25 that, unlike in many Class action cases, Defendants negotiated this amount; there was no blank

---

[1] Class Counsel are prepared to and will submit their detailed billing records under seal for the Court's review. Alternatively, if the Court prefers, counsel will redact their detailed bills deleting privileged matters.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS TO THE CLASS REPRESENTATIVES FOR THEIR EFFORTS ON BEHALF OF THE CLASS; MEMORANDUM IN SUPPORT
PAGE 6

check here, but rather an arms' length negotiation of a reasonable fee amount. *See Riker v. Gibbons,* 2010 WL 4366012 * 7 (D. Nev. 2010).

### B. Plaintiff's Counsel Should Be Reimbursed For Their Expenses

The Robertson, Stock, and Zlotnick Declarations filed concurrently herewith describe the costs incurred, for which recompense is requested, in the total amount of $150,000. As noted above, the bulk of these costs consist of expert witness fees. The remaining costs were all properly and reasonably spent on the litigation of this matter and are quite reasonable considering the fact that this case required several trips for discovery of Hertz personnel at its headquarters in New Jersey, as well as expert fees, transcript fees and the mediator's fees.

### IV. THE REQUESTED INCENTIVE AWARDS ARE FAIR AND REASONABLE.

In addition, Plaintiffs request that the Court approve incentive awards of $7,500 each to plaintiffs Sobel and Dugan, $3,000 to plaintiff Lee, and $2,000 to plaintiff Singer. Like Class counsel, the representative plaintiffs freely gave of their time and energy on a "contingent basis" to remedy what they regarded as an injustice. And they sought that remedy not solely for themselves, but for the numerous Settlement Class Members. They are entitled to this modest compensation for the time and energy that they freely devoted to this matter.

Such awards are well established in class action jurisprudence and are recognized as appropriate given the extra effort and initiative that class representatives expend and the added risks and burdens they face as compared to unnamed class members who simply file claims upon settlement. *See, e.g., Dunleavy v. Nedler*, 213 F.3d 454, 463 (9th Cir. 2000) (incentive awards are within district court's discretion); *Brotherton v. Cleveland*, 141 F.Supp. 2d 907, 913-14 (S.D. Ohio 2001).

Plaintiffs here are well-deserving of the incentive awards they seek. They sought legal representation once they suspected that they had been wronged by defendants' conduct and have worked hard to help prosecute the case by gathering their relevant papers, meeting with counsel, and, in the case of plaintiffs Sobel and Dugan, appearing for extended deposition testimony.

Courts have not hesitated to award payments in this range. *E.g., In re F&M Dist. Sec. Litig.*, 1999 U.S. Dist. LEXIS 11090 (E.D. Mich. 1999) (approving $7500 incentive payments to

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS TO THE CLASS REPRESENTATIVES FOR THEIR EFFORTS ON BEHALF OF THE CLASS; MEMORANDUM IN SUPPORT
PAGE 7

1  class representatives who produced documents and submitted to depositions); *In re Medical X-Ray Film Antitrust Litig.*, 1998 U.S. Dist. LEXIS 14888 (E.D.N.Y. 1998) ($3000 incentive payments); *Brotherton v. Cleveland*, 141 F.Supp. 2d 907 (S.D. Ohio 2001) ($50,000 bonus to plaintiff who was instrumental in bringing lawsuit and who spend approximately 800 hours working on the case); *Gerber v. Computer Assoc. Internat'l, Inc.*, 2001 U.S. Dist. LEXIS 22385 (E.D.N.Y.) (incentive payment of $5,000).

The Representative Plaintiffs here are equally deserving of an award. They were instrumental in securing relief for the Class. Moreover, any such award will be paid by Defendants and will not reduce the Class' recovery one iota. As with the counsel fees, this amount was negotiated between the parties and was only discussed after agreement had been reached upon the basic parameters of the settlement. Naturally, all Class members wish they could obtain similar compensation. But the simple fact is that these four individuals gave of their time to make this case a success. They are entitled to this modest recompense.

## V. **CONCLUSION**

For the foregoing reasons, Plaintiffs respectively request that the Court approve an award of counsel fees and reimbursement of expenses in the amount of $1,440,000, as well as incentive awards of $7,500 each to plaintiffs Sobel and Dugan, $3,000 to plaintiff Lee, and $2,000 to plaintiff Singer.

Dated: March 24, 2011

ROBERTSON & BENEVENTO
50 West Liberty Street, Suite 600
Reno, Nevada 89501
(775) 329-5600

By: /s/ G. David Robertson
    G. David Robertson, Esq.
    Attorneys for Plaintiff

OF COUNSEL:
David B. Zlotnick, Esq., CA SBN 195607
LAW OFFICES OF DAVID B. ZLOTNICK
625 Broadway, Suite 635
San Diego, CA 92101

Susan S. Thomas, Esquire
Arthur Stock, Esquire
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

COUNSEL FOR PLAINTIFFS AND THE SETTLEMENT CLASS

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS TO THE CLASS REPRESENTATIVES FOR THEIR EFFORTS ON BEHALF OF THE CLASS; MEMORANDUM IN SUPPORT
PAGE 8

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b) and Local Rule 5-4, I hereby certify that I am an employee of Robertson & Benevento, over the age of eighteen, and not a party to the within action. I further certify that on the 24th day of March, 2011, I electronically filed the foregoing and thus, pursuant to LR 5-4, caused same to be served by electronic mail on the following Filing Users:

Dan C. Bowen (dbowen@bowenhall.com)

Gregory D Call (gcall@crowell.com)

Peter S. Hecker (phecker@sheppardmullin.com)

Anna McLean (AMcLean@sheppardmullin.com)

William E. Peterson (wep@morrislawgroup.com)

Janine L. Scancarelli (jscancarelli@crowell.com)

Arthur Stock (astock@bm.net)

Susan S Thomas (sthomas@bm.net)

David B. Zlotnick (david@kkbs-law.com,david@kkbs-law.com)

I further certify that I mailed a true and correct copy of the foregoing, with first-class United States postage prepaid affixed thereon, to:

| | | |
|---|---|---|
| Edward L. Buchannan<br>130 Kerry Ct.<br>Vacaville, CA 95687 | Clinton M. Casey<br>705 NE 3rd Street<br>Pompano Beach, FL 33060 | Kevin Foster<br>839 Commercial St.<br>Marseilles, IL 61341 |
| Jacqueline Gagnon<br>197 Montelona Road<br>Goffstown, NH 03045 | Dennis J. Godsey<br>1102 Main Street<br>Belle Chasse, LA 70037 | David Grant<br>3 Oakhurst Terrace<br>Newcastle upon Tyne<br>NE12 9NY<br>England, |
| Max Hensley<br>116 Parklane Dr.<br>San Antonio, TX 78212 | Douglas A. Hindmarsh<br>130 Island Rd.<br>Millis, MA 02054 | Dennis L. Hunt<br>9120 Edgemont Dr.<br>North Richland Hills, TX 76182 |
| Gary Jackson<br>2805 Ridge Valley Road, NW<br>Atlanta, GA 30327 | Paul E. Johnson<br>P.O. Box 11516<br>Zephyr Cove, NV 89448 | Ivan M. Katz<br>57 Trumbull Street<br>New Haven, CT 08510-1004 |
| Dennis Kirson<br>2321 Hendola Drive, NE<br>Albuquerque, NM 87110 | Clark J. Leslie<br>100 Clark Court<br>Cambridge, OH 43725-9616 | Kathleen Loepker<br>300 Dorchester Drive<br>Belleville, IL 62223 |
| Michael L. McMillan<br>P.O. Box 15042<br>Hattiesburg, MS 39404-5042 | James Miller<br>1542 Bennett Road<br>Lansing, MI 48906 | George Murphy<br>1904 Dove Ct.<br>Friendswood, TX 77546 |
| Ronald C. Nahas<br>3697 Mt. Diablo Blvd.<br>Suite 250 | Richard A. Norton<br>PO Box 330<br>Warnerville, NY 12187 | Jeffrey Osborn<br>13632 Madison Street<br>Thornton, CO 80602 |

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS TO THE CLASS REPRESENTATIVES FOR THEIR EFFORTS ON BEHALF OF THE CLASS; MEMORANDUM IN SUPPORT
PAGE 9

Lafayette, CA 94549

| | | |
|---|---|---|
| Keith Owens<br>612 34 Road<br>Clifton, CO 81520 | Jonathan H. Parker<br>1521 Alton Road<br>Suite 366<br>Miami Beach, FL 33139 | Harold Peterson<br>7911 Westhaven Dr SW Apt 3<br>Huntsville, AL 35802-1431 |
| Michael Prihar<br>PO Box 3242<br>Granada Hills, CA 91394 | John S. Reifschneider<br>1001 6th Avenue, Suite 100<br>Leavenworth, KS 66048 | Edward J. Smith<br>56 Nassau Ave.<br>Plainview, NY 11803 |
| Einar Tamm<br>20 Partridge Hill<br>Honeoye Falls, NY 14472 | Mike Thayne<br>1768 N. 4850 W.<br>Ogden, UT 84404 | Michael J. Tomkvitch<br>7 Woodcrest Drive<br>Hopewell Junction, NY 12533 |
| Linda Trigg<br>4593 Fir Dell Dr. SE<br>Salem, OR 97302 | John Vertino<br>8 Elaine Ct<br>Buffalo, NY 14225 | Michael J. Walkley<br>5606 Saint Albans Way<br>Baltimore, MD 21212 |
| Charles Westin<br>PO Box 157<br>Belleville, KS 66935-1940 | Mike Whaley<br>21325 119th Street<br>Bristol, WI 54104 | Karen White<br>400 S. Eagle Ave<br>McAllen, TX 78504-5116 |
| Steven E. Whitney<br>7805 Ridgemar Drive<br>Dallas, TX 75231 | Daniel Woodson<br>37925 Ridge Top Drive<br>Lebanon, OR 97355 | Peter York<br>No. 11 Crouchfield<br>Hemel Hempstead, HP1 1PA<br>UK |

Dated this 24th day of March, 2011.

                                      */s/ Melissa Davis*
                                      An Employee of Robertson & Benevento

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS TO THE CLASS REPRESENTATIVES FOR THEIR EFFORTS ON BEHALF OF THE CLASS; MEMORANDUM IN SUPPORT
PAGE 10