BOWEN HALL OHLSON & OSBOURNE
Dan C. Bowen (dbowen@bowenhall.com)
555 South Center Street
Reno, Nevada 89501
Telephone: (775) 323-8678
Facsimile: (775) 786-6631

CROWELL & MORING LLP
Gregory D. Call (CSB No. 120483, gcall@crowell.com)
Janine L. Scancarelli (CSB No. 197202, jscancarelli@crowell.com)
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Defendants Enterprise Leasing Company-West, LLC and Vanguard Car Rental USA, LLC

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF NEVADA

JANET SOBEL, DANIEL DUGAN, Ph.D., LYDIA LEE, and MARK SINGER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

THE HERTZ CORPORATION, a Delaware corporation, ENTERPRISE LEASING COMPANY-WEST, LLC, a Delaware limited liability company, and VANGUARD CAR RENTAL USA, LLC, a Delaware limited liability company,

Defendants.

Case No. 3:06-CV-00545-LRH-RAM

**DEFENDANTS ENTERPRISE LEASING COMPANY-WEST, LLC AND VANGUARD CAR RENTAL USA, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT**

Date: May 17, 2011
Time: 10:00 a.m.
Place: Courtroom No. 5
Judge: Hon. Larry R. Hicks

CROWELL & MORING LLP
ATTORNEYS AT LAW

ENTERPRISE AND VANGUARD'S MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT; CASE NO. 3:06-CV-00545-LRH-RAM

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. FINAL APPROVAL OF THE SETTLEMENT IS WARRANTED ..... 2

A. Plaintiffs Face Significant Risks in Proceeding to Trial and Defendants Have Substantial Defenses to Plaintiffs' Claims as to Both Liability and Damages ..... 3

1. Plaintiffs Must Establish Liability as to Enterprise and Vanguard ..... 3

2. Plaintiffs Must Prove Causation and Actual Damages ..... 4

3. Plaintiffs Are Not Entitled to Restitution or Equitable Relief ..... 5

B. The Benefits Available to the Settlement Class Members Are Fair and Reasonable Given the Weakness of Plaintiffs' Case ..... 5

C. Defendants Provided Comprehensive Notice of the Settlement and the Reaction of the Settlement Class Members Favors Approval ..... 7

III. CONCLUSION ..... 8

CROWELL & MORING LLP
ATTORNEYS AT LAW

-i-

ENTERPRISE AND VANGUARD'S MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT; CASE NO. 3:06-CV-00545-LRH-RAM

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Chris Albritton Const. Co., Inc. v. Pitney Bowes Inc.*, 304 F.3d 527 (5th Cir. 2002) ..... 4

*Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566 (9th Cir. 2004) ..... 8

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) ..... 2, 3

*Fleury v. Richemont North America, Inc.*, 2008 U.S. Dist. LEXIS 64521 (N.D. Cal. July 3, 2008) ..... 7

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ..... 2

*In re Smith*, 289 F.3d 1155 (9th Cir. 2002) ..... 4

*Mertens v. Hewitt Assoc.*, 948 F.2d 607 (9th Cir. 1991) ..... 5

*Perrone v. General Motors Acceptance Corp.*, 232 F.3d 433 (5th Cir. 2000) ..... 4

*Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009) ..... 1

*Trustees of Amalgamated Ins. Fund v. Geltman Indus., Inc.*, 784 F.2d 926 (9th Cir. 1986) ..... 4

**OTHER CASES**

*In re T.R.*, 80 P.3d 1276 (Nev. 2003) ..... 5

*LeasePartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182 (Nev. 1997) ..... 5

*Mort Wallin of Lake Tahoe, Inc. v. Commercial Cabinet Co.*, 784 P.2d 954 (Nev. 1989) ..... 4

*Natchez v. State*, 721 P.2d 361 (Nev. 1986) ..... 3

CROWELL & MORING LLP ATTORNEYS AT LAW

-ii-

ENTERPRISE AND VANGUARD'S MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT; CASE NO. 3:06-CV-00545-LRH-RAM

*Putnam v. Time Warner Cable of Southeastern Wis.*, 649 N.W.2d 626 (Wis. 2002) .......... 4

*Randall v. County of Lyon*, 14 P. 583 (Nev. 1887) .......... 3

*Sheldon v. American States Preferred Ins. Co.*, 95 P.3d 391 (Wash. Ct. App. 2004) .......... 5

**OTHER STATUTES**

N.R.S. § 482.31575 (former version) .......... 1, 3, 4, 5

N.R.S. § 482.31575(1) (current version) .......... 3

CROWELL & MORING LLP
ATTORNEYS AT LAW

-iii-

ENTERPRISE AND VANGUARD'S MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT; CASE NO. 3:06-CV-00545-LRH-RAM

## I. INTRODUCTION

In November 2010, the Court preliminarily approved the Settlement in this action, finding that it was "arrived at through arm's length negotiations by highly experienced counsel after four years of litigation and after extended mediation" and that its terms "fall within the range of acceptable settlements." 11/23/10 Order Granting Plaintiffs' Motion for Preliminary Approval of Settlement and Approval of the Form of Notice ¶ 1 (Dkt No. 136 at 2:8-11). The Court's preliminary analysis of the Settlement is correct, and Enterprise and Vanguard[1] respectfully join Plaintiffs' request that the Court grant final approval of the Settlement.

The factors articulated by the Ninth Circuit in assessing whether a settlement is fair, adequate and reasonable favor approval of the Settlement in this case. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 963 (9th Cir. 2009). In particular, "the strength of plaintiffs' case," "the risk, expense, complexity and likely duration of further litigation," "the amount offered in settlement" and the "reaction of the class members to the proposed settlement" strongly support approval of the Settlement. *Id.*

First, Plaintiffs correctly acknowledge that their claims in this action come with no guarantee of success. Enterprise and Vanguard have strong defenses to Plaintiffs' claim that they violated N.R.S. § 482.31575 by separately stating and charging an "airport concession recovery fee." Also, Plaintiffs will not be able to prove both causation and actual damages necessary to obtain any monetary recovery. Similarly, any request for restitution or other equitable relief would fail since Plaintiffs will not be able to establish that Enterprise and Vanguard obtained any unjust enrichment or received any ill-gotten gains. Thus, the weakness of Plaintiffs' case and the risk and expense of further litigation both favor approval of the Settlement.

Second, the Settlement provides fair and reasonable benefits to the Settlement Class Members given the substantial risks Plaintiffs and the class would face if litigation continues. As explained in Plaintiffs' Motion for Final Approval, the benefits available to class members under

---

[1] Unless otherwise noted, capitalized terms in this Memorandum have the meanings set forth in the Settlement Agreement.

the Settlement represent a substantial percentage of the amounts actually paid by renters for the allegedly improper airport fees. In the absence of this Settlement, Plaintiffs and the class would face a significant risk of achieving a far less favorable result.

Third, Defendants have successfully provided comprehensive notice of the Settlement to potential class members. The Defendants sent notices to 2,497,360 persons by standard mail and email, and so far, of those potential class members, fewer than 50 have filed objections to the Settlement – less than two thousandths of one percent (0.002%). The reaction of the class members, including the small number of objections submitted to date, supports approval of the Settlement.[2]

## II. FINAL APPROVAL OF THE SETTLEMENT IS WARRANTED

Strong judicial policy in the Ninth Circuit favors the settlement of complex class action litigation. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). In determining whether to approve the proposed settlement, the "universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable" in the sound discretion of the trial judge. *Id.* "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The question is not whether the settlement "could be prettier, smarter, or snazzier," but solely "whether it is fair, adequate and free from collusion." *Id.* at 1027.

Among the reasons the Settlement in this case is fair, adequate and reasonable are:

- Plaintiffs face a substantial risk that they will achieve a far less favorable result than is offered in this Settlement if the claims are fully litigated;
- The Settlement provides for an appropriate level of benefits to the Settlement Class Members given the weakness of their claims;
- The parties have successfully provided notice of the Settlement and the reaction of the class members favors final approval of the Settlement.

[2] The deadline for submission of objections and exclusions is April 8, 2011.

CROWELL & MORING LLP
ATTORNEYS AT LAW

-2-

ENTERPRISE AND VANGUARD'S MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT; CASE NO. 3:06-CV-00545-LRH-RAM

**A. Plaintiffs Face Significant Risks in Proceeding to Trial and Defendants Have Substantial Defenses to Plaintiffs' Claims as to Both Liability and Damages.**

The "strength of plaintiffs' case" and the "risk, expense, complexity, and likely duration of further litigation" strongly favor approval of the Settlement. *Class Plaintiffs*, 955 F.2d at 1291. Enterprise and Vanguard have strong defenses to Plaintiffs' claims as to both liability and damages; therefore, Plaintiffs face a substantial risk that they would obtain no recovery from Enterprise or Vanguard on behalf of a class if this case is fully litigated.

**1. Plaintiffs Must Establish Liability as to Enterprise and Vanguard.**

Notwithstanding the Court's interpretation to the contrary, Enterprise and Vanguard have strong arguments that N.R.S. § 482.31575 permits rental car companies to separately quote and charge "any fees paid to airports," including airport concession recovery fees. *See* N.R.S. § 482.31575 (former version).[3] This interpretation is consistent with the statutory scheme, legislative history, and the *failure* of subsequent proposed legislation to specifically prohibit the practice Plaintiffs challenge in this case.[4]

In addition, Enterprise and Vanguard have strong arguments that Plaintiffs' claims seeking recovery of the alleged improper airport concession fees are barred by the long-standing voluntary payment doctrine. Where money is voluntarily paid, with full knowledge of the facts, it cannot be recovered even if there was no obligation to make such a payment. *Randall v. County of Lyon*, 14 P. 583, 584 (Nev. 1887). Based upon policies favoring stability and certainty once funds have been transferred, the voluntary payment doctrine encourages the resolution of disputes

---

[3] Effective October 1, 2009, the legislature amended the statute to clarify that the phrase "any fees paid to airports" includes, but is not limited to, "any concession fees which the short-term lessor pays to do business at an airport and which he charges to the short-term lessee." N.R.S. § 482.31575(1) (current version).

[4] For example, in 1995, the legislature introduced a bill (SB 396) that would have amended N.R.S. § 482.31575 to specifically prohibit the practice by rental car companies of separately stating and charging airport concession fees by deleting the phrase "any fees paid to airports" from the statute. *See* SB 396 (1995). Because the amendment was clearly intended to effectuate a change in the law, it demonstrates that the statute as it existed at the time of the proposed legislation did *not* prohibit the practice of separately stating an airport concession fee. *See Natchez v. State*, 721 P.2d 361, 363 (Nev. 1986) (where "a doubtful interpretation of a former statute is rendered certain by subsequent legislation, it has been held that such amendment is persuasive evidence of the legislature's intention in the first statute").

CROWELL & MORING LLP ATTORNEYS AT LAW

-3-

ENTERPRISE AND VANGUARD'S MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT; CASE NO. 3:06-CV-00545-LRH-RAM

without litigation by requiring the party contesting the payment to alert the payee of his or her concerns so that the situation can be rectified. *See Putnam v. Time Warner Cable of Southeastern Wis.*, 649 N.W.2d 626, 633 (Wis. 2002).

Finally, even if Plaintiffs could establish liability against Enterprise and Vanguard, Plaintiffs would have to survive independent, de novo review on appeal on each of the threshold issues in the case, including interpretation of N.R.S. § 482.31575 and application of the voluntary payment doctrine. *See Trustees of Amalgamated Ins. Fund v. Geltman Indus., Inc.*, 784 F.2d 926, 929 (9th Cir. 1986) ("Statutory interpretation is a question of law subject to de novo review."); *Chris Albritton Const. Co., Inc. v. Pitney Bowes Inc.*, 304 F.3d 527, 529 (5th Cir. 2002) (application of the voluntary payment doctrine is a question of law subject to de novo review).

**2. Plaintiffs Must Prove Causation and Actual Damages.**

Plaintiffs could recover damages for violation of N.R.S. § 482.31575 only if they could demonstrate causation and actual injury. *See Mort Wallin of Lake Tahoe, Inc. v. Commercial Cabinet Co.*, 784 P.2d 954, 955 (Nev. 1989) ("The party seeking damages has the burden of proving both the fact of damages and the amount thereof."). To establish causation and actual injury, Plaintiffs would have to show that if the airport concession fee had been included in the base rate, they would not have rented a vehicle or would have rented it at a lower price. *See In re Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002) (denying recovery in Truth-in-Lending Act claim because plaintiff failed to show that she "would either have secured a better interest rate elsewhere, or foregone the loan completely"); *Perrone v. General Motors Acceptance Corp.*, 232 F.3d 433, 436 (5th Cir. 2000) (actual damage is sustained only "if a customer can show that, had he been properly informed, he would have engaged in a different or less-expensive transaction").

Here, Plaintiffs would not be able to establish causation or actual damages because they would not be able to show any injury caused by the alleged deceptive practice. First, Plaintiffs would not be able to show that, if the airport concession fee had not been separately stated, the total rental rate would have been materially lower. Indeed, Enterprise and Vanguard would be prepared to show that separately stating the airport concession fee does not have any effect on the total price charged to renters. Second, given that all of the other major rental car companies at

CROWELL & MORING LLP ATTORNEYS AT LAW

-4-

ENTERPRISE AND VANGUARD'S MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT; CASE NO. 3:06-CV-00545-LRH-RAM

Nevada airports also separately stated the fee, Plaintiffs would not be able to show that they would have engaged in a different or less-expensive transaction by renting from another rental car company. Accordingly, Plaintiffs would be unlikely to recover any monetary relief from Enterprise or Vanguard if the case goes forward.

**3. Plaintiffs Are Not Entitled to Restitution or Equitable Relief.**

Plaintiffs' claims for common law unjust enrichment and restitution would fail because Plaintiffs would not be able to prove that Enterprise and Vanguard received ill-gotten gains or were unjustly enriched through the collection of separately stated airport concession fees.[5] *See Mertens v. Hewitt Assoc.*, 948 F.2d 607, 612 (9th Cir. 1991) (restitution is not available where unjust enrichment is not established); *Sheldon v. American States Preferred Ins. Co.*, 95 P.3d 391, 392 (Wash. Ct. App. 2004) ("we cannot agree with [plaintiffs'] contention that a violation causing no harm to policyholders must result in forfeiture of an otherwise legal and reasonable fee").

Moreover, this Court specifically found that the statute was "an ambiguous and poorly-drafted statute that is capable of being understood in two or more senses." 9/13/07 Order (Dkt No. 22 at 3:18-19). Given the ambiguity in the language of N.R.S. § 482.31575 and the way it was interpreted by all concerned for many years, any award of monetary relief, restitution, or other equitable relief against Enterprise and Vanguard would violate their due process rights. *See In re T.R.*, 80 P.3d 1276, 1280 (Nev. 2003) (where a statute is unduly vague, enforcement of the statute "violates the first essential of due process of law"). Here, N.R.S. § 482.31575 was unconstitutionally vague because it did not adequately define the term "any fees paid to airports" and did not give the Defendants a sufficiently definite warning as to the proscribed conduct.

**B. The Benefits Available to the Settlement Class Members Are Fair and Reasonable Given the Weakness of Plaintiffs' Case.**

The "amount offered in settlement" also favors final approval of the Settlement. The Settlement provides each Settlement Class Member who registers either a $10 certificate (for

[5] Plaintiffs' common law unjust enrichment claim also fails because such claim is inappropriate where there is an express written contract that governs the transaction. *See LeasePartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997).

CROWELL & MORING LLP ATTORNEYS AT LAW

-5-

ENTERPRISE AND VANGUARD'S MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT; CASE NO. 3:06-CV-00545-LRH-RAM

Settlement Class Members who were charged an airport concession fee for one or two rentals from a given brand during the defined class period) or $20 certificate (for Settlement Class Members who were charged an airport concession fee for three or more rentals from a given brand during the defined class period) to be used toward a future rental. *See* Settlement Agreement ¶ 2.2(b)-(d) [Ex. 1 to Plaintiffs' Motion for Preliminary Approval (Dkt No. 123-1)].

The registration process for Settlement Class Members is streamlined and straightforward: Settlement Class Members are directed to a website, www.nevadacarrentalsettlement.com, where Alamo, Enterprise and National renters simply enter their last name and the certificate registration number provided on the Settlement Class Notice.[6] The Settlement Class Notice, as well as every page of the settlement web site, provides contact information for Plaintiffs' Counsel – names, addresses, telephone numbers and email addresses – should any Settlement Class Member encounter difficulty in registering for benefits. No other documentation is required, nor need any materials be submitted by mail. Defendants bear the cost of notice and administering the Settlement. Settlement Agreement ¶ 2.3.

As set forth in Plaintiffs' Motion for Final Approval, the value of the settlement benefits compares favorably to the actual amount of allegedly improper charges paid by Settlement Class Members for airport concession fees. *See* Plaintiffs' Motion for Final Approval at 6:4-9 (Dkt No. 185). And Settlement Class Members can receive this value easily: registration for benefits takes only minutes, requires no burdensome paperwork or documentation, and imposes no costs or fees on the registrant – not even postage. The value will be received quickly (within months of final approval of the Settlement), Settlement Agreement ¶ 3.2, while any relief available from further litigation would be available only after what will likely be years of further proceedings. In addition, the settlement relief is structured in a manner that maximizes the value of the certificates to the Settlement Class Members. All the Settlement Class Members have rented vehicles and are

---

[6] The Alamo, Enterprise and National registration forms are available at:
http://nevadacarrentalsettlement.com/alamo/settlement-registration-form/;
http://nevadacarrentalsettlement.com/enterprise/settlement-registration-form/; and
http://nevadacarrentalsettlement.com/national/settlement-registration-form/.

CROWELL & MORING LLP
ATTORNEYS AT LAW

-6-

ENTERPRISE AND VANGUARD'S MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT; CASE NO. 3:06-CV-00545-LRH-RAM

likely to rent in the future, and the certificates are not restricted in use to Nevada airport locations – they can be redeemed at all rental locations of the issuing brand throughout the United States, and moreover they can be combined with any other discounts, sales, promotions or other offers from that brand. Settlement Agreement ¶ 2.2(e). The certificates can also be used by a Settlement Class Member's parents, children, spouse or legally recognized domestic partner who lives at the Settlement Class Member's address and are valid for 18 months. *Id.*

Given the substantial hurdles that Plaintiffs and the class must clear in order to recover any actual damages against Enterprise and Vanguard, the benefits available under the Settlement are fair and reasonable to the Settlement Class Members. See *Fleury v. Richemont North America, Inc.*, 2008 U.S. Dist. LEXIS 64521, *56-60 (N.D. Cal. July 3, 2008) (granting final approval of class action settlement because the benefits were not "inconsequential," particularly given that "there are significant weaknesses to Plaintiffs' claim" and their damages argument "would be difficult to make and . . . would ultimately prove less than substantial in dollar amount").

**C. Defendants Provided Comprehensive Notice of the Settlement and the Reaction of the Settlement Class Members Favors Approval.**

Enterprise and Vanguard have fully and successfully complied with the notice plan approved by the Court and found to be "the best practicable means of providing notice under the circumstances." 11/23/10 Order ¶ 5 (Dkt No. 136); *see also* Stipulation and Order re Form of Class Notice (Dkt No. 139). In particular, Enterprise and Vanguard sent notices by standard mail to a total of 1,279,466 potential class members for the Enterprise, Alamo, and National brands. *See* Declaration of Donald J. Andra ¶ 9 (Dkt No. 181). Hertz sent notices to 1,217,894 potential class members for the Hertz and Advantage brands. *See* Declaration of Jeffrey Gyomber Regarding Notice to Settlement Class Members ¶¶ 5-6 (Dkt No. 182).

As Plaintiffs' Motion for Final Approval explains, out of the approximately 2.5 million total potential class members who received notice of the Settlement, to date, less than two

CROWELL & MORING LLP
ATTORNEYS AT LAW

-7-

ENTERPRISE AND VANGUARD'S MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT; CASE NO. 3:06-CV-00545-LRH-RAM

thousandths of one percent (0.002%) of class members have filed objections.[7] *See* Plaintiffs' Motion at 1:20-22. Where, as here, there is a very small percentage of objections, such response supports approval of the settlement. *See Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming final approval of settlement where 45 of 90,000 notified class members objected).

## III. CONCLUSION

For all the foregoing reasons, the Settlement is fair, reasonable and adequate for the Settlement Class Members, and Enterprise and Vanguard respectfully request that the Court grant final approval of the Settlement.

Dated: April 4, 2011

BOWEN HALL OHLSON & OSBOURNE

Dan C. Bowen
Attorneys for Defendants
Enterprise Leasing Company-West, LLC and
Vanguard Car Rental USA, LLC

SFACTIVE-129055.0002097\902274904.4

[7] Pursuant to the Court's Order, Enterprise and Vanguard will file their responses to the objections made by Settlement Class Members on or before April 28, 2011.

CROWELL & MORING LLP
ATTORNEYS AT LAW

-8-

ENTERPRISE AND VANGUARD'S MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT; CASE NO. 3:06-CV-00545-LRH-RAM

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b) and Local Rule 5-4, I hereby certify that I am an employee of BOWEN HALL, over the age of eighteen, and not a party to the within action. I further certify that on the 4th day of April, 2011, I electronically filed the foregoing and thus, pursuant to LR 5-4, caused same to be served by electronic mail on the following Filing Users:

Gregory D. Call (gcall@crowell.com)

Peter S. Hecker (phecker@sheppardmullin.com)

Anna McLean (AMcLean@sheppardmullin.com)

William E. Peterson (wep@morrislawgroup.com)

G. David Robertson (gdavid@nvlawyers.com)

Janine L. Scancarelli (jscancarelli@crowell.com)

Arthur Stock (astock@bm.net)

Susan S. Thomas (sthomas@bm.net)

Richard D. Williamson (rich@nvlawyers.com)

David B. Zlotnick (david@kkbs-law.com)

I further certify that I mailed a true and correct copy of the foregoing, as well as a copy of the Declaration of Donald J. Andra (Document 181) with first-class United States postage prepaid affixed thereon, to:

Edward L. Buchannan
130 Kerry Ct.
Vacaville, CA 95687

Clinton M. Casey
705 NE 3rd Street
Pompano Beach, FL 33060

Kevin Foster
839 Commercial St.
Marseilles, IL 61341

Jacqueline Gagnon
197 Montelona Road
Goffstown, NH 03045

Dennis J. Godsey
1102 Main Street
Belle Chasse, LA 70037

David Grant
3 Oakhurst Terrace
Newcastle upon Tyne
NE12 9NY
England

Max Hensley
116 Parklane Dr.
San Antonio, TX 78212

Douglas A. Hindmarsh
130 Island Rd.
Millis, MA 02054

Dennis L. Hunt
9120 Edgemont Dr.
N. Richland Hills, TX 76182

Gary Jackson
2805 Ridge Valley Road, NW
Atlanta, GA 30327

Paul E. Johnson
P.O. Box 11516
Zephyr Cove, NV 89448

Ivan M. Katz
57 Trumbull Street
New Haven, CT 08510-1004

Dennis Kirson
2321 Hendola Drive, NE
Albuquerque, NM 87110

Clark J. Leslie
100 Clark Court
Cambridge, OH 43725-9616

Kathleen Loepker
300 Dorchester Drive
Belleville, IL 62223

Michael L. McMillan
P.O. Box 15042
Hattiesburg, MS 39404-5042

James Miller
1542 Bennett Road
Lansing, MI 48906

George Murphy
1904 Dove Ct.
Friendswood, TX 77546

Ronald C. Nahas
3697 Mt. Diablo Blvd., Suite 250
Lafayette, CA 94549

Richard A. Norton
P.O. Box 330
Warnerville, NY 12187

Jeffrey Osborn
13632 Madison Street
Thornton, CO 80602

Keith Owens
612 34 Road
Clifton, CO 81520

Jonathan H. Parker
1521 Alton Road, Suite 366
Miami Beach, FL 33139

Harold Peterson
7911 Westhaven Dr SW, Apt 3
Huntsville, AL 35802-1431

Michael Prihar
P.O. Box 3242
Granada Hills, CA 91394

John S. Reifschneider
1001 6th Avenue, Suite 100
Leavenworth, KS 66048

Edward J. Smith
56 Nassau Ave.
Plainview, NY 11803

Einar Tamm
20 Partridge Hill
Honeoye Falls, NY 14472

Mike Thayne
1768 N. 4850 W.
Ogden, UT 84404

Michael J. Tomkvitch
7 Woodcrest Drive
Hopewell Junction, NY 12533

Linda Trigg
4593 Fir Dell Dr. SE
Salem, OR 97302

John Vertino
8 Elaine Ct.
Buffalo, NY 14225

Michael J. Walkley
5606 Saint Albans Way
Baltimore, MD 21212

Charles Westin
P.O. Box 157
Belleville, KS 66935-1940

Mike Whaley
21325 119th Street
Bristol, WI 54104

Karen White
400 S. Eagle Ave
McAllen, TX 78504-5116

Steven E. Whitney
7805 Ridgemar Drive
Dallas, TX 75231

Daniel Woodson
37925 Ridge Top Drive
Lebanon, OR 97355

Peter York
No. 11 Crouchfield
Hemel Hempstead, HP1 1PA
UK

Anthony L. DeWitt
715 Swifts Highway
Jefferson City, MO 65101

Patrick King
2875 SW Scenic Drive
Portland, OR 97225

Oliver M. Haynold, Ph.D.
1013 Simpson Street
Evanston, IL 60202-3119

Rodney Reffert
2915 N 58th St.
Lincoln, NE 68507

Alan Hartman
2643 N. Waskevich Lane
Midland, MI 48642

Dated this 4th day of April, 2011.

/s/ *Molly Reid*
Molly Reid

SFACTIVE-129055.0002097/902275336.1