WILLIAM PETERSON (Bar No. 1528)
MORRIS PETERSON
6100 Neil Road, Suite 555
Reno, NV 89511
Telephone:  775.829.6000
Facsimile:   775.829.6001

PETER S. HECKER (Admitted Pro Hac Vice)
ANNA S. McLEAN (Admitted Pro Hac Vice)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415.434.9100
Facsimile:   415.434.3947

Attorneys for Defendant
THE HERTZ CORPORATION

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JANET SOBEL, DANIEL DUGAN, Ph.D., LYDIA LEE, and MARK SINGER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION, a Delaware corporation, et al.,<br><br>Defendants. | Civil Action No. 3:06-CV-00545-LRH-RAM<br><br>**DEFENDANT THE HERTZ CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT** |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 1

    A.    Summary of Plaintiffs' Claims ................................................................................ 1

    B.    The Settlement and Preliminary Approval of the Settlement Agreement ................ 2

III. DISCUSSION .................................................................................................................... 3

    A.    Notice Complied With the Preliminary Approval Order and Was Legally Sufficient ................................................................................................................. 3

    B.    The Settlement Terms Are Fair, Reasonable and Adequate .................................... 3

        1.    The Settlement Is Fair and Adequate In Light of the Substantive Problems with Plaintiffs' Remaining Claims ............................................... 3

            a.    NRS Section 482.31585 Requires Proof of Causation and Actual Damage ................................................................................... 4

            b.    To Establish Unjust Enrichment, Plaintiffs Would Have To Show That Defendant "Unjustly" Retained A Benefit ....................... 5

            c.    Plaintiffs Could Not Have Shown the Necessary Elements of Their Claims ................................................................................... 6

        2.    The Settlement Terms Are Generous ......................................................... 6

IV. CONCLUSION .................................................................................................................. 7

## I. INTRODUCTION

Defendant The Hertz Corporation ("Hertz") submits this memorandum in support of final approval of the settlement agreed to by the parties in this action (the "Settlement"). Hertz has provided the required notice set forth in the Court's Order Granting Preliminary Approval of the Settlement Agreement and Approval of the Form of Notice by emailing notices to 425,933 identifiable settlement class members, and Hertz and Advantage have mailed notice to an additional 791,961 identifiable settlement class members.[1] In addition to certain factors set forth in plaintiffs' moving papers, Hertz submits the Settlement is fair, reasonable and adequate for the reasons set forth below. Hertz therefore joins in plaintiffs' request that the Court grant final approval of the Settlement in all respects, so that the settlement relief may be distributed and the litigation concluded.

## II. BACKGROUND

### A. Summary of Plaintiffs' Claims

Hertz is a national rental car company ("RAC"). This case concerns the practice—used by all national RACs and approved by Nevada airport authorities for many years—of charging customers an "Airport Concession Recovery Fee" ("ACRF") to "recover" fees imposed by the airports on RACs for the privilege of doing business there, and separately listing such charge on customer bills. Specifically, plaintiffs allege that Hertz improperly itemized the ACRF in an "unbundled" manner, whereby the charge appeared on their bills separate from the "base rental rate," purportedly in violation of NRS section 482.31575 ("section 482.31575"). Plaintiffs also allege that Hertz was unjustly enriched by plaintiffs' rentals, and that the "unbundling" practice constituted an unfair business practice in violation of the Nevada Deceptive Trade Practices Act (the "NDTPA"). On cross-motions for summary judgment, this Court granted Hertz's motion

---

[1] Simply Wheelz LLC—a wholly owned subsidiary of Hertz—acquired the assets of Advantage Rent A Car out of bankruptcy in April 2009. In July 2009, Simply Wheelz LLC d/b/a Advantage Rent A Car opened a rental location at Reno-Tahoe International Airport using rental documents modeled after those used by Hertz. For that reason, Advantage customers who rented at that airport from July 1, 2009 to September 30, 2009 are included within the settlement class, have been afforded full notice, and will be afforded full benefits under the Settlement.

regarding plaintiffs' NDTPA claim, granted plaintiffs' motion as to the section 482.31575 claim, and denied both parties' motions on the unjust enrichment claim.

In granting Hertz's motion on plaintiffs' NDTPA claim, the Court stated that "courts addressing the issue of whether itemizing a concession recovery fee as a separate charge not included in the daily rental rate is unfair or deceptive have consistently held that the practice is not unfair or deceptive where the fee is disclosed at the time of the rental."  (Dkt. 111, p. 17:15-17.) In this case, "when Plaintiffs made their reservations, Hertz quoted Plaintiffs the full price of their rentals.  By informing Plaintiffs that the price included all taxes, fees, and surcharges, Hertz notified Plaintiffs that the total rental price included additional charges on top of the base rate." *Id.* at p. 18:9-12.  Thus, the Court found, "*in light of Hertz's full disclosure of the total price at the time of the reservations, the court finds that Hertz's practice was not deceptive within the meaning of the NDTPA.*"  *Id.* at p. 18:13-15 (emphasis added).

**B.     The Settlement and Preliminary Approval of the Settlement Agreement**

As discovery on the damages phase of the litigation began, the parties, as well as Enterprise Leasing Company-West, LLC and Vanguard Car Rental USA, LLC—Enterprise had been subject to a separate but nearly identical suit brought by plaintiffs' counsel—agreed to attend mediation at JAMS before the Honorable Judge Ronald Sabraw (Ret.).  Judge Sabraw held a lengthy mediation session on June 4, 2010, and the parties continued informal discussions separately and through Judge Sabraw for the remainder of the month.

In July 2010, after much negotiation, the parties agreed upon settlement terms.  They subsequently negotiated a Settlement Agreement, and moved for preliminary approval of the Settlement Agreement.  This Court held a hearing on preliminary approval on November 9, 2010. On November 23, 2010, the Court granted preliminary approval of the Settlement Agreement, and it found that the notice requirements set forth in the Settlement Agreement complied with due process.  It issued an Order Granting Preliminary Approval of the Settlement Agreement and Approval of the Form of Notice, as well as an Order Conditionally Certifying a Settlement Class. (*See* Dkt. 135, 136.)  All parties now move for final approval of the Settlement.

//

## III.  DISCUSSION

**A.     Notice Complied With the Preliminary Approval Order and Was Legally Sufficient**

As the Court recognized in its Order Granting Preliminary Approval of Settlement and Approval of the Form of Notice, the notice provisions of the Settlement comply with all constitutional requirements.  (Dkt. 136; *see* 5 Moore's Federal Practice, § 23.162 (Matthew Bender 3d ed.) (courts have broad discretion in determining adequacy of form and manner of notice)). Hertz was ordered to, and has now provided, notice of the Settlement to approximately 1,217,894 settlement class members directly by e-mail or standard mail.  (Declaration of Jeffrey Gyomber Regarding Notice to Settlement Class Members, ¶¶ 5, 6, Dkt. 182.)  Hertz also provided notice by standard mail to settlement class members for whom the original e-mail notice "bounced back." Additionally, a public website has been created to host all pertinent settlement-related documents, and to permit registration for settlement benefits as well as electronic changes of address and opt-outs.  Hertz has provided notice of the Settlement to the appropriate state and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. section 1715.  (*See* Proof of Service of Notice of Proposed Class Settlement, Dkt. 125-2.)  The requirements of due process endorsed by this Court have plainly been met.

**B.     The Settlement Terms Are Fair, Reasonable and Adequate**

Just as the notice to settlement class members was fair and adequate, so too are the terms of the Settlement itself.  In considering the fairness, reasonableness, and adequacy of a settlement, this Court should consider a number of factors, including the strength of the plaintiff's case, the risks of ongoing litigation, and the benefits offered to settlement class members.  *See Staton v. Boeing Co.,* 327 F.3d 938, 959 (9th Cir. 2003) (quoting *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003)).  Here, these factors, along with certain additional factors cited in plaintiffs' papers, militate in favor of this Court granting final approval.

   **1.     The Settlement Is Fair and Adequate In Light of the Substantive Problems with Plaintiffs' Remaining Claims**

After summary judgment, numerous problems remained with plaintiffs' case.  As set forth below, plaintiffs would have to establish the elements of causation, actual injury and damages, and

1  "unjust" enrichment to prevail in the damages phase of this litigation.[2]  Their inability to do so,

2  along with the difficulties they would have faced with respect to class certification in the litigation

3  context, all support final approval of the Settlement here.

        **a.**       **NRS Section 482.31585 Requires Proof of Causation and Actual Damage**

6  NRS section 482.31585 ("section 482.31585") provides only certain remedies for

7  violations of section 482.31575.  It states: "[a] short-term lessee may bring an action against a

8  short-term lessor for the recovery of *damages* and appropriate equitable relief for any violation of

9  NRS 482.3151 to 482.3159, inclusive."  NRS § 482.31585 (emphasis added).  Thus, in order to

10  recover under section 482.31585, plaintiffs must have experienced *actual injury and damages*.

11  The plain language of section 482.31585 supports this reading.  First, the statute lacks a

12  "statutory damages" provision, while numerous other Nevada statutes provide for such a monetary

13  remedy in the absence of actual damage.  *See* NRS § 484.6068 (violation of vehicle odometer

14  disclosure requirements merits three times amount of actual damages sustained or $2,500,

15  whichever is greater); NRS § 118A.390(1) (landlord guilty of retaliatory eviction must pay actual

16  damages, or amount not greater than $1,000, or both); NRS § 369.560 (wholesaler entitled to

17  award of $1,000 for each violation and also may recover damages sustained by him for violation

18  of statute).

19  Next, use of the word "damages" in the statute invokes the common definition of the word.

20  *Arnesano v. State*, 113 Nev. 815, 821 (1997) ("damages" indicates, by plain meaning,

21  "'compensation . . . recovered . . . by any person who has suffered loss, detriment, or injury . . .

22  through the unlawful act or omission, or negligence of another'") (citation omitted).  Moreover,

23  "damages" means "money claimed by, or ordered to be paid to, a person as compensation for loss

24  or injury."  Black's Law Dictionary, p. 416 (9th ed. 2009); *see also* 22 Am. Jur. 2d, Damages § 1

---

[2]  As this Court recognized, plaintiffs' request for injunctive relief is moot due to the Nevada Legislature's 2009 amendment to section 482.31575, which expressly approved the pass-through and separate disclosure of ACRFs.  (Order on Motions for Summary Judgment, p. 9:17 n. 9, Dkt. 111.)

1  ("damages" generally connotes payment in money for plaintiff's loss caused by defendant's breach
2  of duty).  Accordingly, plaintiffs would have to prove actual damages and injury.
3        Proof of causation is also required.  Again, "damages" means payment in money "for a
4  plaintiff's loss *caused by a defendant's breach of a duty*."  22 Am. Jur. 2d, Damages § 1 (emphasis
5  added).[3]  Thus, by allowing for the recovery of "damages," section 482.31585 would require
6  plaintiffs to show actual injury and damages **caused by** Hertz's alleged illegal conduct.  This, in
7  turn, requires proof of reliance.  *See Picus v. Wal-Mart Stores, Inc.,* 256 F.R.D. 651, 657-58 (D.
8  Nev. 2009).

9        **b.**    **To Establish Unjust Enrichment, Plaintiffs Would Have To Show That Defendant "Unjustly" Retained A Benefit**
10

11        Like plaintiffs' statutory claim, their claim for unjust enrichment requires proof of certain
12  elements prior to recovery.  The essential elements of unjust enrichment are "a benefit conferred
13  on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance
14  and retention by the defendant of such benefit under circumstances such that *it would be*
15  *inequitable for him to retain the benefit* without payment of the value thereof."  *Unionamerica*
16  *Mtg. v. McDonald*, 97 Nev. 210, 212 (1981) (emphasis added); *Topaz Mut. Co. v. Marsh*, 108
17  Nev. 845, 856 (1992) (same).  A plaintiff's recovery is strictly limited to restitution of the benefit
18  found to be *unjustly* conveyed to another.  *See Haromy v. Sawyer*, 98 Nev. 544 (1982) (awarding
19  restitution upon finding of unjust enrichment); *Martinez v. State*, 120 Nev. 200, 202-203 (2004)
20  ("Restitution is 'compensation for benefits *derived from a wrong done to another*,' or
21  'compensation or reparation *for the loss caused to another*.'") (citation omitted) (emphasis added).
22  Plaintiffs thus would have to prove an "unjust" benefit conferred on Hertz.
23  //

---

[3]   *See also Windham at Carmel Mt. Ranch Ass'n v. Superior Ct.*, 109 Cal.App.4th 1162, 1175 (2003) ("'damages refers to monetary compensation *for detriment caused by a breach* of an obligation'") (emphasis added); *Picus v. Wal-Mart Stores, Inc.,* 256 F.R.D. 651, 657 (D. Nev. 2009) (implicit within the language *"'damages that he has sustained,'"* is a causation requirement) (emphasis added); *Perrone v. General Motors Acceptance Corp.*, 232 F.3d 433, 435-36 (5th Cir. 2000) (proof of causation and reliance necessary where a statute allowed for recovery of "actual damages").

### c. Plaintiffs Could Not Have Shown the Necessary Elements of Their Claims

Based on the foregoing analysis and black letter law, plaintiffs would bear the burden of establishing causation, actual damages, and "unjust" conduct in order to recover any money in this case. They could not have sustained that burden. Indeed, this Court has already found that "Hertz quoted Plaintiffs the full price of their rentals," and "notified Plaintiffs that the total rental price included additional charges on top of the base rate." (Court's Order on Motions for Summary Judgment, 18:9-11, Dkt. 111.) It also found that Hertz made "full disclosure" of its prices and did not engage in any deceptive or misleading behavior. *Id.* at 18:13-15. Further, plaintiffs had full knowledge of the price of the vehicles they rented when they rented, and they accepted and enjoyed the benefits of their rentals. In light of these facts, they could not have established any actual injury or damages resulting from Hertz's conduct. For the same reasons, they could not begin to establish the "unjust" element of unjust enrichment.

Stated simply, Hertz continues to deny all allegations that it acted in an unjust manner and that plaintiffs or members of the settlement class suffered damage or harm by reason of any conduct, statement, act or omission of Hertz.[4] If the case were to proceed to trial, plaintiffs thus would face a number of significant hurdles in further litigation. In light of these facts, the Settlement is fair and adequate, and should be finally approved by the Court.

### 2. The Settlement Terms Are Generous

Although plaintiffs have described the terms of the Settlement in detail in their papers in support of both preliminary and final approval, it bears repeating that members of the settlement class will receive substantial benefits. Hertz denies that plaintiffs or settlement class members have suffered any harm, but even if the Court were to credit their arguments, the monetary damages that plaintiffs allege each class member suffered are undeniably minimal. The Settlement affords settlement class members a $10 or $20 credit for car rentals, closely

---

[4] Moreover, Hertz would oppose class certification for litigation purposes in the event the Settlement were not approved.

1  approximating the monetary damages allegedly suffered, as plaintiffs have described. (*See*
2  Plaintiffs' Memorandum of Points and Authorities in support of Preliminary Approval,
3  Conditional Certification, and Approval of the Form of Notice, p. 6:23-24, Dkt. 123 ("The four
4  lead plaintiffs actually paid between $6 and $14 each for the allegedly improper fees.")).  This
5  payment is generous in light of the pervasive problems with plaintiffs' case, described above, and
6  the substantial risk that they would recover nothing if this litigation were to proceed.  For this
7  reason, as well as many of the reasons plaintiffs set forth in their moving papers, the Settlement is
8  fair, reasonable, and adequate.

## IV.  CONCLUSION

Because the Settlement is fair, reasonable and adequate, and because Hertz complied with the notice provisions of the Court's Order Granting Preliminary Approval of the Settlement Agreement and Approval of the Form of Notice and with due process, Hertz respectfully requests that the Court grant final approval so that this matter may be expeditiously resolved, to the benefit of all parties and the settlement class members.

Dated:  April 4, 2011                                                                          Respectfully submitted,

MORRIS PETERSON
SHEPPARD MULLIN RICHTER & HAMPTON LLP


By _____/s/ *Peter S. Hecker*_____
      PETER S. HECKER

Attorneys for Defendant
THE HERTZ CORPORATION