# Einar Tamm
20 Partridge Hill | Honeoye Falls, NY 14472



March 31, 2011

Notice of Objection with the Clerk
United States District Court of Nevada
400 S. Virginia Street
Reno, NV 89501

**RE: Case No.: 3:06-cv-00545 LRH-RAM, Sobel et al. v Hertz**

I have received materials from the Plaintiff Counsel after being listed as one of the 41 objectors. I bring to the attention of the Court some **new deficiencies** in the Plaintiff's materials:

1. How many of the 2,497,112 people (a) received and (b) **responded to the Notice**?

2. Plaintiff's Counsel states "less than 0.002%" of 2,497,112 members have objected to the settlement, but only mentions "literally thousands" have responded to communications. A few thousand is far less than 1% of 2,497,112 people. The 41 of 1000s sampled is far above 41/10000 or **0.41%**, a much higher proportion than Plaintiff Counsel asserts. Counsel's math needs clarification. **Given the sample's ratio is 200-times higher, this should be investigated**.

3. Plaintiff's Counsel claims via *Browning v. Yahoo* that email notice is sufficient, but since 2007 many email systems now automatically discard such emails as spam. Delivery of an email is not the same as via certified mail, return receipt, a requirement by IRS to prove receipt. Plaintiff Counsel should not be held to a **lesser standard**.

4. The attorney bill rates **up to $750** per hour are not reasonable. The proposed attorney fees and costs Lodestar (average of $380 per hour here) are derived from **successful** outcomes, but this settlement is not fair for the Plaintiff Class, as it offers a worthless coupon to encourage Plaintiffs to give more money to Defendant. **A Lodestar failure**.

5. Why are the Plaintiff's Counsel expensing meals? Everyone eats, regardless of this case.

6. The underlying premise giving rise to the class action is HARM caused by Defendants to Plaintiffs, but the settlement only induces more of the same HARM with Defendants, which is a breach of duty/care/loyalty owed by Plaintiff Counsel **to protect** the Plaintiffs.

7. **A much more fair option is available to the Plaintiff Members**. The entire pie of cash offered by Defendants should be shared by everyone, not just the attorneys. The cash can be easily distributed electronically into PayPal accounts, one for each Class Member, using the same email accounts **for Notice**, with a few hours of technical and

administrative expense by PayPal (around $1000). This would eliminate the hurdle of mailing costs that Plaintiff's Counsel might assert for retaining all of funds for themselves, to avoid a claim of dissipation of funds, and easily avoid the expense of printing checks and postage ($0.44 per stamp x 2.5 million Class Members). It would also allow the Plaintiff's Counsel to gain share more of the coupons, which they purport to have value to Plaintiffs as a cash substitute.

**Summary**
This settlement is not justice, nor fair. It seems to be an obvious collusion between Plaintiff Counsel and Defendants (1) to avoid realistic settlement options and (2) to allow another rip off of the Plaintiff Class. Plaintiff Counsel should share the cash for its purported fees and expenses with the entire Plaintiff Class by posting cash money to each class member on PayPal, in addition to the marketing coupons.

**Cash justice is owed to all, not just attorneys.**

Sincerely,

Einar Tamm

ROCHESTER NY 144

RE: Case No.: 3:06-cv-00545 LRH-RAM, Sobel et al.v. Hertz, et.

Notice of Objection with the Clerk
United States District Court of Nevada
400 S. Virginia Street
Reno, NV 89501