BOWEN HALL OHLSON & OSBORNE
Dan C. Bowen (dbowen@bowenhall.com)
555 South Center Street
Reno, Nevada 89501
Telephone: (775) 323-8678
Facsimile: (775) 786-6631

CROWELL & MORING LLP
Gregory D. Call (CSB No. 120483, gcall@crowell.com)
Janine L. Scancarelli (CSB No. 197202, jscancarelli@crowell.com)
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986.2800
Facsimile: (415) 986.2827

Attorneys for Defendants Enterprise Leasing
Company-West, LLC and Vanguard Car Rental USA, LLC

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JANET SOBEL, DANIEL DUGAN, Ph.D., LYDIA LEE, and MARK SINGER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION, Delaware corporation, ENTERPRISE LEASING COMPANY-WEST, LLC, a Delaware limited liability company, and VANGUARD CAR RENTAL USA, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 3:06-CV-00545-LRH-RAM<br><br>**DEFENDANTS ENTERPRISE LEASING COMPANY–WEST, LLC AND VANGUARD CAR RENTAL USA, LLC'S RESPONSE TO OBJECTIONS** |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DEFENDANTS ENTERPRISE AND VANGUARD'S
RESPONSE TO OBJECTIONS;
CASE NO. 3:06-CV-00545-LRH-RAM

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................ 1

II. ARGUMENT .................................................................................................................... 2

    A. Plaintiffs Are Not Likely to Recover Anything at All if the Litigation Continues ............................................................................................................... 2

    B. Objections to the Settlement Should Be Overruled and the Settlement Should Be Approved ............................................................................................. 4

        1. The Structure of the Settlement, in which Settlement Class Members Can Receive only Certificates and Not Monetary Relief, is Appropriate in View of the Weakness of Plaintiffs' Case ...................... 5

        2. The Discount Certificates Offered Here Provide Appropriate Relief for Settlement Class Members ........................................................... 6

        3. It Is Easy for Settlement Class Members to Register for Settlement Benefits ................................................................................................... 7

        4. Settlement Notice Fulfilled the Requirements of Due Process and Rule 23 ................................................................................................... 8

    C. Objector Schutzman's Request to Conduct Discovery Should Be Denied Because the Court has Sufficient Facts to Determine Whether the Settlement Is Fair, Adequate, and Reasonable ..................................................... 9

    D. Government Entities, Including the Nevada System of Higher Education and the United States, Are Not Members of the Settlement Class ..................... 11

III. CONCLUSION ............................................................................................................... 12

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-i-

DEFENDANTS ENTERPRISE AND VANGUARD'S
RESPONSE TO OBJECTIONS;
CASE NO. 3:06-CV-00545-LRH-RAM

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                                                         Page(s)

*Barel v. Bank of America,*
   255 F.R.D. 393, 401-02 (E.D. Pa. 2009) .............................................................................. 5

*Fleury v. Richemont N. Am., Inc.,*
   2008 U.S. Dist. Lexis 64521 (N.D. Cal. Jul. 3, 2008) ................................................. passim

*Fleury v. Richemont N. Am., Inc.,*
   2008 WL 3287154 (N.D. Cal. Aug. 6, 2008) ............................................................. passim

*Hemphill v. San Diego Ass'n of Realtors,*
   225 F.R.D. 616 (S.D. Cal. 2005) ........................................................................................ 9

*In re Corrugated Container Antitrust Litig.,*
   643 F.2d 195 (5th Cir. 1981) ............................................................................................ 10

*In re Domestic Air Transp. Antitrust Litig.,*
   144 F.R.D. 421, 425 (N.D. Ga. 1992) .............................................................................. 10

*In re General Motors Corp. Engine Interchange Litig.,*
   594 F.2d 1106, 1124-26 (7th Cir. 1979) .......................................................................... 10

*In re General Tire & Rubber Co. Sec. Litig.,*
   726 F.2d 1075 (6th Cir. 1984) ............................................................................................ 9

*Lobatz v. U.S. West Cellular, Inc.,*
   222 F.3d 1142 (9th Cir. 2000) .......................................................................................... 10

*Perez v. Asurion Corp.,*
   2007 WL 2591180 (S.D. Fla. March 23, 2007) ................................................................ 6

*Picus v. Wal-Mart Stores, Inc.,*
   256 F.R.D. 652-657-58 (D. Nev. 2009) .......................................................................... 12

*Rodriguez v. West Publ'g. Corp.,*
   563 F.3d 948 (9th Cir. 2009) ........................................................................................ 9, 10

*Synfuel Technologies, Inc. v. D.H.L. Express (USA), Inc.,*
   463 F.3d 646 (7th Cir. 2006) .............................................................................................. 2

*Weinberger v. Kendrick,*
   698 F.2d 61 (2d Cir. 1982) ................................................................................................. 9

**FEDERAL STATUTES**

28 U.S.C. § 1712 .................................................................................................. 6; Exh. 2, pp. 2, 5

28 U.S.C. § 1715(d) ........................................................................................................ Exh. 2, p. 11

**OTHER STATUTES**

N.R.S. § 482.31575 ................................................................................................. 3; Exh. 2, p. 15

**RULES**

Fed. R. Civ. P. 30(b)(6) ................................................................................................................ 10

Fed. R. Civ. P. Rule 23 ......................................................................................................... passim

I. INTRODUCTION

Defendants Enterprise Leasing Company – West, LLC ("Enterprise") and Vanguard Car Rental USA, LLC ("Vanguard") here respond to the objections filed with the Court by Settlement Class Members, and respectfully requests that the objections be overruled and the Settlement be approved.[1]

In their previous submissions to the Court, the Plaintiffs and Defendants have shown that the proposed Settlement, which provides discount certificates worth $10 and $20 to Settlement Class Members who register for them, is a fair, reasonable and adequate resolution of weak claims that may very well lead to absolutely nothing if litigation continues. The Plaintiffs themselves acknowledge that the outcome of further litigation is highly uncertain, noting that if the case continues they face challenges to class certification, liability and damages, as well as potential challenges on appeal. Pl. Mot. for Final Approval (Doc. 185) at 10:1-18.

Although some objectors recognize that the most important factor in assessing the fairness of a class action settlement is the strength of plaintiff's case on the merits, none of the objectors refutes the arguments that Defendants have made regarding the weaknesses of Plaintiffs' case. Those weaknesses in Plaintiffs' case mean that a Settlement like this one, which provides certificates of tangible value in exchange for potentially worthless claims, is properly approved by the Court. Indeed, since the passage of the Class Action Fairness Act, courts have approved settlements like this one, in which class members release weak claims in exchange for the opportunity to get discounts on future purchases from defendants.

The Settlement in this case is a reasonable result of good-faith negotiations between Plaintiffs and Defendants, and the response to the settlement has been overwhelmingly positive. The vast majority – almost 95% – of Settlement Class Members who have responded to the Class Notice have registered for settlement benefits.[2]

---

[1] Documents in the Court's docket in this case, including filed objections, are identified by document number (i.e., "Doc. X"). Unless otherwise noted, capitalized terms in the Response have the meanings set forth in the Settlement Agreement (Doc. 123-1).

[2] Defendants have recorded over 84,000 registrations for benefits, and the period for registration has more than two months still to run. Apr. 25, 2011 Dec. of Donald J. Andra (Doc. (Continued…)

-1-

DEFENDANTS ENTERPRISE AND VANGUARD'S
RESPONSE TO OBJECTIONS;
CASE NO. 3:06-CV-00545-LRH-RAM

1  Sixty-six individual Settlement Class Members have filed papers with the Court.[3] *See*
2  Exhibit 1, Index of Court Filings. One person asks to participate in the settlement (Doc. 149),
3  four ask to be excluded from the Settlement Class (Docs. 165, 166, 188, 196), one asks to be
4  excluded and comments on attorneys' fees (Doc. 143), one indicates satisfaction with his rental
5  contract and comments on attorneys' fees (Doc. 175), and the other 59 individuals indicate some
6  objection to the settlement, though one of them gives no reasons for objecting (Doc. 206).[4] The
7  objections – as well as the misunderstandings that underlie some of them – are analyzed in
8  Exhibit 2, Summary of Objections, and addressed below in section II.B. None of the objections
9  justifies disapproving the Settlement.

   In this response to objections, Enterprise and Vanguard first address the crucial issue that
   is ignored by the objectors – the weakness of Plaintiffs' case – and then address the various issues
   that the objectors have raised in their filings.

## II. ARGUMENT

### A. Plaintiffs Are Not Likely to Recover Anything at All if the Litigation Continues.

The most important factor in assessing the fairness of a class action settlement is the "strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *Synfuel Technologies, Inc. v. D.H.L. Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006). As

---

226) ¶ 5; Apr. 27, 2011 Suppl. Dec. of Jeffrey Gyomber (Doc. 229) ¶ 7. Fewer than 5,000 exclusion requests have been received. As discussed below, 59 Settlement Class Members filed objections with the Court.

[3] Some individuals filed twice, specifically Tomkovitch (Docs. 141, 227); Tamm (156, 198), Murphy (171, 173), Andrews (204, 216) and Weber (205, 216). In addition, two government entities – the Board of Regents of the Nevada System of Higher Education ("NSHE") (203) and the United States (Apr. 7, 2011 letter to Judge Hicks) – have made submissions to the Court regarding the settlement. The submissions of the government entities are addressed below in section II.D.

[4] Defendants sent out approximately 2,500,000 notices. Mar. 22, 2011 Dec. of Donald J. Andra (Doc 181) ¶ 9; Mar. 22, 2011 Dec. of Jeffrey Gyomber (Doc. 182) ¶¶ 5-6. The number of objections is therefore less than three one thousandths of a percent (less than 0.003%). The number of exclusions is approximately two one hundredths of a percent (0.02%). More than three percent have so far registered for settlement benefits; registration for benefits remains open until July 18. *See* Nov. 23, 2010 Order (Doc. 136) ¶¶ 12, 16.

noted above, none of the objectors rebuts the arguments Enterprise and Vanguard have made in their previous submissions (Docs. 127 and 194) regarding the weaknesses of Plaintiffs' case, arguments that are summarized here.

First, Plaintiffs must prevail on class certification, which they recognize is far from certain. *See* Pl. Mot. & Mem. in Support of Final Approval of the Settlement (Doc. 185 at 10:2-3, 10:9-10). Second, Plaintiffs must establish liability as to Enterprise and Vanguard. As described elsewhere, notwithstanding this Court's previous ruling to the contrary with regard to Hertz, Enterprise and Vanguard have strong arguments that the former version of N.R.S. § 482.31575 permitted car rental companies to separately quote and charge "any fees paid to airports," including airport concession recovery fees, and that the voluntary payment doctrine bars any recovery by plaintiffs. *See* Def. Mem. in Support of Preliminary Approval (Doc. 127 at 4:4-5:2), Def. Mem. in Support of Final Approval (Doc. 194 at 3:9-4:3). Any rulings to the contrary would be subject to independent, *de novo* review, as Plaintiffs recognize. Pl. Mot. (Doc. 185) at 10:4-5; Def. Mem. (Doc 127 at 5:3-10); Def. Mem. (Doc. 194) at 4:4-10. Third, Defendants have strong arguments that potential class members suffered no damages and are not entitled to any equitable relief. Pl. Mot. (Doc. 185) at 10:5-9; Def. Mem. (Doc. 127) at 5:11-7:4; Def. Mem. (Doc. 194) at 4:11-5:21.

Not one of the objectors has addressed or refuted any of these arguments.

One objector erroneously suggests that because Plaintiffs prevailed on their summary judgment motion against Hertz regarding the violation of N.R.S. § 482.31575, Plaintiffs are sure to get damages or equitable relief at trial. *See* Doc. 218 at 7. In fact, however, as noted above, both Plaintiffs and Defendants recognize that the ruling for Plaintiffs on the statutory violation issue is subject to *de novo* review upon appeal, and even if that ruling were to stand, Defendants have strong arguments that potential class members suffered no damages and are not entitled to any equitable relief. Moreover, the objector (along with others who appear to believe that the Defendants have injured, cheated or misled them, *see, e.g.*, Docs. 141, 142, 163, 189) disregards the Court's ruling for Hertz regarding violation of the Nevada Deceptive Trade Practices Act, which noted that Hertz had fully disclosed the total price of the rentals and that its practice was

-3-

DEFENDANTS ENTERPRISE AND VANGUARD'S
RESPONSE TO OBJECTIONS;
CASE NO. 3:06-CV-00545-LRH-RAM

1  not deceptive. Mar. 17, 2010 Order (Doc. 111) at 18:9-15.

2        A number of Settlement Class Members, however, do recognize the weakness of Plaintiffs' case. Thus, eight Settlement Class Members have stated in their filings that they were not damaged by Defendants' conduct (Docs. 143, 153, 160, 161, 170, 171, 172, 179). Several of those, as well as ten others (Docs. 148, 152, 159, 164, 169, 174, 178, 183, 184, 191), believe Plaintiffs' case is frivolous, or "parasitic," or wastes judicial resources.

      In exchange for Settlement Class Members' releasing extremely weak claims, the Settlement provides discount certificates to those Settlement Class Members who register. Each certificate is worth $10 or $20 on a future rental at any U.S. location of the issuing Brand. Settlement Agreement (Doc. 123-1) ¶ 2.2(e). The certificates are not limited to use at airport locations, or to use in Nevada. *Cf.* Doc. 148. Settlement Class Members need not travel to use the certificates – the Defendants' brands have thousands of locations across the country, including many urban and suburban locations. *Cf.* Doc. 147. The certificates can be used in combination with other discounts, are valid for 18 months, and can be transferred to parents, children, spouses and legally recognized domestic partners who live at the address of the Settlement Class Member. Settlement Agreement (Doc. 123-1) ¶¶ 1.15, 2.2(e).

### B. Objections to the Settlement Should Be Overruled and the Settlement Should Be Approved.

Settlement Class Members have raised a number of objections to the Settlement, none of which should be sustained.[5] The main areas of objection are the structure of the settlement (addressed below in Section II.B.1), characteristics of the certificates (addressed below in Section II.B.2), the amount requested in attorneys' fees or incentive awards (to be addressed by Plaintiffs), the procedures associated with Settlement benefits (addressed below in section II.B.3), and the notice provided to Settlement Class Members (addressed below in Section II.B.4). In addition, Settlement Class Members have raised a few other objections to the Settlement, which

---

[5] The objections that have been filed with the court are summarized, along with Enterprise and Vanguard's responses to them, as Exhibit 2 to this Response. Certain of the objections are also addressed in this section of the Response.

are detailed and refuted in Exhibit 2 at 11-12.

Many of the objections rest upon misunderstandings of the Plaintiffs' case or the Settlement Agreement, and those issues are addressed in Exhibit 2, at 13-15. In particular, Enterprise and Vanguard note that the Plaintiffs seek a total of $20,000 (not $80,000) in incentive awards for the Class Representatives (*cf.* Docs. 140, 148, 162, 164, 169, 174, 176), that the Settlement certificates, unlike many other discounts, can be used in combination with other discount offers (*cf.* Docs. 146, 183, 184, 190, 218), and, as the Court has recognized, Nevada law has explicitly permitted the unbundling of airport concession recovery fees since October 2009 (*cf.* Docs. 177, 198, 212).

### 1. The Structure of the Settlement, in which Settlement Class Members Can Receive only Certificates and Not Monetary Relief, is Appropriate in View of the Weakness of Plaintiffs' Case

The most frequently stated objection concerns the structure of the Settlement, in which class members will receive certificates for discounts on future purchases from Defendants, while Plaintiffs' counsel and the Class Representatives will receive cash. Exh. 2 at 1-2. One objector goes so far as to say that Plaintiffs' counsel "must" accept a portion of their fees in certificates. Doc. 200 at 17:24-25. But settlements in which class members receive non-monetary awards and class representatives and class counsel receive cash are permitted by the Class Action Fairness Act, and have been approved by numerous courts, especially in situations like the one here, where Plaintiffs' case is weak. For example, in *Fleury v. Richemont North America, Inc.*, the court found that settlement benefits, which included a credit that can be applied on a future purchase from defendant, were appropriate, particularly given that "there are significant weaknesses to Plaintiffs' claims" and plaintiffs' damages argument "would be difficult to make and . . . would ultimately prove less than substantial in dollar amount." 2008 U.S. Dist. LEXIS 64521, *52-60 (N.D. Cal. July 3, 2008). In *Barel v. Bank of America*, the court found that free credit report monitoring was appropriate relief because it represents a "substantial portion of the likely recovery in this case, and is unquestionably better than another 'possibility' – little or no recovery at all." 255 F.R.D. 393, 401-02 (E.D. Pa. 2009) (noting that "determining damages would be difficult" even if plaintiffs could establish liability) (citation omitted).

Several objectors suggest that any award of attorneys' fees be determined in relation to the value of certificates that are redeemed. Docs. 176, 187, 195, 200, 214, 215. Some objectors state, incorrectly, that the award must be determined in that way. *See* Doc. 200 at 17:24-25; 214 and 215 at 4:15-27. The Class Action Fairness Act, however, permits attorneys' fees to be based on lodestar calculations in settlements that provide for a recovery of "coupons" by class members, and this has been recognized by several courts. 28 U.S.C. § 1712(b)(1); *see also, e.g., Fleury v. Richemont N. Am., Inc.*, 2008 WL 3287154, *3 (N.D. Cal. Aug. 6, 2008); *Perez v. Asurion Corp.*, 2007 WL 2591180, *1-2 (S.D. Fla. March 23, 2007).

Some objectors complain that Defendants have agreed not to contest a request for attorneys' fees up to a total of $1.44 million and incentive awards up to a total of $20,000 (Docs. 204, 205, 208), but agreements such as the one here are common and permitted. *See, e.g., Fleury*, 2008 WL 3287154 at *1. Such agreements do not remove from Plaintiffs the responsibility to justify their request for attorneys' fees and incentive awards. *See* 2003 Advisory Committee Notes to Fed. R. Civ. P. 23(h) (observing that with such an agreement it remains the court's responsibility to determine a reasonable fee). Objectors' suggestions that Plaintiffs' Counsel have traded away benefits to the Settlement Class in exchange for their fees (Docs. 187 at 6-7; 200 at 6:18-27; 204 and 205 at 22:7-26:15; 208 at 5:18-8:24; 221 at 2:6-7), are belied by the Settlement Agreement, which makes clear that the provision of relief to the Settlement Class is not conditioned upon Plaintiffs' Counsel's receiving their requested award. Settlement Agreement (Doc. 123-1) ¶¶ 1.11, 1.28, 2.4, 3.2; 3.3.

### 2. The Discount Certificates Offered Here Provide Appropriate Relief for Settlement Class Members.

Some objectors believe that they should receive a cash settlement – including some who believe they should receive full refunds of the amounts they paid in fees, or more. *See, e.g.,* Docs. 147, 162, 180, 190, 195. But this is a settlement, a compromise of claims, in a case where there has been no finding or admission that Settlement Class Members are entitled to recover anything at all. Even if the separate stating of the concession recovery fee was contrary to statute, there has been no showing of any damage to Settlement Class Members as a result.

The most frequently stated objection to the certificates themselves is that in order to receive any benefits, Settlement Class Members must have future dealings with the Defendants and, since car rentals cost more than $10 or $20, pay more money to the Defendants. *See* Exh. 2 at 3. In fact, however, discounts on future purchases are acceptable settlement relief in class actions, particularly in cases like this one, where plaintiffs' claims are weak. *Fleury*, 2008 U.S. Dist. Lexis 64521 at *73-74 (approving settlement despite its perceived minimal value to the class because of the litigation risk for the class's relatively weak claims). Some objectors argue that certificates will not require the Defendants to disgorge ill-gotten gains, *see* Docs. 200, 214, 215, 218, but as noted above, it has not been established that Defendants should be required to disgorge anything at all. Some objectors are concerned because they believe that if they have been cheated or overcharged by the Defendants, a future rental provides the Defendants with an opportunity to overcharge or cheat them again. *See, e.g.*, Docs. 142, 145, 146, 168, 177, 190, 198, 208, 212. But, as the Court is aware, there has been no finding of damages and the Court specifically ruled that Hertz had not deceived its customers by separately stating the concession recovery fee. Mar. 17, 2010 Order (Doc. 111) at 18:13-14, 19:12-17. Further, Nevada law now explicitly permits the separate stating of airport concession recovery fees. Mar. 17, 2010 Order (Doc. 111) at 19:25-26; *cf.* Doc. 212 (noting that concession recovery fees are still charged).

Still others object that the certificates will not be useful to them, or may not be useful to some others, because they do not expect to rent a car within the 18-month redemption period for the certificates or because the certificates can be transferred only to certain family members. *See, e.g.* Docs. 144, 145, 147, 159, 163, 207. Although the certificates may not be useful, or used, by all class members, that does not mean that they provide no benefit to the class. *Cf.* Docs. 169 ("There is no meaningful benefit" to class members.), 217 (The certificates "are of no material value to class members.").

### 3. It Is Easy for Settlement Class Members to Register for Settlement Benefits.

A few objectors complain that they must register to receive Settlement benefits, and suggest that the Settlement should have had the Defendants send certificates to all Settlement

1  Class Members upon Settlement approval. Docs. 174, 208, 214, 215, 218. Such a process,
2  however, would have been extremely expensive, involving a second mailing to over 1.2 million
3  Settlement Class Members for Enterprise and Vanguard alone. *See* Dec. of Donald J. Andra
4  (Doc. 181) ¶ 9. The registration requirement means that certificates will be sent only to those
5  who are interested in receiving them, and the process itself is extremely simple – to register for
6  benefits for the Enterprise and Vanguard brands (Alamo, Enterprise and National), Settlement
7  Class Members need do nothing more than go to the settlement website and enter their last name
8  and the certificate registration number provided to them on their notices. *See, e.g.*,
9  www.nevadacarrentalsettlement/alamo/settlement-registration-form/. There is no need for
10 Settlement Class Members to sign and mail a claim form (which is commonly required in
11 connection with class action settlements). *See, e.g.*, 2 John L. McLaughlin, McLaughlin on Class
12 Actions § 6.16 (7th ed. 2011). Contrary to the belief of some objectors, Settlement Class
13 Members do not need to provide documentation of their rentals in order to register for Settlement
14 benefits. *Cf.* Docs. 146, 179, 209.

      Registration via the Internet is quick and virtually costless to Settlement Class Members,
16 and it is convenient for almost everyone. Those who lack Internet access can request (and have
17 requested) assistance from Plaintiffs' Counsel, whose telephone numbers and mailing addresses
18 appeared on every notice. *See* Joint Dec. (Doc. 186-1) ¶ 24.

19       **4.    Settlement Notice Fulfilled the Requirements of Due Process and Rule 23.**

21       As stated in the Court's Nov. 23, 2011 Preliminary Approval Order, (Doc. 136) ¶ 5, the
22 notice provided to Settlement Class Members meets the requirements of due process and Rule 23,
23 which requires that "[t]he court must direct notice in a reasonable manner to all class members
24 who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). The specific steps taken by
25 Enterprise and Vanguard to notify Settlement Class Members, which involved mailing 1,279,466
26 four-page notices, are set forth in the March 22, 2011 Declaration of Donald J. Andra (Doc. 181)
27 ¶¶ 6-12. Due process does not require that every class member receive actual notice; courts have
28 upheld notice by mail to a class member's last known address as reflected in defendants' records,

1  similar to the notice given here.[6]  *See* 2 McLaughlin on Class Actions § 6:16.

2  Press releases, settlement-related banners or links on defendants' websites, and detailed discussion of the procedural posture of the case are not required by due process or Rule 23.  *Cf.* Docs. 187, 213, 218.  The Ninth Circuit has held that "[n]otice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard."  *Rodriguez v. West Publ'g. Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (citations and internal quotation marks omitted).  The notice provided to Settlement Class Members here has clearly met that standard.

### C. Objector Schutzman's Request to Conduct Discovery Should Be Denied Because the Court has Sufficient Facts to Determine Whether the Settlement Is Fair, Adequate, and Reasonable.

Objector Schutzman's request to "conduct appropriate discovery in regard to the settlement" should be denied.  Doc. 200 at 18:28.  "Class members who object to a class action settlement do not have an absolute right to discovery . . . ."  *Hemphill v. San Diego Ass'n of Realtors*, 225 F.R.D. 616, 619 (S.D. Cal. 2005).  Nor do they have an automatic right "to question and debate every provision of the proposed compromise."  *In re General Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1084 n.6 (6th Cir. 1984) (citation omitted).  Rather, in evaluating whether to allow discovery, "[t]he fundamental question is whether the district judge has sufficient facts before him to intelligently approve or disapprove the settlement."  *Hemphill*, 225 F.R.D. at 619-20.  Thus, objecting class members should not be granted leave to pursue discovery unless they present "cogent factual objections to the settlement."  *Weinberger v. Kendrick*, 698 F.2d 61, 79 (2d Cir. 1982).  "In addition, where the objectors represent only a small percentage of the class, the likelihood of the court granting their discovery requests decreases because the court will give great weight to the interests of the majority of the class members."  *Hemphill*, 225 F.R.D. at 620.

Here, Schutzman seeks leave to serve discovery relating to the "true value of the settlement and the validity of the attorney fees sought by Class Counsel," by serving "Requests for Production and Interrogatories upon each of the settling parties, as well as depos[ing]

---

[6] Due process does not require notice by certified mail.  *Cf.* Doc. 198

Defendants' corporate representative(s) pursuant to Fed. R. Civ. P. 30(b)(6)." Doc. 200 at 19:9-11. Schutzman does not attach or otherwise identify the scope of his proposed discovery, but claims that it would focus "on the actual cash value of the certificates, including the extent of Defendants' actual exposure based upon Defendants' historical coupon redemption rates." *Id.* at 19:15-17. However, Schutzman does not (as he must) make a clear and specific showing that the historical rate of redemption of similar certificates is necessary to provide the Court with information sufficient to determine whether the settlement is fair, reasonable and adequate to the class. Indeed, given the weaknesses in Plaintiffs' claims, and the substantial risk that Plaintiffs and the class will receive no recovery if the case if fully litigated, the parties have already demonstrated that the settlement benefits are fair and generous. "If the terms themselves are fair, reasonable and adequate, the district court may fairly assume that they were negotiated by competent and adequate counsel; in such cases, whether another team of negotiators might have accomplished a better settlement is a matter equally comprised of conjecture and irrelevance." *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 212 (5th Cir. 1981).

The cases cited by Schutzman are not applicable to the facts and circumstances of this case. In *In re General Motors Corp. Engine Interchange Litig.*, the court allowed discovery into settlement negotiations because other evidence had already established that the negotiations were "irregular" and conducted in violation of a court order regarding settlement. 594 F.2d 1106, 1124-26 (7th Cir. 1979). No such evidence of collusion exists in this case.[7] To the contrary, Judge Ronald Sabraw (Ret.), who served as a mediator in connection with the settlement, noted specifically that the mediation "was hard-fought by all. The parties addressed many contentious issues, and counsel for all parties vigorously represented their clients' interests." Dec. of Hon. Ronald M. Sabraw (Ret.) (Doc. 125-1) ¶ 3. In *In re Domestic Air Transp. Antitrust Litig.*, the

---

[7] To the extent Schutzman seeks discovery relating to his baseless contention that "the proposed settlement portrays an 'inside deal'" between the parties, such discovery must be denied as a matter of law. Doc. 200 at 11:22-23. Discovery of evidence relating to settlement negotiations is appropriate only in rare circumstances and is "proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive." *Lobatz v. U.S. West Cellular, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000). Here, Schutzman does not present any evidence of collusion between the parties.

court permitted limited discovery (unlike Schutzman's request here) that was narrowly tailored to specific issues the court determined to be relevant to its determination of the fairness of that particular settlement. 144 F.R.D. 421, 425 (N.D. Ga. 1992).

### D. Government Entities, Including the Nevada System of Higher Education and the United States, Are Not Members of the Settlement Class.

The Nevada System of Higher Education "NSHE" (Doc. 203) and the United States (Apr. 7, 2011 Letter to Judge Hicks) have stated that they are not part of the Settlement Class. Enterprise and Vanguard agree with Plaintiffs that the Settlement Class by definition does not include the NSHE or the United States or any other government entities, and that those government entities, like all others, are not bound by the Settlement. Pl. Response to Submissions by the United States Department of Justice and the Board of Regents of the Nevada System of Higher Education (Doc. 223) at 1:19-26, 2:3-6.

The Settlement Class Members in this case are the individual renters who were charged airport concession recovery fees by defendants at Nevada airports during the settlement periods. Settlement Agreement (Doc. 123-1) ¶¶ 1.25, 1.26, 2.2. To the extent that any government entity should seek to exclude from the Settlement Class those individuals whom it reimbursed for airport concession recovery fees, such a request could not even be considered in the absence of information about the names of such individuals or the occasions upon which they were reimbursed, and no such information has been presented. Enterprise and Vanguard note that there is nothing unusual about a renter being reimbursed for all or part of a rental – individuals who rent cars may be reimbursed by any number of organizations (including, but not limited to, their employers) or by relatives or friends.

///
///
///
///
///
///

### III. CONCLUSION

For the reasons discussed above and in the Parties' other submissions to the Court regarding the proposed Settlement, Defendants Enterprise and Vanguard respectfully request the Court to overrule all objections and grant final approval of the Parties' proposed Settlement.

Dated: April 28, 2011                    BOWEN HALL OHLSON & OSBORNE


/s/ Dan C. Bowen
Attorneys for Defendants
Enterprise Leasing Company-West, LLC and
Vanguard Car Rental USA, LLC

SFACTIVE-129055.0002097/902294027.1

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b) and Local Rule 5-4, I hereby certify that I am an employee of BOWEN HALL, over the age of eighteen, and not a party to the within action. I further certify that on the 28th day of April, 2011, I electronically filed the foregoing and thus, pursuant to LR 5-4, caused same to be served by electronic mail on the following Filing Users:

Gregory D. Call (gcall@crowell.com)

Peter S. Hecker (phecker@sheppardmullin.com)

Anna McLean (AMcLean@sheppardmullin.com)

William E. Peterson (wep@morrislawgroup.com)

G. David Robertson (gdavid@nvlawyers.com)

Janine L. Scancarelli (jscancarelli@crowell.com)

Arthur Stock (astock@bm.net)

Susan S. Thomas (sthomas@bm.net)

Richard D. Williamson (rich@nvlawyers.com)

David B. Zlotnick (david@kkbs-law.com)

Geoffrey L. Giles (geofgiles@yahoo.com)

John Albrecht (jalbrecht@tmcc.edu)

Kenneth R. Bick (kbick@bicklawoffices.com)

Michael Radmilovich (michael@radmilovich.com)

Joel J. Ewusiak (jewusiak@forizs-dogali.com)

Haley R. Maple (hmaple@forizs-dogali.com)

I further certify that I mailed a true and correct copy of the foregoing with first-class United States postage prepaid affixed thereon, to:

| | | |
|---|---|---|
| Edward L. Buchannan<br>130 Kerry Ct.<br>Vacaville, CA 95687 | Clinton M. Casey<br>705 NE 3rd Street<br>Pompano Beach, FL 33060 | Kevin Foster<br>839 Commercial St.<br>Marseilles, IL 61341 |
| Jacqueline Gagnon<br>197 Montelona Road<br>Goffstown, NH 03045 | Dennis J. Godsey<br>1102 Main Street<br>Belle Chasse, LA 70037 | David Grant<br>3 Oakhurst Terrace<br>Newcastle upon Tyne<br>NE12 9NY<br>England |

| # | | | |
|---|---|---|---|
| 1 | Max Hensley<br>116 Parklane Dr.<br>San Antonio, TX 78212 | Douglas A. Hindmarsh<br>130 Island Rd.<br>Millis, MA 02054 | Dennis L. Hunt<br>9120 Edgemont Dr.<br>N. Richland Hills, TX 76182 |
| 3<br>4 | Gary Jackson<br>2805 Ridge Valley Road, NW<br>Atlanta, GA 30327 | Paul E. Johnson<br>P.O. Box 11516<br>Zephyr Cove, NV 89448 | Ivan M. Katz<br>57 Trumbull Street<br>New Haven, CT 08510-1004 |
| 5<br>6 | Dennis Kirson<br>2321 Hendola Drive, NE<br>Albuquerque, NM 87110 | Clark J. Leslie<br>100 Clark Court<br>Cambridge, OH 43725-9616 | Kathleen Loepker<br>300 Dorchester Drive<br>Belleville, IL 62223 |
| 7<br>8 | Michael L. McMillan<br>P.O. Box 15042<br>Hattiesburg, MS 39404-5042 | James Miller<br>1542 Bennett Road<br>Lansing, MI 48906 | George Murphy<br>1904 Dove Ct.<br>Friendswood, TX 77546 |
| 9<br>10 | George Murphy<br>P.O. Box 1835<br>Friendswood, TX 77546 | Richard A. Norton<br>P.O. Box 330<br>Warnerville, NY 12187 | Jeffrey Osborn<br>13632 Madison Street<br>Thornton, CO 80602 |
| 11<br>12 | Keith Owens<br>612 34 Road<br>Clifton, CO 81520 | Jonathan H. Parker<br>1521 Alton Road, Suite 366<br>Miami Beach, FL 33139 | Harold Peterson<br>7911 Westhaven Dr SW, Apt 3<br>Huntsville, AL 35802-1431 |
| 13<br>14 | Michael Prihar<br>P.O. Box 3242<br>Granada Hills, CA 91394 | John S. Reifschneider<br>1001 6th Avenue, Suite 100<br>Leavenworth, KS 66048 | Edward J. Smith<br>56 Nassau Ave.<br>Plainview, NY 11803 |
| 15<br>16 | Einar Tamm<br>20 Partridge Hill<br>Honeoye Falls, NY 14472 | Mike Thayne<br>1768 N. 4850 W.<br>Ogden, UT 84404 | Michael J. Tomkvitch<br>7 Woodcrest Drive<br>Hopewell Junction, NY 12533 |
| 17<br>18 | Linda Trigg<br>4593 Fir Dell Dr. SE<br>Salem, OR 97302 | John Vertino<br>8 Elaine Ct.<br>Buffalo, NY 14225 | Michael J. Walkley<br>5606 Saint Albans Way<br>Baltimore, MD 21212 |
| 19<br>20 | Charles Westin<br>P.O. Box 157<br>Belleville, KS 66935-1940 | Mike Whaley<br>21325 119th Street<br>Bristol, WI 54104 | Karen White<br>400 S. Eagle Ave<br>McAllen, TX 78504-5116 |
| 21<br>22 | Steven E. Whitney<br>7805 Ridgemar Drive<br>Dallas, TX 75231 | Daniel Woodson<br>37925 Ridge Top Drive<br>Lebanon, OR 97355 | Peter York<br>No. 11 Crouchfield<br>Hemel Hempstead, HP1 1PA<br>UK |
| 23<br>24 | Anthony L. DeWitt<br>715 Swifts Highway<br>Jefferson City, MO 65101 | Patrick King<br>2875 SW Scenic Drive<br>Portland, OR 97225 | Oliver M. Haynold, Ph.D.<br>1013 Simpson Street<br>Evanston, IL 60202-3119 |
| 25<br>26 | Rodney Reffert<br>2915 N 58th St.<br>Lincoln, NE 68507 | Alan Hartman<br>2643 N. Waskevich Lane<br>Midland, MI 48642 | Ronald C. Nahas<br>3697 Mt. Diablo Blvd., Suite 250<br>Lafayette, CA 94549 |

-2-

CERT. OF SERVICE – ENTERPRISE/VANGUARD
RESPONSE TO OBJECTIONS;
CASE NO. 3:06-CV-00545-LRH-RAM

| | | |
|---|---|---|
| M. Gary Olson<br>1578 NW Trenton Avenue<br>Bend, OR 97701 | Michael Shaw<br>28 Mayfield Street<br>St. Kilda East 3183<br>Victoria | Shrenik Bavishi<br>P.O. Box 5<br>Colonia, NJ 07067-0005 |
| Thomas L. Cox, Jr.<br>4934 Tremont<br>Dallas, TX 75214 | Paul Jeffrey<br>157 Runnymeade Parkway<br>New Providence, NJ 07974 | Einar Tamm<br>20 Partridge Hill<br>Honeoye Falls, NY 14472 |
| Scott E. Schutzman<br>1716 Lake Street<br>Huntington Beach, CA 92648-3166 | William Andrews<br>15110 SW Gibraltar Court<br>Beaverton, OR 97007 | Walter M. Weber<br>4538 Eaton Place<br>Alexandria, VA 22310 |
| Christopher P. Burke<br>Davi Burke<br>218 S. Maryland Parkway<br>Las Vegas, NV 89101 | Jason Glavish<br>5601 St. Andrews<br>Reno, NV 89502 | Kevin E. Kalled<br>1014 Paul Avenue<br>Rotterdam, NY 12306 |
| Joseph P. Altman, Jr.<br>6745 N. 93rd Avenue, Unit 1170<br>Glendale, AZ 85305 | Tim Travis<br>6752 Harlan Drive<br>Eden Prairie, MN 55346 | David B. Johnson<br>603 N. Highway 101, Suite A<br>Solana Beach, CA 92075 |
| Andrew Cesare<br>603 N. Highway 101, Suite A<br>Solana Beach, CA 92075 | Charles Ognibene<br>91 Walpole Street<br>Dover, MA 02030 | Jordana Cooper<br>309 Mimosa Place<br>Cherry Hill, NJ 08003 |
| Marsha Langford<br>6201 Fairview<br>Lenoir City, TN 37772 | | |

Dated this 28th day of April, 2011.

/s/ *Lawry Kristie*
Lawry Kristie

SFACTIVE-129055.0002097/902294027.1

## INDEX OF EXHIBITS

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| 1. | Index of Court Filings | 4 |
| 2. | Summary of Objections | 16 |