G. David Robertson, Esq. (SBN 1001)
Jarrad C. Miller, Esq. (SBN 7093)
ROBERTSON & BENEVENTO
50 West Liberty Street, Suite 600
Reno, Nevada 89501
Telephone: (775) 329-5600
Facsimile: (775) 348-8300
gdavid@nvlawyers.com
jarrad@nvlawyers.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF NEVADA

JANET SOBEL, DANIEL DUGAN, PhD., and LYDIA LEE, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

THE HERTZ CORPORATION, a Delaware corporation; and, ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation,

Defendants.

Case No.: 3:06-cv-00545 LRH-RAM

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS**

**I.  INTRODUCTION**

Plaintiffs, Janet Sobel, Daniel Dugan, Ph.D., Lydia Lee, and Mark Singer ("Plaintiffs"), submit this reply brief in support of final approval of the proposed settlement of this class action and in response to the objections filed with the Court by Settlement Class Members. Plaintiffs respectfully request that the objections be overruled and the Settlement be approved.[1]

Of the approximately 2.5 million members of this large Settlement Class, only 59 persons, or well under one hundredth of 1%, have objected to the proposed settlement. Of those 59 persons, 18 object basically on the grounds that they believe the case lacks merit and is a

---

[1] Plaintiffs have previously responded to the submissions from the United States Department of Justice and the Board of Regents of the Nevada System of Higher Education ("NSHE"). We are separately responding to the objections made to the motion for an award of attorneys' fees and incentive awards.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 1

waste of judicial resources. The other 41 persons assert essentially that the settlement is inadequate and/or object to receiving discount certificates rather than cash, particularly given that counsel are being paid in cash. By contrast, over 84,000 Settlement Class Members have already registered for the settlement benefits, without objection. We also anticipate that untold thousands of other persons will register prior to the July 18, 2011 deadline.

Obviously, Plaintiffs and Class Counsel would have much preferred to obtain a settlement that fully compensated all Class Members in cash for the concession recovery fees they paid. Class Counsel tried to negotiate such a cash settlement, but it was not obtainable. We fought this case for over four years through multiple rounds of briefing on the merits and discovery that included depositions from New Jersey to California. Hence, we were well aware of the strengths and weaknesses of Plaintiffs' claims. When it came time to negotiate the Settlement, Class counsel had to take a realistic view of the strengths and weaknesses of the case and recognize the hard fact that Plaintiffs' claims faced serious risks, particularly in light of the Nevada Legislature's decision to revise the governing statute. The proposed Settlement before the Court, which provides discount certificates worth $10 or $20 to the Settlement Class Members who register, is a fair, reasonable and adequate resolution of the claims asserted in this matter, given the weaknesses and risks of this case as it stood after four years of litigation, and as shaped by the Court's decision on the parties' cross-motions for summary judgment. As discussed further below, the outcome of the litigation remained highly uncertain, particularly as to damages, although there were also issues as to class certification as well as potential challenges on appeal.

None of the objectors adequately address or dispute the weaknesses or risks of the case. As noted above, however, almost 1/3 of them take the position that the case is so weak that it should never have been brought; the others assert that we should have obtained much more. We do not agree with either of those extreme views. Plaintiffs had and have legitimate, albeit modest sized, claims. But there are weaknesses in Plaintiffs' case which, when taken together, compel the conclusion that this settlement-- providing certificates of true tangible value in exchange for the release of potentially problematic claims -- should be approved by the Court.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 2

Contrary to the arguments of certain objectors, since the passage of the Class Action Fairness Act ("CAFA"), federal courts have approved settlements like this one in which class members release modest sized claims in exchange for certificates or coupons giving them the opportunity to obtain discounts on future purchases from defendants. Such a resolution is particularly appropriate in this case where the damages at issue are quite modest and difficult to quantify, the certificates can be used over an 18-month period for car rentals anywhere in the United States, the certificates are transferable, albeit with restrictions, and do not require class members to engage in substantial transactions, such as the purchase of an automobile.

Indeed, the Settlement in this case is the result of good-faith negotiations between Plaintiffs and Defendants following four years of vigorously contested litigation; and the Settlement Class' response to the settlement has been overwhelmingly positive. The few Objectors who have challenged the settlement as collusive have no absolutely evidence to substantiate that claim – nor does any such evidence exist since this case has been hard-fought by both sides at every turn. Further, the vast majority of Settlement Class Members who have responded to the Class Notice have registered for settlement benefits.[2] For the reasons set forth in Plaintiffs' opening memorandum, as well as those discussed below, the settlement terms are fair and reasonable, and the Court should approve the proposed settlement without hesitation.

## II.     RELEVANT FACTS

### A.     The Strengths and Weaknesses of Plaintiffs' Case

Plaintiffs believe strongly in the merits of their claims – a belief borne out by the Court's opinions denying Hertz's motion to dismiss and later granting Plaintiffs' Motion for Summary Judgment on their claim under N.R.S. § 482.31575 (the Statute). Notwithstanding the strength of Plaintiffs' claims on the merits, however, there remained significant risks on appeal as well as the possibility that the Court would deny class certification.

---

[2] Defendants have recorded over 84,000 registrations for benefits, and the period for registration has more than two months still to run. April 25, 2011 Dec. of Donald J. Andra (Doc. 226) ¶ 5; April 26, 2011 Dec. of Jeffrey Gyomber (Doc. 229) ¶ 7. Fewer than 5,000 exclusion requests have been received. April 28, 2011 Declaration of G. David Robertson, Esq. (Exhibit 1) at 1 - 2. As discussed below, 60 objections were filed with the Court. As is typical (even with cash settlements), most Class members have simply not participated.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 3

In addition, two factors created substantial risk that, notwithstanding the Court's summary judgment ruling, Plaintiffs would not obtain any significant recovery. First, the Nevada Legislature's 2009 decision to amend the Statute raised a number of concerns. That decision eliminated the possibility of Plaintiffs obtaining injunctive relief – a key reason that Plaintiffs brought this suit. Although this Court found that the statutory change was not retroactive, that issue remained a serious risk on appeal. Moreover, the Legislature's decision to expressly allow such surcharges undercut Plaintiffs' argument that Defendants imposition of unbundled concession recovery fees ("CRFs") was unfair and anti-consumer.

Second, many of the objectors appear to erroneously assume that Plaintiffs and the Class were entitled to damages in the entire amount of the CRFs that Defendants collected. As this Court noted in denying summary judgment as to damages, that is far from clear. Plaintiffs faced significant problems and risks in quantifying any damages, given that Defendants and their competitors had all charged such unbundled fees since the mid-1990s and that Defendants could and likely would have simply raised their base rates proportionally had they not been able to assess these surcharges. Under the normal "out-of-pocket" damages rule governing tort claims, Defendants would undoubtedly argue strongly that Plaintiffs had not sustained any damages; and plaintiffs faced serious problems proving their entitlement to any material damages.

When Plaintiffs filed the case, we hoped and expected to be able to argue for restitution of all unbundled CRF charges, but the statutory change and the Court's ruling on summary judgment made clear that it was highly unlikely we would obtain such full restitution. Not only did the Court refuse to order restitution for the individual Plaintiffs, the Court granted Hertz's summary judgment motion as to Plaintiffs' claim under the Deceptive Trade Practices Act, expressly holding that "[i]n light of Hertz's full disclosure of the total price at the time of the reservations. . . Hertz's practice was not deceptive within the meaning of the DPTA." Doc. 111 at pp. 18 (3/17/10). Given the Court's finding that Hertz's conduct was not deceptive, Plaintiffs' counsel reasonably concluded that there was little likelihood that the Court would order full restitution of the unlawful charges.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 4

As a result, absent the Settlement, we could have litigated for many more years, including a trial on damages and an appeal, with little likelihood of obtaining any substantial cash recovery for the Class. Under these circumstances, the present Settlement was and is appropriate.

**B.     The Settlement Negotiations and Terms**

This Settlement was only reached after four years of litigation and an extended mediation session before the Honorable Ronald M. Sabraw (Ret.), who served as a Judge of the Alameda County (California) Superior Court for 20 years, including six years as head of that Court's complex litigation department where he handled many class actions and other complex cases.[3] As Judge Sabraw has commented:

> The mediation involved many complex and difficult issues, and was hard-fought by all. The parties addressed many contentious issues, and counsel for all parties vigorously represented their clients' interests.
> In the course of one 12-hour day of mediation, and subsequent lengthy follow-up communications with both sides throughout June, the parties worked through a range of procedural and substantive considerations, and they ultimately arrived at a thoughtful and innovative settlement package that I believe is well-tailored to the strengths and weaknesses of all parties' positions.

Declaration of Hon. Ronald M. Sabraw (Ret.) at ¶¶ 5-6.

Plaintiffs' counsel has substantial experience prosecuting complex cases and worked hard to obtain the best settlement possible. Like any settlement, this one involved compromise and does not represent our fondest hopes. But it is a reasonable and fair resolution of this dispute.

**1.     Process of the Settlement Negotiations.**

As the Court is aware, the parties reached this settlement following an extended mediation before the Judge Sabraw. The objectors may not realize that the parties did not consummate the settlement even after an extended day of mediation, but rather took an additional month before reaching an agreement in principle. Moreover, contrary to the contentions of certain objectors, there was no trade off of the Class' recovery so that Plaintiffs' Counsel could obtain greater fees. Indeed, Plaintiffs' Counsel insisted on negotiating the settlement terms for the Class prior to any discussions as to fees. At all times, Plaintiffs'

---

[3] Judge Sabraw's previously-filed Declaration and Resume are attached to the accompanying Robertson Declaration as Exhibit A.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 5

1  Counsel were willing to proceed with the settlement without any "agreement" as to their fees and
2  to submit their fee request to the Court for its determination. But Defendants insisted upon a cap
3  to the fees that Plaintiffs' Counsel could request and offered not to oppose a request that was less
4  than that cap. The parties ultimately agreed on a negotiated cap, but that was only negotiated
5  after the basic settlement terms had been agreed to. Robertson Decl at 2.

6  **2.     The Settlement Consideration.**

7  In exchange for Settlement Class Members' releasing their claims, the Settlement
8  provides discount certificates to those Settlement Class Members who register. Each certificate
9  is worth $10 (for persons who rented once or twice from a given brand) or $20 (for persons who
10 rented three or more times). The certificates can be used on a future rental at any U.S. location
11 of the issuing brand over a period of 18 months following their issuance. Settlement Agreement
12 (Doc. 123-1) ¶ 2.2(e). Settlement Class Members need not travel to use the certificates – the
13 Defendants all have thousands of locations across the country, including suburban and urban
14 locations. Most importantly, the certificates *can be used in combination with other discounts*
15 and can be transferred to parents, children, spouses and legally recognized domestic partners
16 who live at the address of the Settlement Class Member. Settlement Agreement (Doc. 123-1) ¶¶
17 1.15, 2.2(e). As discussed above, these certificates have real value, and the overwhelming
18 majority of Class members who have responded have chosen to participate in the Settlement.

19 In assessing the reasonableness of the Settlement, it is critical to bear in mind the fact that
20 the great majority of Class members have quite modest claims. The CRFs they paid were
21 typically 10-11% of their total rental (excluding taxes). Hence, even assuming that Settlement
22 Class Members would be entitled to recover 100% of the CRFs they paid (which we view as
23 highly unlikely), the damages on a $100 rental would amount to only about $10, and the
24 Settlement certificates would fully compensate such renters for their losses.

25 If all Class members were to go through the simple registration process, which literally
26 takes less than a minute and does not require any documentary support, Defendants would be
27 required to issue approximately $37 million in certificates. Of course, we recognize that, as in
28 virtually any class action, most Class members simply will not participate. But in assessing the

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 6

reasonableness of the Settlement, it is neither fair nor appropriate to penalize the Parties for the fact that most Class members will not bother to participate – particularly where, as here, the Court has found no evidence of intentional misconduct.

In any event, it appears likely that at least 100,000 persons (or 4% of the Class) will register for settlement benefits in this case – a number well within historical norms for Class actions involving modest claims. Finally, the Objectors fail to account for the fact that Defendants have undertaken the significant burdens and expense of providing notice to this Class of 2.5 million people and administering the Settlement. We understand that defendants' notice and administration costs to date exceed $750,000. Robertson Decl at 2.

3.     **The Settlement Consideration and Fees Are Distinct and Separate.**

Although we respond to the objections raised to Plaintiffs' fee request in a separate brief, there are two respects in which Counsel's fee request is relevant here. First, many of the Objectors assume erroneously that counsel's fee petition is based on a "common fund" theory and that the fees being sought by Class Counsel directly or implicitly reduce the Class' recovery. That assumption is incorrect. Rather, Counsel seek fees as a matter of statutory right pursuant to N.R.S. Section 432.31585 and that award is wholly independent of the consideration being paid to the Class. Further, as noted above, the Class recovery was negotiated and agreed upon prior to any negotiations with respect to any payment of counsel's fees. Plaintiffs' Counsel were ready and willing to agree upon the Class settlement without any agreement as to their fees and to leave the fee issue to the Court's determination. Hence, both as a legal matter and as a factual matter, there simply was and is no "trade-off" of counsel fees for reduced compensation to the Class. Robertson Decl at 3.

Second, many Objectors complain that counsel are being paid for their efforts in cash, whereas the Class is receiving discount certificates. Obviously, it is neither practical nor fair to compensate the three law firms that invested over a hundred thousand dollars in costs and thousands of hours of their time in this case by awarding them thousands of car rental discount certificates. Furthermore, because this is not a common fund fee award, the two issues are wholly distinct. Although Objectors could argue that counsel handling a matter on a contingent

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 7

fee or common fund basis normally receive a percentage of the total recovery, that is not true with statutory fee awards, where counsel are normally compensated on a lodestar basis. For all of these reasons, the fact that Plaintiffs' Counsel have agreed to a cap on the fees they will seek, in exchange for Defendants' agreement not to contest a fee request under that cap, is wholly appropriate and distinct from the merits of the Settlement.

Certain objectors' suggestion that Plaintiffs' Counsel have traded away benefits to the Settlement Class in exchange for an agreement as to their fees is belied by Settlement Agreement, which makes clear that the provision of relief to the Settlement Class is not conditioned upon Plaintiffs' Counsel's receiving their requested award; Settlement Agreement (Doc. 123-1) ¶¶ 1.11, 1.28, 2.4, 3.2; 3.3; as well as by the history of the negotiations, which is discussed above.

The simple fact is that Plaintiffs' counsel reluctantly agreed to cap their fee request at an amount below their lodestar in order to consummate a Settlement that made sense for the Class.

### C. Summary of the Objections

Sixty-six Settlement Class Members have filed papers with the Court. *See*, Summary of Objections, attached hereto as Exhibit 1. One person asks to participate in the settlement (Doc. 140), five ask to be excluded from the Settlement Class (Docs. 143, 165, 166, 188, 196), one comments only on attorneys' fees (Doc. 175), and the other 59 individuals state some objection to the settlement.[4] As noted above, almost 1/3 of the objections state in effect that they regard the case as meritless; the others challenge the adequacy of the Settlement and the fact that Defendants are not being punished or forced to disgorge their ill-gotten gains. As discussed in Section III.B, below, none of these objections warrants denying approval of this Settlement.

---

[4] Defendants sent out approximately 2,500,000 notices. Mar. 22, 2011 Dec. of Donald J. Andra (Doc 181) ¶ 9; Mar. 22, 2011 Dec. of Jeffrey Gyomber (Doc. 182) ¶¶ 5-6. The number of objections is therefore less than three one thousandths of one percent (less than 0.003%). The number of exclusions is approximately two one hundredths of a percent (0.02%). More than three percent of the Class has registered for settlement benefits to date; registration for benefits remains open until July 18. *See* Nov. 23, 2010 Order (Doc. 136) ¶¶ 12, 16.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 8

## III. ARGUMENT

### A. The Settlement Is Reasonable and Fairly Takes Into Account the Strengths and Weaknesses of this Case.

The most important factor in assessing the fairness of a class action settlement is the "strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *Synfuel Technologies, Inc. v. D.H.L. Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006). Unfortunately, none of the objectors take into account the significant risks inherent in further litigation of this case.

First, Plaintiffs must prevail on class certification, which is far from certain. Second, Plaintiffs must establish damages. As discussed above, that is a very serious hurdle. Third, Plaintiffs would have to prevail on an inevitable appeal of the liability issues. Although we certainly believe that this Court correctly interpreted the law, there is no guarantee as to how the Court of Appeals might rule – particularly given the Legislature's recent revisions to the statute. Not one of the objectors has meaningfully addressed any of these risks.

One objector erroneously suggests that because Plaintiffs prevailed on the merits of their summary judgment motion against Hertz regarding the violation of N.R.S. § 482.37515, Plaintiffs are sure to get full restitution of the CRFs at trial. *See, e.g.,* Doc. 218 at 7. Even putting aside the fact that this Court's ruling is subject to *de novo* review upon appeal, Defendants have strong arguments that potential class members suffered no damages and are not entitled to any equitable relief. Moreover, this objector and many others disregard the Court's ruling for Hertz regarding Plaintiffs' claim for violations of the Nevada Deceptive Trade Practices Act, which held that Hertz had fully disclosed the total price of the rentals and that its practices were not knowingly unlawful or deceptive. Mar. 17, 2010 Order (Doc. 111) at 18:9-15.

As discussed above, the Settlement consideration here has real value. The fact that within a short period over 84,000 persons have already registered for the Settlement attests to this truth. The Settlement is not perfect, but it is a reasonable and fair resolution of this action.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 9

B.  **The Objections to the Settlement Should Be Overruled and the Settlement Should Be Approved.**

Settlement Class Members have raised a number of objections to the Settlement, all of which should be overruled. The most common objections relate to the fact that Settlement Class Members will receive certificates rather than cash, the terms of the certificates, the notice provided to Settlement Class Members, and the procedure involved in registering for settlement benefits. In addition, certain Settlement Class Members have argued that suits such as this should not be filed. Many objectors do not challenge the settlement, but take issue with the amount requested in attorneys' fees and incentive awards (which we address in a separate brief).

Certain of the objections rest upon misunderstandings of Plaintiffs' case or the terms of the Settlement Agreement. Most importantly, unlike many other discounts, the certificates to be issued pursuant to this Settlement can be used in conjunction with other discounts and coupons, which gives them real value. Further, the four Representative Plaintiffs seek a total of $20,000 (not $80,000) in incentive awards.

1.  **The Fact that Settlement Class Members Can Receive only Certificates and Not Monetary Relief, is Appropriate in View of the Risks and the Modest Damages at Issue.**

The most common objection relates to the fact that class members will receive certificates for discounts on future rentals from Defendants rather than cash. But such certificates are appropriate here, given the risks of this case and the small damages sustained by most Settlement Class members. Contrary to the implications made by certain objectors, settlements in which class members receive certificates or coupons and counsel receive cash are contemplated and permitted by the Class Action Fairness Act, and have been approved by numerous federal courts, especially in situations such as this where Plaintiffs' case faces significant risks and where the typical individual recovery would be modest. In *Fleury v. Richemont North America, Inc.*, for example, the court found that the settlement benefits, which included a credit that could be applied to a future purchase from defendant, were appropriate given that it would be difficult to establish the class members' damages and such amounts would be modest in any event. 2008 U.S. Dist. LEXIS 64521, *56-60 (N.D. Cal. July 3, 2008).

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 10

Similarly, in *Yeagley v. Wells Fargo & Co.*, the court found that free credit reports were appropriate relief, noting that "plaintiff's prospects for prevailing in this litigation are so bleak as to render this a good value for a relatively weak case." 2008 U.S. Dist. LEXIS 5040 (N. D. Cal. Jan. 18, 2008) (quotations omitted).

A number of objectors complain that Defendants have agreed not to contest Plaintiffs' counsel's request for attorneys' fees and costs up to a total of $1.44 million and incentive awards up to a total of $20,000, but such agreements are common and permitted. *See, e.g., Fleury*, 2008 WL 3287154 at *1. Of course, Plaintiffs and their counsel must still justify their request for attorneys' fees, which is less than counsels' lodestar, and incentive awards. *See* Fed. R. Civ. P. 23(h) 2003 Advisory Committee Notes (observing that with such an agreement it remains the court's responsibility to determine a reasonable fee). The suggestion by certain Objectors' that Plaintiffs' Counsel agreed to an inadequate settlement in order to secure an agreement as to their fees is both inaccurate and unwarranted. That notion is belied by Settlement Agreement, which makes clear that the provision of relief to the Settlement Class is not conditioned upon Plaintiffs' Counsel's receiving their requested award; Settlement Agreement (Doc. 123-1) ¶¶ 1.11, 1.28, 2.4, 3.2; 3.3; as well as by the history of the negotiations, which is discussed above.

**2. The Discount Certificates Offered Here Provide Appropriate Relief to Settlement Class Members.**

Many objectors assert that they should receive a cash settlement, not certificates – including some who believe they should receive full refunds of the amounts they paid in concession recovery fees. As discussed above, Plaintiffs' counsel attempted to negotiate a cash settlement, but that was not obtainable. We concluded that under the circumstances here – where damages were modest and difficult to measure – a discount certificate was a reasonable alternative. In the context of a settlement one can never expect to recover the maximum damages that one might arguably obtain after trial. Although this Court found that Hertz's unbundling of the concession recovery fee was unlawful, it would be difficult to establish that such practice caused damages to Settlement Class Members and to quantify the amount of any

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 11

such damages. Given the small damages sustained by many Class members, a discount certificate for $10 or $20 is arguably preferable to $3.29 in cash compensation.

Many Settlement Class Members complain that in order to use the certificates they are required to have future dealings with the Defendants. But that is not inappropriate here. First, there is no claim that Defendants' products or services were defective, but simply that there was an improper charge imposed. Moreover, the Settlement does not require Class Members to engage in substantial transactions; many car rentals transactions total less than $50. Further, there are only a small number of national car rental companies, all of whom engage in similar practices. For all of these reasons, discounts on future transactions are an acceptable form of relief here. *See Fleury, supra,* 2008 U.S. Dist. Lexis 64521 at *73-74.

A number of Settlement Class members further object that they will not be able to make use of the certificates because they do not expect to rent a car within the 18-month redemption period and because the certificates can only be transferred to certain family members. These were issues that the parties negotiated over. The 18 month redemption period is a reasonable compromise of the parties' disparate positions and desires.

### 3. It Is Very Easy for Settlement Class Members to Register for Settlement Benefits.

A few objectors complain that they must register to receive Settlement benefits and suggest that Defendants should have been required to send certificates to all Settlement Class Members upon Settlement approval. Such a process, however, would have been extremely expensive, involving a second mailing to approximately 2.5 million Settlement Class Members. The registration requirement means that certificates will be sent only to those who are interested in receiving them, and the process itself is extremely simple. Hertz and Advantage customers are required to provide only their name, address, and certificate registration number. There is no need for Settlement Class Members to sign and mail a claim form (which is commonly required in connection with class action settlements). To register for benefits for the Enterprise and Vanguard brands (Alamo and National), Settlement Class Members need do nothing more than go to the settlement website and enter their last name and the certificate registration number provided to them on their notices. *See, e.g.,* www.nevadacarrentalsettlement/alamo/settlement-

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 12

registration-form/. Contrary to the belief of some objectors, Settlement Class Members do not need to provide documentation of their rentals in order to register for Settlement benefits.

The Internet registration process is quick and virtually costless to Settlement Class Members, and it is convenient for almost everyone. The small percentage of Class Members who lack Internet access or who experienced problems registering were directed to contact Plaintiffs' Counsel for assistance. Plaintiffs' counsel have in fact provided such assistance to hundreds of Settlement Class Members.

Finally, a few Settlement Class Members have raised concerns about privacy issues. There are no such legitimate concerns. All of the relevant information was already in the Defendants' databases from the car rental transactions. The only new information being requested is optional – Class Members have the right to update their names and addresses if that information was inaccurate or has changed. There has been and will be no disclosure of private information in connection with the Settlement.

### 4. The Settlement Notice Fulfilled the Requirements of Due Process and Rule 23.

As this Court found in its Nov. 23, 2011 Preliminary Approval Order, (Doc. 136) ¶ 5, the notice provided to Settlement Class Members meets the requirements of due process and FRCP Rule 23, which requires that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e) (1). The specific steps taken by Enterprise and Vanguard to notify Settlement Class Members, which involved mailing 1,279,466 four-page notices, are set forth in the March 22, 2011 Declaration of Donald J. Andra (Doc. 181) ¶¶ 6-12. The steps taken by Hertz are set forth in the Gyomber Declaration (Doc. 229) ¶¶ 4-6. Due process does not require that every class member receive actual notice; courts have upheld notice by mail to a class member's last known address as reflected in defendants' records, similar to the notice given here. *See* 2 McLaughlin on Class Actions § 6:16.

Notice by mail has long been regarded as the best form of class notice. Due process does not require that the parties issue press releases, or post links on defendants' websites. The reality is that direct mail notice is much more likely to be effective than such generalized methods of reaching the Class. Moreover, class notice in a consumer case such as this need not and should

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 13

not provide a detailed discussion of the issues and the procedural posture of the case, as some objectors argue. A short and clear notice is preferred by most commentators as well as the Federal Trade Commission. The Ninth Circuit has held that "[n]otice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Rodriguez v. West Pub. Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (citations and quotations omitted). The notice provided to Settlement Class Members here has clearly met that standard.

### C. Objector Schutzman's Request to Conduct Discovery Should Be Denied

One objector seeks to conduct "appropriate discovery in regard to the settlement." Doc. 200 at 18:28. That request should be denied. The Court has more than adequate information to determine that the Settlement is fair, adequate, and reasonable. "Class members who object to a class action settlement do not have an absolute right to discovery . . . ." *Hemphill v. San Diego Ass'n of Realtors*, 225 F.R.D. 616, 619 (S.D. Cal. 2005). Rather, in evaluating whether to allow discovery, "[t]he fundamental question is whether the district judge has sufficient facts before him to intelligently approve or disapprove the settlement." *Id.* at 619-20. Objecting class members should not be granted leave to pursue discovery unless they present "cogent factual objections to the settlement." *Weinberger v. Kendrick*, 698 F.2d 61, 79 (2d Cir. 1982). Mr. Schutzman has failed to provide any cogent explanation as to why discovery is necessary.

Here, Schutzman seeks leave to conduct discovery relating to the "true value of the settlement and the validity of the attorney fees sought by Class Counsel," by serving "Requests for Production and Interrogatories upon each of the settling parties, as well as depos[ing] Defendants' corporate representative(s) pursuant to Fed. R. Civ. P. 30(b) (6)." Doc. 200 at 19:9-11. Schutzman does not attach or otherwise identify the scope of his proposed discovery, but claims that it would focus "on the actual cash value of the certificates, including the extent of Defendants' actual exposure based upon Defendants' historical coupon redemption rates." *Id.* at 19:15-17. However, Schutzman does not explain why the historical rate of redemption of similar certificates will assist the Court in determining whether the settlement at issue is fair, reasonable and adequate to the class. Indeed, given the risks in Plaintiffs' claims, and the substantial risk

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 14

that Plaintiffs and the class might receive no recovery if the case were fully litigated, it is clear that the settlement benefits are fair and reasonable. "If the terms themselves are fair, reasonable and adequate, the district court may fairly assume that they were negotiated by competent and adequate counsel; in such cases, whether another team of negotiators might have accomplished a better settlement is a matter equally comprised of conjecture and irrelevance." *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 212 (5th Cir. 1981).[5] Class counsel here collectively have more than 60 years experience litigating complex cases, including numerous multi-million dollar class actions. Schutzman simply fails to show any reasonable basis to open the door to further discovery into the bona fides of the settlement. The Settlement is not required to be perfect; the Court must merely find that it is fair, reasonable, and adequate.

Additionally, the cases cited by Schutzman do not support his position. In *In re Domestic Air Transp. Antitrust Litig.*, the court permitted limited discovery (unlike Schutzman's request here) that was narrowly tailored to specific issues the court determined to be relevant to its determination of the fairness of the settlement. 144 F.R.D. 421, 425 (N.D. Ga. 1992). In fact, where the objectors (like Schutzman here) requested unspecified discovery and "failed to present argument concerning a specific request" for Rule 30(b)(6) depositions, the court denied such requests. *Id.* Similarly, in *In re General Motors Corp. Engine Interchange Litig.*, the court allowed discovery into settlement negotiations because other evidence had already established that the negotiations were "irregular" and conducted in violation of a court order regarding settlement. 594 F.2d 1106, 1124-26 (7th Cir. 1979). No such evidence of collusion exists in this

---

[5] In addition, Schutzman's request is untimely. Although the Notices were disseminated in February, allowing sufficient time to resolve any discovery issues prior to the Hearing date, Schutzman did not seek discovery until he filed his objection in April. Moreover, he has not sought leave of Court to propound discovery or served his proposed discovery requests. The Class will be prejudiced if the Court permits his dilatory request to delay the Settlement, as Defendants' requirement to issue the Certificates is keyed to approval of the Settlement.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 15

case.[6] To the contrary, Judge Ronald M. Sabraw (Ret.), who served as a mediator in connection with the settlement, noted specifically that the mediation "was hard-fought by all. The parties addressed many contentious issues, and counsel for all parties vigorously represented their clients' interests." Dec. of Hon. Ronald M. Sabraw (Ret.) (Doc. 125-1) ¶ 3.

### D. The Case Was Properly Brought and Has Merit.

Finally, we respond to the position expressed by a number of objectors that this case should never have been brought and the related argument that cases with "microscopic merit" do not belong in the courts. That argument disregards this Court's rulings holding that Plaintiffs' Complaint stated a claim for relief and that Plaintiffs were entitled to summary judgment on their primary claim. There is a fundamental difference between a claim with "microscopic merit" and one that is simply small on an individual basis or where it is difficult to prove damages. The Class Action mechanism was adopted in large measure to provide a means for large groups of persons who had such small claims to seek redress against large business entities that arguably sought to "nickel and dime" consumers. These objectors' policy views are irrelevant to the fairness of the present settlement, which provides reasonable compensation for the Settlement Class' claims, which are meritorious but of admittedly modest size on an individual basis. Those policy issues are properly raised in Congress, not here.

---

[6] To the extent Schutzman seeks discovery relating to his baseless contention that "the proposed settlement portrays an 'inside deal'" between the parties, such discovery must be denied as a matter of law. Doc. 200 at 11:22-23. Discovery of evidence relating to settlement negotiations is appropriate only in rare circumstances and is "proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive." *Lobatz v. U.S. West Cellular, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000). Here, Schutzman cannot present any evidence of collusion as no such collusion occurred.

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 16

## IV. CONCLUSION

For the reasons discussed above and in the Parties' other submissions to the Court regarding the proposed Settlement, Plaintiffs respectfully request that the Court overrule all objections and grant final approval of the Parties' proposed Settlement.

Dated: April 28, 2011     ROBERTSON & BENEVENTO

By: */s/ G. David Robertson*
G. David Robertson, Esq.
Attorneys for Plaintiffs

OF COUNSEL:

David B. Zlotnick, Esq., CA SBN 195607
LAW OFFICES OF DAVID B. ZLOTNICK
625 Broadway, Suite 635
San Diego, CA 92101

Susan S. Thomas, Esquire
Arthur Stock, Esquire
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

COUNSEL FOR PLAINTIFFS AND THE SETTLEMENT CLASS

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 17

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b) and Local Rule 5-4, I hereby certify that I am an employee of Robertson & Benevento, over the age of eighteen, and not a party to the within action. I further certify that on the 28th day of April, 2011, I electronically filed this **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS** and thus, pursuant to LR 5-4, caused same to be served by electronic mail on the following Filing Users:

Dan C. Bowen (dbowen@bowenhall.com)

Gregory D Call (gcall@crowell.com)

Peter S. Hecker (phecker@sheppardmullin.com)

Anna McLean (AMcLean@sheppardmullin.com)

William E. Peterson (wep@morrislawgroup.com)

Janine L. Scancarelli (jscancarelli@crowell.com)

Arthur Stock (astock@bm.net)

Susan S Thomas (sthomas@bm.net)

David B. Zlotnick (david@kkbs-law.com,david@kkbs-law.com)

I further certify that I mailed a true and correct copy of **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS**, with first-class United States postage prepaid affixed thereon, to:

| | | |
|---|---|---|
| Edward L. Buchannan<br>130 Kerry Ct.<br>Vacaville, CA 95687 | Clinton M. Casey<br>705 NE 3rd Street<br>Pompano Beach, FL 33060 | Kevin Foster<br>839 Commercial St.<br>Marseilles, IL 61341 |
| Jacqueline Gagnon<br>197 Montelona Road<br>Goffstown, NH 03045 | Dennis J. Godsey<br>1102 Main Street<br>Belle Chasse, LA 70037 | David Grant<br>3 Oakhurst Terrace<br>Newcastle upon Tyne<br>NE12 9NY, England |
| Max Hensley<br>116 Parklane Dr.<br>San Antonio, TX 78212 | Douglas A. Hindmarsh<br>130 Island Rd.<br>Millis, MA 02054 | Dennis L. Hunt<br>9120 Edgemont Dr.<br>North Richland Hills, TX 76182 |
| Gary Jackson<br>2805 Ridge Valley Road, NW<br>Atlanta, GA 30327 | Paul E. Johnson<br>P.O. Box 11516<br>Zephyr Cove, NV 89448 | Ivan M. Katz<br>57 Trumbull Street<br>New Haven, CT 08510-1004 |
| Dennis Kirson<br>2321 Hendola Drive, NE<br>Albuquerque, NM 87110 | Clark J. Leslie<br>100 Clark Court<br>Cambridge, OH 43725-9616 | Kathleen Loepker<br>300 Dorchester Drive<br>Belleville, IL 62223 |
| Michael L. McMillan<br>P.O. Box 15042<br>Hattiesburg, MS 39404-5042 | James Miller<br>1542 Bennett Road<br>Lansing, MI 48906 | George Murphy<br>1904 Dove Ct.<br>Friendswood, TX 77546 |

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 18

| | | |
|---|---|---|
| Ronald C. Nahas<br>3697 Mt. Diablo Blvd.<br>Suite 250<br>Lafayette, CA 94549 | Richard A. Norton<br>PO Box 330<br>Warnerville, NY 12187 | Jeffrey Osborn<br>13632 Madison Street<br>Thornton, CO 80602 |
| Keith Owens<br>612 34 Road<br>Clifton, CO 81520 | Jonathan H. Parker<br>1521 Alton Road<br>Suite 366<br>Miami Beach, FL 33139 | Harold Peterson<br>7911 Westhaven Dr SW Apt 3<br>Huntsville, AL 35802-1431 |
| Michael Prihar<br>PO Box 3242<br>Granada Hills, CA 91394-0242 | John S. Reifschneider<br>1001 6th Avenue<br>Suite 100<br>Leavenworth, KS 66048 | Edward J. Smith<br>56 Nassau Ave.<br>Plainview, NY 11803 |
| Einar Tamm<br>20 Partridge Hill<br>Honeoye Falls, NY 14472 | Mike Thayne<br>1768 N. 4850 W.<br>Ogden, UT 84404 | Michael J. Tomkvitch<br>7 Woodcrest Drive<br>Hopewell Junction, NY 12533 |
| Linda Trigg<br>4593 Fir Dell Dr. SE<br>Salem, OR 97302 | John Vertino<br>8 Elaine Ct<br>Buffalo, NY 14225 | Michael J. Walkley<br>5606 Saint Albans Way<br>Baltimore, MD 21212 |
| Charles Westin<br>PO Box 157<br>Belleville, KS 66935-1940 | Mike Whaley<br>21325 119th Street<br>Bristol, WI 54104 | Karen White<br>400 S. Eagle Ave<br>McAllen, TX 78504-5116 |
| Steven E. Whitney<br>7805 Ridgemar Drive<br>Dallas, TX 75231 | Daniel Woodson<br>37925 Ridge Top Drive<br>Lebanon, OR 97355 | Peter York<br>No. 11 Crouchfield<br>Hemel Hempstead, HP1 1PA<br>UK |
| Patrick King<br>2875 SW Scenic Drive<br>Portland, OR 97225 | Anthony L. DeWitt<br>715 Swifts Highway<br>Jefferson City, MO 65101 | Alan Hartman<br>2643 N. Waskevich Lane<br>Midland, MI 48642 |
| Joseph P. Altman, Jr.<br>6745 N. 93rd Ave. Unit 1170<br>Glendale, AZ 85305 | Shrenik Bavishi<br>P.O. Box 5<br>Colonia, NJ 07067-0005 | Bradley B. Davis<br>11 Great View lane<br>Highland, NY 12528 |
| Mary D. Donaldson<br>3403 Greenfield Drive<br>Marietta, GA 30068 | Oliver M. Haynold, PhD<br>1013 Simpson Street<br>Evanston, IL 60201-3119 | Paul E. Johnson<br>P.O. Box 11516<br>Zephyr Cove, NV 89448 |
| Kevin E. Kalled<br>1014 Paul Ave.<br>Rotterdam, NY 12306 | Marsha Langford<br>6201 Fairview<br>Lenoir City, TN 37772 | George Murphy<br>P.O. Box 1835<br>Friendswood, TX 77546 |
| Dennis Nagel<br>1855 Playground Court<br>Riner, VA 24149 | Richard A. Norton<br>P.O. Box 330<br>Warnerville, NY 12187 | M. Gary Olson<br>1578 NW Trenton Ave.<br>Bend, OR 97701 |
| Rodney Reffert<br>2915 N. 58th St.<br>Lincoln, NE 68507 | Tim Travis<br>6752 Harlan Drive<br>Eden Prairie, MN 55346 | |

Dated this 28th day of April, 2011.

/s/ Kimberlee A. Hill
An Employee of Robertson & Benevento

Robertson & Benevento
50 West Liberty Street
Suite 600
Reno, Nevada 89501

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RESPONSE TO OBJECTIONS

PAGE 19