G. David Robertson, Esq. (SBN 1001)
Richard D. Williamson, Esq. (SBN 9932)
ROBERTSON, JOHNSON, MILLER & WILLIAMSON
50 West Liberty Street, Suite 600
Reno, Nevada 89501
Telephone: (775) 329-5600
Facsimile: (775) 348-8300
gdavid@nvlawyers.com
rich@nvlawyers.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JANET SOBEL, DANIEL DUGAN, PhD., and LYDIA LEE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE HERTZ CORPORATION, et al.,<br><br>Defendants. | Case No.: 3:06-cv-00545 LRH-RAM<br><br>MOTION AND MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF PROPOSED NOTICE, PLAN FOR DISTRIBUTION OF NOTICE, AND SETTING OF HEARING DATE FOR APPLICATION FOR ATTORNEYS' FEES AND COSTS |

Plaintiffs seek entry of the attached Proposed Order (Exhibit "A") to implement the Court's ruling that all Class Members in this Action are entitled to receive the full amount of Concession Recovery Fees that they paid, plus interest. The first step in this process is providing notice, and an opportunity to opt out, to all Class Members ("Notice"). Fed. R. Civ. P. 23(c)(2)(b). Plaintiffs contemplate that after completion of Notice, the Court will be able to enter judgment on its Order granting summary judgment in favor of all Class Members who do not opt out, consistent with Fed. R. Civ. P. 58(a), 58(b)(2), and 23(c)(3)(B). Rule 23(c)(3)(B) mandates that any judgment in a Class Action must "include and specify or describe those to whom the Rule 23(c)(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members." Because no Notice has yet been sent to the Class, such a judgment cannot be entered at this time.

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

MOTION AND MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF PROPOSED NOTICE, PLAN FOR DISTRIBUTION OF NOTICE, AND SETTING OF HEARING DATE FOR APPLICATION FOR ATTORNEYS' FEES AND COSTS
PAGE 1

The Proposed Notice is attached to the Proposed Order as Exhibit A. It provides in "plain, easily understood language," all of the information required by Fed. R. Civ. P. 23(c)(2)(b):

    (i)    the nature of the action;

    (ii)    the definition of the class certified;

    (iii)    the class claims, issues, or defenses;

    (iv)    that a class member may enter an appearance through an attorney if the member so desires;

    (v)    that the court will exclude from the class any member who requests exclusion;

    (vi)    the time and manner for requesting exclusion; and

    (vii)    the binding effect of a class judgment on members under Rule 23(c)(3).

The Proposed Notice also provides the information concerning a hearing on attorneys' fees and costs required by Fed. R. Civ. P. 23(h)(1).

Plaintiffs seek to provide Notice by two means: First, Notice shall be provided by e-mail where possible, and by surface mail where it is not, to all putative Class Members whose names and addresses appear in Hertz's records. This procedure will use the database that was used for the Notice to the Class of the 2011 Proposed Settlement. Secondly, Hertz will be required to post a Summary Notice at its United States airport locations, to attempt to reach individuals who no longer can be reached at their last-known addresses. In addition, the Notice and Summary Notice will direct Class Members to a website that provides additional information about the case, including counsel's fee and cost application and a form for updating mailing addresses. Plaintiffs believe that this process represents the "best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). The Court accepted a similar Notice Procedure in its previous Order preliminarily approving the proposed settlement. The proposed contents of the two forms of Notice are attached to the Proposed Order as Exhibits "A" and "B".

Plaintiffs request that the Court require Hertz to pay the cost of Notice. The Ninth Circuit has held that a district court may order that a defendant pay the costs of notice to a class

Robertson, Johnson, Miller & Williamson
) West Liberty Street, Suite 600
Reno. Nevada 89501

MOTION AND MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF PROPOSED NOTICE, PLAN FOR DISTRIBUTION OF NOTICE, AND SETTING OF HEARING DATE FOR APPLICATION FOR ATTORNEYS' FEES AND COSTS
PAGE 2

in situations where the court has found defendants to be liable. *Hunt v. Imperial Merchant Svcs., Inc.*, 560 F.3d 1137, 1143-44 (9th Cir. 2009), *citing Macarz v. Transworld Sys., Inc.*, 201 F.R.D. 54, 58 (D. Conn. 2001); *Six Mexican Workers v. Ariz. Citrus Growers*, 641 F. Supp. 249, 264 (D. Ariz. 1986); *Catlete v. Missouri Highway and Transportation Comm.*, 589 F. Supp. 949 (W.D. Mo. 1984). *See also Bickel v. Whitley County Sheriff*, 2010 WL 5564634 (N.D. Ind. 2010); *Hook v. Baker*, 2004 WL 3113717 (S.D. Ohio 2004). The case for requiring defendants to pay these costs is especially strong here for two reasons: First, this Court has already ruled against Defendants on damages as well as liability; and second, Nevada law mandates that costs in this case be awarded to the prevailing party. *See* N.R.S. § 482.31585.

Because of the high expense of Notice to approximately 1.2 million Class Members, Plaintiffs would like to send out Notice only once, and, accordingly, request that this Notice also provide the notification to the Class that Plaintiffs' Counsel intend to apply for a fee award in this case, as well as reimbursement of costs to attorneys and incentive awards to Lead Plaintiffs. The proposed schedule contemplates that the briefs on attorneys' fees will be filed by the time of distribution of Notice, and can be available to all Class Members by website. *In re Mercury Interactive Corp. Securities Litig.*, 618 F.3d 988, 993-94 (2010) (schedule must allow time for Class Members to review fee application before objection deadline).

The proposed schedule allows sufficient time to permit both defendant Hertz and any interested Class Members to comment on the award prior to a hearing, as required by Fed. R. Civ. P. 23(h):

| | |
|---|---|
| Publication of Notice to the Class | 90 days from entry of Order |
| Fee Application Deadline | 90 days from entry of Order |
| Deadline for Opting Out of Class and Objecting to Fee Application | 45 days from Notice Date |
| Submission of List of Opt-outs and Proposed Form of Rule 58(d) Order Entering Summary Judgment Ruling | 15 days from Opt-out Deadline |
| Plaintiffs' Reply to any Objections to Fee Application | 15 days from Objection Deadline |
| Attorney Fee Hearing | 7 or more days following date of reply brief |

Robertson, Johnson, Miller & Williamson
I West Liberty Street, Suite 600
Reno, Nevada 89501

MOTION AND MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF PROPOSED NOTICE, PLAN FOR DISTRIBUTION OF NOTICE, AND SETTING OF HEARING DATE FOR APPLICATION FOR ATTORNEYS' FEES AND COSTS
PAGE 3

Plaintiffs respectfully suggest that the Court adopt a schedule similar to this to allow adequate time for counsel to prepare and publish Notice, and to allow Class Members to opt out, consistent with the requirements of due process. *Torrisi v. Tucson Electric Power*, 8 F.3d 1370, 1374-074 (9th Cir. 1993) (notice mailed 31 days before objection deadline, and 45 days before hearing provided adequate time for Class Members to evaluate).

Dated: April 15, 2013

Respectfully submitted,

ROBERTSON, JOHNSON,
MILLER & WILLIAMSON
50 W. Liberty Street, Suite 600
Reno, NV  89501

By:   */s/ G. David Robertson*
      G. David Robertson, Esq. NV SBN 1001
      Richard D. Williamson, Esq. NV SBN 9932

BERGER & MONTAGUE, P.C.
Susan Schneider Thomas, Esq.
Arthur Stock, Esq.
Shoshana Savett, Esq.
1622 Locust Street
Philadelphia, PA  19103

Attorneys for Plaintiffs

Robertson, Johnson,
Miller & Williamson
West Liberty Street,
Suite 600
Reno, Nevada 89501

MOTION AND MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF PROPOSED NOTICE, PLAN FOR DISTRIBUTION OF NOTICE, AND SETTING OF HEARING DATE FOR APPLICATION FOR ATTORNEYS' FEES AND COSTS
PAGE 4

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b) and Local Rule 5-4, I hereby certify that I am an employee of Robertson, Johnson, Miller & Williamson, over the age of eighteen, and not a party to the within action. I further certify that on April 15, 2013, I electronically filed this MOTION AND MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF PROPOSED NOTICE, PLAN FOR DISTRIBUTION OF NOTICE, AND SETTING OF HEARING DATE FOR APPLICATION FOR ATTORNEYS' FEES AND COSTS and thus, pursuant to LR 5-4, caused same to be served by electronic mail on the following Filing Users:

Peter S. Hecker, Esq. (phecker@sheppardmullin.com)

Anna S. McLean, Esq. (amclean@sheppardmullin.com)

William E. Peterson, Esq. (wep@morrislawgroup.com)

Arthur Stock, Esq. (astock@bm.net)

Dated this 15th day of April, 2013.

/s/   *Teresa W. Stovak*
An Employee of Robertson, Johnson, Miller & Williamson

Robertson, Johnson, Miller & Williamson
West Liberty Street, Suite 600
Reno, Nevada 89501

MOTION AND MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF PROPOSED NOTICE, PLAN FOR DISTRIBUTION OF NOTICE, AND SETTING OF HEARING DATE FOR APPLICATION FOR ATTORNEYS' FEES AND COSTS
PAGE 5