1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                                 DISTRICT OF NEVADA

8                                          * * *
                                            )
9    JANET SOBEL and DANIEL DUGAN,          )
     Ph.D., individually and on behalf of all others )
10   similarly situated,                    )           3:06-CV-00545-LRH-RAM
                                            )
11                     Plaintiffs,          )
                                            )           ORDER
12   v.                                     )
                                            )
13   THE HERTZ CORPORATION, a Delaware      )
     corporation,                           )
14                                          )
                       Defendant.           )
15   _____)

16          Before the court is plaintiffs Janet Sobel and Daniel Dugan's ("Plaintiffs") Motion for

17   Approval of Proposed Notice (#335[1]), to which defendant The Hertz Corporation ("Hertz") has

18   responded (#339), and Plaintiffs have replied (#243). Hertz has also filed a Motion for Leave to

19   File Surreply (#350), to which Plaintiffs have responded (#353) and Hertz has replied (#356).

20   Plaintiffs have moved to strike the latter reply (#357). Finally, two groups of Objectors have filed

21   motions asking the court to set a deadline for potential fee applications (##349, 352).

22   **I.      Facts and Procedural History**

23          This is a class action filed on behalf of persons who have rented cars at the Reno and Las

24   Vegas airports from the Hertz Corporation, a rental car company. In return for the right to operate

25   on-site at the Reno and Las Vegas airports, rental car companies like Hertz are required to pay a

26   _____

              [1] Refers to the court's docket entry number.

percentage of their gross revenues to the airports as "concession fees." The companies pass along the fees to their customers as surcharges labeled "concession recovery fees."[2] At all relevant times, Hertz "unbundled" the surcharges from the base rental rate, such that the rental rate quoted to customers did not include the additional airport "concession recovery fee," which was itemized separately in the rental agreement. Plaintiffs alleged that this practice violates Nev. Rev. Stat. ("NRS") § 482.31575, and the court agreed (#332).

The route to this decision was winding. This case was filed on October 13, 2006, by individual plaintiffs Janet Sobel, Daniel Dugan, Ph.D., and Lydia Lee, and against defendants Hertz and Enterprise. Early on, Lee and Enterprise were voluntarily dismissed without prejudice. Following the court's denial of Hertz's Motion to Dismiss and the Ninth Circuit's denial of interlocutory review, the court approved the parties' stipulation to bifurcation of liability and damages and to defer class certification proceedings (#52). Plaintiffs then completed liability discovery against Hertz, and the parties filed cross-motions for summary judgment on the issue of liability. On the relevant claim—Hertz's violation of NRS § 482.31575—the court found in Plaintiffs' favor (#111).

Following the court's ruling, plaintiffs Sobel and Dugan filed a motion for class certification (#112) on behalf of all Hertz customers who were charged a concession recovery fee at Nevada airports between October 13, 2003 and September 20, 2009. The parties also commenced discovery on the issue of damages. About three months after the court's liability ruling, the parties entered into settlement negotiations. After they reached an agreement in July 2010, the court approved a stipulation staying all litigation pending further negotiations, documentation and court approval of a class action settlement (#118).

On October 5, 2010, after further negotiations, Plaintiffs filed a motion (#123) seeking (1)

---

[2] Hertz charged Plaintiff Sobel, who rented her vehicle from the McCarran International Airport in Las Vegas, a concession recovery fee of 10%. Hertz charged Plaintiff Dugan, who rented his vehicle from the Reno-Tahoe International Airport in Reno, a concession recovery fee of 11.54%.

preliminary approval of the settlement, (2) conditional certification of the settlement class, (3) approval of the form and manner of notice to the settlement class and the procedures for class members to register for settlement benefits, and (4) a schedule for proceedings leading to final approval of the settlement—all stipulated to by the parties for purposes of settlement only. The parties also stipulated to consolidate the *Sobel* case with former plaintiff Lee's reinstated action against Enterprise, docketed as Case No. 3:10-cv-326-LRH-VPC. Lee's complaint included a new plaintiff, Mark Singer, and a new defendant, Vanguard, an affiliate of Enterprise that rented cars at Nevada airports under the Alamo and National brands. The consolidated action for the purposes of settlement would thus include four named plaintiffs—Sobel, Dugan, Lee, and Singer—and three named defendants—Hertz (also d.b.a. Advantage), Enterprise, and Vanguard (d.b.a. National and Alamo).

The court approved the stipulation to consolidate the *Sobel* and *Lee* cases, allowing Plaintiffs to file a Second Amended Complaint and staying all proceedings (except those relating to settlement) pending final approval of the proposed settlement. Plaintiffs filed their Second Amended Complaint on November 5, 2010 (#133). Four days later, the court held a hearing on Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Approval of the Form of Notice, and Memorandum in Support (#123). After hearing arguments and taking the matter under submission, the court entered two orders on November 23, 2010 granting conditional certification of the settlement class (#135) and granting preliminary approval of the settlement and approving the form of notice (#136). In particular, the court (1) conditionally certified the settlement class under Fed. R. Civ. P. 23(b)(3), "in connection with and solely for purposes of settlement"; (2) appointed as class representatives the named plaintiffs, Janet Sobel, Daniel Dugan, Ph.D., Lydia Lee and Mark Singer; (3) appointed as class counsel the Law Office of David Zlotnick; Berger & Montague, P.C.; and Robertson & Benevento; (4) preliminarily approved the settlement; (5) entered a scheduling order for further motions; and (6) approved the form and manner of notice to the settlement class.

1    The conditionally approved notice procedure required Defendants to (1) establish a website

2    containing the settlement class notice as well as relevant settlement documents and (2) provide a

3    settlement class notice to class members via email or standard U.S. mail, at Defendants' discretion.

4    The conditionally approved procedure also required Defendants to use the National Change of

5    Address Database to obtain the current addresses of class members and to use regular mail if email

6    proved undeliverable. The court found that the settlement class notice itself complied with Federal

7    Rule of Civil Procedure 23 (#136, ¶ 5).

8    From February 7 to 18, 2011, nearly 2.5 million (exactly 2,497,360) notices were sent to

9    class members. Of those, 1,217,894 notices were mailed or emailed to customers of the Hertz and

10   Advantage brands (#229, p. 3). After about two months, nearly 35,482 Hertz and Advantage

11   customers had registered for the benefits of the settlement—coupons whose value depended on the

12   number of rentals that the customer had purchased (#229, p. 3). Additionally, 2,068 opt-outs had

13   been processed for Hertz and Advantage (#229, p. 3).

14   On May 17, 2011, the court held a fairness hearing on Plaintiffs' Motion for Final Approval

15   of the Settlement (#185). After hearing arguments from Plaintiffs, Defendants, and appearing

16   objectors, the court indicated that the motion for final approval would be denied, with a written

17   order addressing all pending motions to follow (#250). Through the terms of their earlier

18   stipulations, this denial nullified the parties' pre-settlement filings, including the stipulation to

19   consolidate and the Second Amended Complaint. Consequently, the First Amended

20   Complaint—with plaintiffs Sobel and Dugan and defendant Hertz—now governed the parties and

21   claims before the court in the *Sobel* action.

22   The stay on damages discovery lifted. Plaintiffs subsequently filed a motion to certify a

23   class (#255), and both parties filed motions for summary judgment on the issue of damages (##295

24   (Plaintiffs), 298 (Hertz)). After an October 18, 2012 hearing and a further four-month stay for the

25   purposes of renewed settlement negotiations, the court certified Plaintiffs' class under Fed. R. Civ.

26   P. 23(b) and found in favor of Plaintiffs on the issue of damages (#332). Therefore, class members

are entitled to the restitution of any airport concession recovery fees they paid to Hertz during the class period.

Plaintiffs now move the court to approve notice and notice procedures to the class members.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances." This notice must clearly and concisely state

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

In addition, class members must be notified of motions for attorney's fees and nontaxable costs. Fed. R. Civ. P. 23(h)(1).

## III.   Discussion

Plaintiffs propose a method of notice nearly identical to that contemplated during settlement negotiations, with one important addition: Plaintiffs now ask that Hertz post a three-foot by four-foot poster-board notice at each of its United States airport locations. Plaintiffs also request that Hertz pay the costs associated with the notice. Hertz objects to the poster-board notice as well as Plaintiffs' request that it pay the costs of notice. Hertz further claims that Plaintiffs' proposed notice fails to comply with Rule 23. Finally, Hertz argues that notice is premature because both the damages amount and the attorney's fees are uncertain. The court addresses Hertz's objections in turn.

### A.  Notice is Not Premature

Hertz argues that the damages amount is uncertain because, in its order awarding the class members restitution, the court did not distinguish between "equitable" and "legal" restitution. The distinction is important, Hertz continues, since equitable restitution is only available when "money

1  or property identified as belonging in good conscience to the plaintiff could clearly be traced to

2  particular funds or property in the defendant's possession." *Great-W. Life & Annuity Ins. Co. v.*

3  *Knudson*, 534 U.S. 204, 213 (2002). In other words, Hertz argues that it does not owe any

4  restitution to the class because it has already spent the illegally collected concession recovery fees.

5  The court interprets Hertz's attempt to reargue the restitution question as a motion for

6  reconsideration. Motions for reconsideration are an "extraordinary remedy, to be used sparingly,"

7  and they will not usually be granted "unless the district court is presented with newly discovered

8  evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona*

9  *Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In particular, such motions

10  "may *not* be used to raise arguments or present evidence for the first time when they could

11  reasonably have been raised earlier in the litigation." *Id*.

12  Here, Plaintiffs offer a host of reasons as to why Hertz's argument goes awry: that *Knudson*

13  dealt with the reticulated machinery of the Employee Retirement Income Security Act of 1974

14  ("ERISA"); that, even in ERISA cases, courts have loosely enforced the "tracing requirement"; that

15  this case concerns state, not federal, law; that the statutory purpose underlying Nevada's rental car

16  statutes is undermined by Hertz's interpretation of restitution; that restitution properly allows the

17  disgorgement of improper profits. But the most persuasive reason is the simplest: that Hertz could

18  have raised this argument at the summary judgment stage but did not.

19  Hertz could have reasonably raised the tracing issue when it raised its other arguments with

20  respect to restitution. It did not.[3] Since, under these circumstances, motions for reconsideration may

21  not be used to raise arguments for the first time, Hertz will not be heard to argue its theory of

22  restitution now. This conclusion similarly applies to Hertz's contention, still under the guise of an

23

24

25  [3] In an attempt to avoid this conclusion, Hertz claims that it did not have any obligation to address the tracing issue because Plaintiffs did not specifically request "equitable restitution." This overlooks the fact that Hertz filed its own motion for summary judgment in which it argued against the propriety of restitution (#298).

26

1    allegedly "uncertain" damages award, that prejudgment interest is unavailable.

2         Hertz also faults Plaintiffs' notice of their application for attorney's fees and costs under

3    Rule 23(h)(1). The Ninth Circuit has stated that "the district court must act with a jealous regard to

4    the rights of those who are interested in the [common fund] in determining what a proper fee award

5    is." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) (citation and

6    quotation marks omitted). This includes proper notice of the substance of Plaintiffs' attorney's fee

7    application. *Id.*

8         Plaintiffs have yet to file such an application. However, in the proposed notice, Plaintiffs

9    advise the class (in part) that they intend to apply for twenty-five percent of the aggregate recovery.

10   They will try, first, to recover this amount from Hertz itself on top of the class recovery. If that is

11   unsuccessful, they will ask the court to award the fee directly out of the class recovery.

12        The proposed notice lacks clarity with respect to these alternative courses of action.

13   Moreover, the proposed notice is disingenuous, at least with respect to the second alternative, when

14   it asserts that class members "will not be responsible to pay any portion of the fees and costs." The

15   common fund is the class members' money, and attorney's fees recovered from this fund are paid

16   by the individual class members. Accordingly, the court orders the following paragraph to replace

17   paragraph 8 of Plaintiffs' proposed notice (under the heading "How will Plaintiffs' Counsel be

18   Paid?"):

19        Plaintiffs' Counsel intend to ask the Court for an award of fees representing 25% of the
          aggregate amount paid by Hertz to satisfy the judgment. This could amount to as much as

20        $10.5 million if the class recovers $42 million (the total amount of the concession fees
          charged during the class period). In addition, Plaintiffs' Counsel will ask for expenses not to

21        exceed $300,000, and incentive awards of $10,000 for each of the two Class
          Representatives (the named plaintiffs in this case). Counsel will request that this fee be paid

22        by Hertz on top of the amount it owes the class members. In case the court does not approve
          this request, Counsel will alternatively ask for payment directly from the amount awarded to

23        class members. This second alternative would likely reduce the amount you recover as a
          result of the class action. You will not be responsible for paying any fees or costs out-of-

24        pocket. The fee petition will be available for viewing at [class website] beginning on
          [deadline for filing fee petition]. You may submit comments or objections to the fee petition

25        to the Court on or before [deadline for objections]. The Court has set a hearing date for the
          fee petition on [hearing date].

26

**B.   The Form and Expense of Notice**

Plaintiffs propose that, in addition to email and standard mail notice, Hertz place poster-board sized placards in each of its United States airport locations summarizing the court's rulings and directing potential class members to the class website. In class actions certified under Rule 23(b)(3), "the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." This "best notice practicable" is a murky standard, though it is clear that courts retain discretion to tailor notice to the relevant circumstances: "The determination of what efforts to identify and notify are reasonable under the circumstances of the case rests in the discretion of the judge before whom the class action is pending." 3 William B. Rubenstein, Alba Conte, and Herbert B. Newberg, Newberg on Class Actions § 8:2 (4th ed. 2007) (citation omitted). "When the names and addresses of most class members are known, notice by mail is usually preferred." *See id.*; *see also Manual for Complex Litig.* § 21.311 (4th ed. 2004).

Here, notice by first class mail in combination with email notice is the "best notice practicable under the circumstances." In connection with the failed settlement, the court found that Hertz's records best enabled individual notice to class members through email and standard mail.[4] This was also the method of notice that Plaintiffs agreed to. Plaintiffs can point to no convincing rationale as to why email and standard mail notice was "the best notice practicable" at the time of settlement, but not now. For its part, Hertz convincingly points out that poster-board notice at each of its United States airport locations is grossly over-inclusive. Accordingly, Hertz is not required to notify potential class members via poster-board notice placed at its U.S. airport locations. However, given the defects in each approved method of notice individually (i.e., the sophistication of email filters and the low likelihood that people open unrecognized mail, *In re Lupron Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 85 n.21 (D. Mass. 2005) (citing a study showing that 75% of direct

---

[4] In conjunction with the National Change of Address Database.

1   mail is thrown away by the recipient or the recipient's "gatekeeper" without being opened)), Hertz

2   shall attempt *both* email and first-class mail notice for all class members.

3        Plaintiffs fare better when arguing that Hertz should shoulder the cost of notice. Hertz

4   correctly cites *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) for the proposition that

5   "[t]he usual rule is that a plaintiff must initially bear the cost of notice to the class." Yet *Eisen* made

6   clear that this is not an ironclad rule. And, indeed, the weight of authority appears to endorse the

7   shifting of costs to the defendant when its liability is clearly within sight. *See, e.g.*, *Hunt v. Imperial*

8   *Merch. Servs., Inc.*, 560 F.3d 1137, 1143 (9th Cir. 2009) ("These district court decisions point us

9   towards recognizing, as commentators have suggested, a general principle that 'interim litigation

10  costs, including class notice costs, may be shifted to defendant after plaintiff's showing of some

11  success on the merits, whether by preliminary injunction, partial summary judgment, or other

12  procedure.'"); *Macarz v. Transworld Sys., Inc.*, 201 F.R.D. 54, 58 (D. Conn. 2001) (agreeing with

13  the plaintiff that "because liability has already been determined, defendant bears the cost of notice

14  to the class") (cited by the *Hunt* court); 3 Newberg on Class Actions § 8:6 (4th ed. 2007) (cited by

15  the *Hunt* court). Since Hertz's liability has already been determined, Hertz properly bears the costs

16  of notice.

17       Perhaps anticipating this result, Hertz asks that Plaintiffs be required to post a bond in the

18  amount of notice costs if Hertz must pay these costs. However, while *Hunt* allowed that "the

19  defendant might later be entitled to recover [notice] costs," *Hunt* did not impose anything like a

20  bond requirement. Hertz cites *In re Wal-Mart Wage & Hour Employment Practices Litig.*, MDL

21  1735, 2010 WL 786513, *2 (D. Nev. Mar. 8, 2010) for the propriety of its requested bond

22  requirement, but that case is easily distinguishable: there, the court imposed a bond requirement on

23  objectors who pursued "frivolous" appeals that would be "almost certainly [] rejected by the Ninth

24  Circuit Court of Appeals." These are not the present circumstances. Thus, Hertz's request that

25  Plaintiffs be required to post a bond in the amount of notice costs is denied.

26  ///

**C.  The Content of the Notice**

Hertz's final arguments address the content of Plaintiffs' proposed notice. Citing the requirements of Rule 23, Hertz argues that the proposed notice does not describe the nature of the action, that it does not explain "what a class action is, or why a class has been certified in this case," that the notice does not state "the class claims, issues, and defenses," and that the court has yet to address whether certain entities are members of the class.[5] Hertz consequently provides a modified version of Plaintiffs' proposed notice.

To be sure, Hertz's edits are mostly strategic; yet they point out deficiencies in the proposed notice that merit a remedy (if not the remedy that Hertz suggests). Accordingly, the court now orders the following changes be made to the proposed notice in compliance with Rule 23's demands:

I.  The first page of the notice should contain the following summary:

1.  Beneath the caption, centered and in large font, should read "If you rented a car from Hertz at the Las Vegas or Reno airports during the period from October 13, 2003 through September 30, 2009, you could be entitled to a partial refund."

2.  Beneath this line, the following bullet points should appear in normal-sized font:

a.  This notice summarizes your rights as a potential class member in a class-action lawsuit, *Sobel et al. v. The Hertz Corporation*, No. 06-cv-00545-LRH-RAM.

b.  Two Hertz customers brought a class-action lawsuit against Hertz, claiming that Hertz improperly charged separate fees called "airport concession recovery fees" to its customers at the Las Vegas and Reno airports from October 13, 2003 through September 30, 2009. Hertz denied that the charges were improper.

c.  The Court found that Hertz's charges were improper and that those who were

---

[5] Hertz's final objection (concerning who is in the class and who is not) is an attempt to reargue class certification. The court dealt with these issues when it certified Plaintiffs' class, and it declines—absent a compelling reason advanced by Hertz—to revisit them here.

improperly charged are entitled to a partial refund, typically 8.5% to 11.5% of the total rental cost. Hertz disagrees with the Court's ruling and will appeal, potentially delaying or even eliminating any eventual payout.

    d.    Hertz's records indicate that you may be one of the improperly charged customers and therefore entitled to a partial refund.

    e.    Court-approved lawyers for the class are asking for up to $10.5 million as fees and expenses for investigating the facts and litigating the case. This fee award may or may not reduce the amount of any potential partial refund.

    f.    Your legal rights are affected whether you act or don't act. Read this notice carefully.

    g.    More information is available at [class website].

3.    Beneath these bullet points, a table with two columns and three rows should appear, with the following content in normal-sized font:

| Your Legal Rights and Options | |
|---|---|
| Do nothing | Possibly get a partial refund. Give up certain rights. |
| Ask to be excluded | Get no benefits from this lawsuit. Keep rights. |

II.    Following this table, the proposed notice may appear as in Hertz's Exhibit A (#335-1) with these modifications:

1.    Under the heading "Why Should I Read this Notice?"

    a.    This Notice was sent to you at the direction of the judge supervising the class action lawsuit *Sobel et al. v. The Hertz Corporation*, No. 06-cv-00545-LRH-RAM. The plaintiffs, two Hertz customers, have sued on their own behalf and on behalf of everyone else in similar circumstances. Hertz's records indicate that this probably includes you. Therefore, you are probably entitled to a partial

11

1    refund of the amount you paid to rent a car from Hertz during the period October

2    13, 2003 through September 30, 2009. THIS NOTICE AFFECTS YOUR

3    LEGAL RIGHTS SO PLEASE READ IT IN ITS ENTIRETY.

4    2.   Under the heading "What is this Lawsuit About?"

5        a.    This lawsuit is about a surcharge that Hertz applied to your rental fee called an

6              "airport concession recovery fee." These fees typically represented 8% to 11.5%

7              of your total cost to rent a car from Hertz. The Court has ruled that Hertz

8              illegally collected this fee as a surcharge (rather than including it in the rental

9              price itself) from October 13, 2003 through September 30, 2009 at its locations

10             at the Las Vegas and Reno airports. Accordingly, the Court found that class

11             members are entitled to a refund (with interest) of their rental fees in the amount

12             of the surcharge. Hertz disagrees with this ruling and will appeal to the Ninth

13             Circuit Court of Appeals. The Ninth Circuit could either overturn or uphold this

14             ruling.

15   3.   Under the heading "Who is Included in the Class?"

16       a.    Replace the second sentence with the following: "All such persons (excluding

17             government entities) are members of the Class and are entitled to receive a

18             refund, unless they exclude themselves as provided in paragraph [number]

19             below."

20       b.    Following the final sentence, add the sentence "If you do not exclude yourself,

21             you will be bound by any judgment entered by the Court."

22   4.   Under the heading "How Much Money will I Receive?"

23       a.    Replace the sentence "The Court has ruled that you are also entitled to interest

24             from June 13, 2006, or the date of your rental, whichever is later, at a varying

25             rate under Nevada law" with the sentence "The Court has ruled that you are also

26             entitled to interest from May 27, 2009, or the date of your rental, whichever is

1    later, at a varying rate under Nevada law."[6]

2    b.    The proposed notice requires Hertz to identify the amount of each class

3          member's concession fee charge. The court specifically approves this

4          requirement.

5    5.    Under the heading "Can I Exclude Myself from the Class?"

6    a.    Replace the first two sentences with the following sentences: "Yes. If you

7          exclude yourself, you will not be bound by any judgment in the case and you

8          will not receive a cash payment. You may exclude yourself by logging on to

9          [class website], providing the requested identifying information and checking

10         the box that states you wish to exclude yourself from the Class."

11   6.    Under the heading "Was There a Previous Proposed Settlement in this Case?"

12   a.    Add the following paragraph: "Because the settlement was not approved, it is of

13         no effect. That means that any statements about the settlement, decisions to opt

14         out, or other actions taken in 2011 are of no effect. If you previously received

15         notice, you should disregard that notice and decide whether to opt out or not at

16         this time."

17   7.    Under the heading "How will Plaintiffs' Counsel be Paid?"

18   a.    Addressed above.

19   8.    Under the heading "What do I do if I Wish to Object to Counsel's Application for Fees

20         and Costs?"

21   a.    If you wish to object to the application for attorney's fees and costs, and you

22         have not excluded yourself from the Class, you must submit your objection in

23         writing. You must send your written Notice of Objection by first-class mail or

24         courier service (such as Federal Express or UPS) to:

25   _____

26   [6] The parties agree that this is the appropriate date from which to calculate prejudgment interest.

13

Clerk of the Court
U.S. District Court
400 S. Virginia St.
Reno, NV 89501

Your objection must be received by _____, 2013 for it to be considered and must briefly state the position(s) you wish to take with respect to the fee application. In addition you must send a copy of that objection to the following attorneys by that date: [Plaintiffs' Counsel's address, Hertz's Counsel's address]

9.  Under the heading "What Happens if I Don't do Anything?"

   a.  Replace the second sentence with the following: "Specifically, if the Court's ruling is affirmed on appeal, Plaintiffs' Counsel will seek an order from the Court directing that you be paid the full amount you are due, minus your portion (if any) of the attorney's fees and costs subtracted from the common fund."

Because these modifications work a fairly substantial change in the proposed notice, the parties will have twenty days to object to the court's changes. The parties will then have ten days to respond to these objections. The court stresses that it will only consider objections that address the proposed notice's *content*.

**D.  Hertz's Motion for Leave to File Surreply**

Hertz has requested leave to file a surreply, arguing that Plaintiffs' Reply (#243) "significantly expands the issues" because Plaintiffs addressed arguments raised by Hertz in its opposition but not raised in Plaintiffs' opening memorandum. But that is what a reply is for. Nor has Hertz identified the ways in which Plaintiffs' Reply "significantly expand[ed]" on the issues Hertz itself put in play. Finally, Hertz's proposed surreply mostly rehashes its attempt at rearguing issues upon which the court has already ruled, and therefore the court finds the proposed surreply unhelpful. Accordingly, Hertz's Motion (#350) is denied.

**E.  Scheduling Order**

Hertz has not objected to Plaintiffs' proposed Scheduling Order. Therefore, the court adopts

14

(in part) Plaintiffs' proposed schedule as follows:

| | |
|---|---|
| Objections to Court-Approved Notice Content *Only* (i.e., objections related to Subsection C, above) | 20 days from date of entry of this order |
| Responses to Objections | 10 days from objection deadline |
| Publication of Notice to Class | 90 days from date of entry of order addressing notice-content objections |
| Fee Application Deadline (including deadline for Objectors to file fee and cost applications) | 90 days from date of entry of order addressing notice-content objections |
| Deadline for Opting Out of Class and/or Objecting to Fee Application | 60 days from Notice date |
| Submission of List of Op-outs and Proposed Rule 58(d) Order Entering Summary Judgment Ruling | 15 days from opt-out deadline |
| Replies to any Objections to Fee Application | 15 days from objection deadline |
| Attorney Fee Hearing | 7 or more days following date of reply brief |

**IV.   Conclusion**

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Approval of Proposed Notice (#335) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Hertz's Motion for Leave to File Surreply (#350) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike (#357) is DENIED as moot.

IT IS FURTHER ORDERED that Objectors' Motions to Establish Deadline for Fee Applications (##349, 352) are GRANTED.


IT IS SO ORDERED.

DATED this 12th day of September, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

15