SNELL & WILMER
WILLIAM PETERSON (Bar No. 1528)
50 West Liberty Street
Suite 510
Reno, NV 89501
Telephone: 775-785-5440
Facsimile: 775-785-5441

JENNER & BLOCK LLP
ROSS B. BRICKER (Admitted Pro Hac Vice)
MICHAEL T. BRODY (Admitted Pro Hac Vice)
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312-222-9350
Facsimile: 312-527-0484

Attorneys for Defendant
THE HERTZ CORPORATION

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JANET SOBEL, DANIEL DUGAN, Ph.D., and LYDIA LEE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION, a Delaware corporation; and, ENTERPRISE RENT-A-CAR COMPANY, a Missouri corporation,<br><br>Defendants. | Civil Action No. 3:06-CV-00545-LRH-WGC<br><br>DEFENDANT HERTZ'S SUBMISSION IN RESPONSE TO THE COURT'S ORDER OF SEPTEMBER 13, 2013 |

Defendant The Hertz Corporation ("Hertz"), by its attorneys, makes the following submission in response to the Court's order of September 13, 2013. In that order, the Court ruled on the parties' positions regarding the timing, content, and method of notice and invited the parties to suggest any additional changes to the content of the notice proposed by the Court.

Following the issuance of the Court's order, defendant incorporated the Court's September 13 rulings regarding the content of notice into the notice previously proposed by plaintiffs. The revised notice showing the Court's changes is attached as Exhibit A. Defendants have shared Exhibit A with plaintiffs' counsel, and made additional changes to the exhibit to reflect plaintiffs'

PETERSW\SWDMS\18040435

counsel's understanding of the Court's order. It is defendants' belief that Exhibit A accurately reflects the form of notice as directed by the Court in its order of September 13. Defendant prepared this form of notice, so that any additional submissions by the parties would be based on the same proposed notice and could be easily compared.

1. **Hertz's Proposed Changes to the Content of Notice.**

As the Court invited in its order of September 13, 2013, Hertz has proposed additional changes to the Court's form of notice to ensure the notice complies with Federal Rule of Civil Procedure 23 by describing clearly and concisely the current status and potential progress of the litigation, as well as the binding effect of not opting out. Hertz's proposed notice is attached hereto as Exhibit B. In addition, Hertz has prepared a "redline," which is attached hereto as Exhibit C, to show the specific changes Hertz proposes to the notice suggested by the Court. Hertz does not waive its prior objections to the proposed form of notice. As the Court directed, however, Hertz is using the Court's form of notice as a starting point for any changes.

Rule 23 contemplates two different types of notice: which type of notice is required depends on the situation. Notice of the pendency of a class action, which is governed by Rule 23(c), advises class members of the pendency of the action, the nature of the action and defenses, and class members' opportunity to opt out. Rule 23(c) requires the Court to issue notice that "clearly and concisely" states, among other things, (i) the complete nature of the action; (ii) the class definition; (iii) the claims, issues, and defenses; and (iv) the binding effect of a class judgment. Rule 23(c) notice "must only have 'information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt-out or remain a member of the class.'" *Tierno v. Rite Aid Corp.*, No. C05-02520 THE, 2007 WL 4166028, at *1 (N.D. Cal. Nov. 19, 2007) (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977)); *see also* Federal Judicial Center, *Manual for Complex Litigation* § 31.311 (4th ed. 2004). At the certification stage, "[a]n overly detailed notice has the potential to confuse class members and impermissibly encumber their rights to benefit from the action." *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011).

In contrast, Rule 23(e) requires that notice of a settlement "generally describe[] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Rodriquez v. West Publ'g Corp.*, 563 F.3d 968, 962 (9th Cir. 2009); *see* Fed. R. Civ. P. 23(e) (requiring parties to disclose agreement); *Manual for Complex Litigation* § 21.312 (settlement notice must disclose essential terms of proposed settlement and allow class members to calculate or estimate individual recoveries). To that end, the Ninth Circuit has held that describing "the aggregate amount of the settlement fund and the plan for allocation" is a meaningful description of the settlement. *Rodriquez*, 563 F.3d at 962-63 (stating that notice need not analyze expected value). Thus, a notice issued under Rule 23(e) more typically describes the dollar value of the settlement, as well as the procedure for objecting to the settlement, or making claims. Providing class members with the settlement amount under Rule 23(e) is appropriate because, absent a failed settlement, the settlement award is fixed and will not be reversed or amended by further proceedings or appeal. *See Rodriguez*, 563 F.3d at 962

Hertz respectfully submits that the notice, as amended by the Court, does not comply with Rule 23(c). Hertz has proposed additional changes to the Court's form of proposed notice (Exhibit A) to comply with Rule 23(c). For example, the proposed notice does not contain a class definition, as required by Rule 23(c)(2)(B)(ii), and does not clearly and concisely describe the other elements required of a Rule 23(c) notice.

In its proposed changes (Exhibits B and C), Hertz attempts to provide the information required by Rule 23(c). Hertz's proposed notice advises the class that the Court has certified a class and what that means for potential class members. Hertz further describes the procedural history of the case, as well as clarifies the possibility of a future appeal, and the effect that appeal could have on the outcome for class members. Hertz acknowledges that the Court has rejected Hertz's position, describes the Court's rulings, and, as stated in the Court's notice, indicates that Hertz intends to appeal. Hertz also attempts to state clearly and concisely that the Court's ruling on the amount of the judgment, any fee petition, or any potential appeal, could affect the amount of any distribution. And, Hertz clarifies that by not opting out, class members are bound by any future outcomes in the case.

Hertz's proposed notice omits the types of disclosures that are more appropriate to advise class members of a settlement of a class action. Inclusion of this unnecessary information will prejudice Hertz and complicate future proceedings.

For example, one notable change Hertz proposes is to eliminate any reference to the amount of a potential refund that class members may receive. The Court's proposed notice (Exhibit A) states the dollar value class members may expect to recover, as is typical in a settlement notice. In this case, there is no settlement, and the Court's prior rulings remain subject to appellate review. Any amount placed on the notice may be incorrect, given that the amount of a refund is subject to alteration based on the determination of a judgment amount, which has not been set, the calculation of interest (which will increase the amount of any refund), and the calculation of attorneys' fees (which may decrease the amount of any refund). An appeal could further change the class member's recovery. Suggesting a dollar amount to each class member in this notice, when that recovery remains contingent and undefined, creates the risk of confusion. *See Faught*, 668 F.3d at 1239.

In addition, quantifying the value of the claim for each class member will complicate further proceedings in this case. Advising class members what they are entitled to receive now will unnecessarily impede any future settlement discussions. Moreover, if the Court, or an appellate court, directs the award of a smaller amount, or none at all, class members will be confused and will likely contact class counsel or the Court to register their objections. The inclusion of the amount of recovery in a class settlement notice under Rule 23(e) may be proper because that amount is unlikely to change. It is unnecessary to include that amount in the present notice when the amount of any recovery is uncertain, when the amount is not needed for a class member to assess whether to opt out, and when its inclusion will likely prejudice future efforts to resolve the case and confuse the class.

Finally, if the Court directs that class members be advised of the amount of their prior payment of airport concession fees, Hertz has provided an alternative text in its proposed notice that Hertz believes is more clear. Hertz proposes that different forms of notice should be used for email and regular mail. Depending on the type of notice used, the notice will refer to the specific location on the notice where the projected amount of any recovery can be found.

2. **Reservation of Objections.**

Hertz reserves all of the objections it has previously stated to the plaintiffs' notice proposal. As set forth in its prior objections,

- Hertz objects to the sending of notice at this time.
- Notice is premature until the amount of any judgment can be ascertained, including a determination of the amount of restitution, if any, the amount of attorneys' fees, if any, and resulting interest. The Court has not been asked to determine the amount of any judgment, and the amount of that judgment will need to be limited to the amounts paid by the class that Hertz still retains.
- The Notice plaintiffs propose to send will be inaccurate if the Court accepts Hertz's arguments concerning the amount of the judgment and any offsets.
- Hertz preserves its objection to the Court's order directing that Hertz should bear the cost of notice. That cost should be borne by plaintiffs, or their counsel, in a class action under Rule 23(b)(3).
- In addition, if Hertz is required to pay the costs of notice, plaintiffs, or their counsel, should provide security in the event that any judgment in this case is ultimately reversed. Hertz has learned that the method of notice contemplated by the Court will cost approximately $700,000. If Hertz pays that cost, and the rulings of this Court are reversed, it will be difficult, if not impossible, for Hertz to recover that cost. To guard against this unfair result, Hertz requests that the Court direct plaintiffs or their counsel to at least provide security for the costs Hertz has now been ordered to incur.
- Hertz preserves its other objections to the form of notice, which the Court has previously rejected. Hertz has based its notice on the Court's form of notice so as to avoid, to the greatest extent, repeating objections the Court has rejected.

3. **Request For A Hearing.**

Hertz is mindful of the court's desire to bring this matter to a prompt conclusion and appreciates the courts efforts and admonitions to counsel in that regard. To that end, and not for purposes of further delay, Hertz believes and therefore suggests that resolution of all remaining

issues concerning the notice would be expedited by the Court scheduling a short hearing where the parties can address any remaining differences directly with the court.

WHEREFORE, Hertz respectfully requests the Court schedule a brief hearing to bring to final resolution all remaining issues regarding notice including the revisions proposed herein and attached hereto as Exhibits B & C.

Dated: October 3, 2013

Respectfully submitted,

By_____/s/_____

Ross B. Bricker (Admitted Pro Hac Vice)  
Michael T. Brody (Admitted Pro Hac Vice)  
Jenner & Block LLP  
353 N. Clark Street  
Chicago, IL 60654-3456  
Telephone:    312-222-9350  
Facsimile:    312-527-0484  

William Peterson (Bar No. 1528)  
SNELL & WILMER  
50 West Liberty Street  
Suite 510  
Reno, NV 89501  
Telephone: 775-785-5440  
Facsimile: 775-785-5441  

Attorneys for Defendant  
THE HERTZ CORPORATION

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing DEFENDANT HERTZ'S SUBMISSION IN RESPONSE TO THE COURT'S ORDER OF SEPTEMBER 13, 2013 by the method indicated:

| | |
|---|---|
| XXXXXXX | by Court's CM/ECF Program |
| _____ | by U. S. Mail |
| _____ | by Facsimile Transmission |
| _____ | by Overnight Mail |
| _____ | by Federal Express |
| _____ | by Electronic Service |
| _____ | by Hand Delivery |

and addressed to the following:

G. David Robertson
Robertson, Johnson, Miller & Williamson
50 W. Liberty Street, Suite 600
Reno, Nevada 89501

Susan S. Thomas
Arthur Stock
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103

Dated this 3rd day of October, 2013.

By _/s/ Holly W. Fruge_____
An employee of Snell & Wilmer L.L.P.

PETERSW\SWDMS\18040435