UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JANET SOBEL and DANIEL DUGAN, Ph.D., individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

THE HERTZ CORPORATION, a Delaware corporation,

    Defendant.

3:06-CV-00545-LRH-RAM

ORDER

Before the Court is Defendant The Hertz Corporation's ("Hertz") Revised Notice Submission in Response to the Court's September 13, 2013 Order (Doc. #364[1]), to which Plaintiffs Janet Sobel and Daniel Dugan ("Plaintiffs") have responded (Doc. #369).

## I. Facts and Procedural History

This is a class action filed on behalf of persons who rented cars at the Reno and Las Vegas airports from the rental car company Hertz. In return for the right to operate on-site at the Reno and Las Vegas airports, rental car companies like Hertz are required to pay a percentage of their gross revenues to the airports as "concession fees." The companies passed along the fees to their customers as surcharges labeled "airport concession recovery fees."[2] At all relevant times, Hertz

---

[1] Refers to the Court's docket number.

[2] Hertz charged Plaintiff Sobel, who rented her vehicle from the McCarran International Airport in Las Vegas, an airport concession recovery fee of 10%. Hertz charged Plaintiff Dugan, who

1  "unbundled" the surcharges from the base rental rate, such that the rental rate quoted to customers
2  did not include the additional airport concession recovery fee. Rather, it was itemized separately in
3  the rental agreement. Plaintiffs allege that this practice violates Nevada Revised Statute ("NRS")
4  § 482.31575.

5      This case was originally filed on October 13, 2006 by individual Plaintiffs Janet Sobel,
6  Daniel Dugan, Ph.D., and Lydia Lee, and against Defendants Hertz and Enterprise. Early on, Lee
7  and Enterprise were voluntarily dismissed without prejudice. Following the Court's denial of
8  Hertz's Motion to Dismiss and the Ninth Circuit's denial of interlocutory review, the Court
9  approved the parties' stipulation to bifurcate the determination of liability and damages and to defer
10 class certification proceedings until after the Court ruled on the parties' dispositive motions. Doc.
11 #52. Accordingly, Plaintiffs completed liability discovery against Hertz, and the parties filed
12 Cross-Motions for Summary Judgment on the issue of liability. As to the relevant claim—Hertz's
13 alleged violation of NRS § 482.31575—the Court found in Plaintiffs' favor. Doc. #111.

14     Following the Court's ruling, Plaintiffs Sobel and Dugan filed a Motion for Class
15 Certification on behalf of all Hertz customers who were charged a concession recovery fee at
16 Nevada airports between October 13, 2003 and September 20, 2009. Doc. #112. The parties also
17 commenced discovery on the issue of damages. About three months after the Court's liability
18 ruling, the parties entered into settlement negotiations. After they reached an agreement in July
19 2010, the Court approved a stipulation staying all litigation pending further negotiations,
20 documentation, and approval of a class action settlement. Doc. #118.

21     On October 5, 2010, after further negotiations, Plaintiffs filed a motion seeking
22 (1) preliminary approval of the settlement, (2) conditional certification of the settlement class,
23 (3) approval of the form and manner of notice to the settlement class and the procedures for class

---

rented his vehicle from the Reno-Tahoe International Airport in Reno, an airport concession recovery fee of 11.54%.

members to register for settlement benefits, and (4) a schedule for proceedings leading to final approval of the settlement—all stipulated to by the parties for purposes of settlement only. Doc. #123. The parties also stipulated to consolidate the *Sobel* case with former plaintiff Lee's reinstated action against Enterprise, docketed as Case No. 3:10-cv-326-LRH-VPC. Lee's complaint included a new plaintiff, Mark Singer, and a new defendant, Vanguard, an affiliate of Enterprise that rented cars at Nevada airports under the Alamo and National brands. The consolidated action for the purposes of settlement would thus include four named plaintiffs—Sobel, Dugan, Lee, and Singer—and three named defendants—Hertz (also d.b.a. Advantage), Enterprise, and Vanguard (d.b.a. National and Alamo).

The Court approved the stipulation to consolidate the *Sobel* and *Lee* cases, allowing Plaintiffs to file a Second Amended Complaint and staying all proceedings (except those relating to settlement) pending final approval of the proposed settlement. Plaintiffs filed their Second Amended Complaint on November 5, 2010. Doc. #133. Four days later, the Court held a hearing on Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Approval of the Form of Notice, and Memorandum in Support Thereof. Doc. #123. After hearing arguments and taking the matter under submission, the Court entered two orders on November 23, 2010, granting conditional certification of the settlement class (Doc. #135) and granting preliminary approval of the settlement and approving the form of notice (Doc. #136). In particular, the Court (1) conditionally certified the settlement class under Federal Rule of Civil Procedure 23(b)(3), "in connection with and solely for purposes of settlement"; (2) appointed as class representatives the named plaintiffs, Janet Sobel, Daniel Dugan, Ph.D., Lydia Lee, and Mark Singer; (3) appointed as class counsel the Law Office of David Zlotnick; Berger & Montague, P.C.; and Robertson & Benevento; (4) preliminarily approved the settlement; (5) entered a scheduling order for further motions; and (6) approved the form and manner of notice to the settlement class.

The conditionally approved notice procedure required Defendants to (1) establish a website containing the settlement class notice as well as relevant settlement documents and (2) provide a

settlement class notice to class members via email or standard U.S. mail, at Defendants' discretion. The conditionally approved procedure also required Defendants to use the National Change of Address Database to obtain the current addresses of class members and to use regular mail if email proved undeliverable. The Court found that the settlement class notice itself complied with Federal Rule of Civil Procedure 23. Doc. #136, ¶ 5.

From February 7 to 18, 2011, nearly 2.5 million (exactly 2,497,360) notices were sent to class members. Of those, 1,217,894 notices were mailed or emailed to customers of the Hertz and Advantage brands. Doc. #229, p. 3. After about two months, nearly 35,482 Hertz and Advantage customers had registered for the benefits of the settlement—coupons whose value depended on the number of rentals that the customer had purchased. Doc. #229, p. 3. Additionally, 2,068 opt-outs had been processed for Hertz and Advantage. Doc. #229, p. 3.

On May 17, 2011, the Court held a fairness hearing on Plaintiffs' Motion for Final Approval of the Settlement. Doc. #185. After hearing arguments from Plaintiffs, Defendants, and appearing objectors, the Court indicated that Plaintiffs' Motion for Final Approval would be denied, and then issued a written Order addressing all pending motions. Doc. #250. Through the terms of their earlier stipulations, the Court's denial nullified the parties' pre-settlement filings, including the stipulation to consolidate and the Second Amended Complaint. Consequently, the First Amended Complaint—with Plaintiffs Sobel and Dugan and Defendant Hertz—now governed the parties and claims before the Court in the *Sobel* action.

The stay on damages discovery lifted. Plaintiffs subsequently filed a Motion to Certify the Class (Doc. #255), and both parties filed Motions for Summary Judgment on the issue of damages (Doc. #295 (Plaintiffs); Doc. #298 (Hertz)). After an October 18, 2012 hearing and a further four-month stay for the purposes of renewed settlement negotiations, the Court certified Plaintiffs' class under Federal Rule of Civil Procedure 23(b) and found in favor of Plaintiffs on the issue of damages. Doc. #332. Specifically, the Court found that class members are entitled to the restitution of any airport concession recovery fees they paid to Hertz during the class period.

Thereafter, Plaintiffs filed a Motion for Approval of Proposed Notice (Doc. #335), and the Court issued an Order: (1) finding that notice was not premature; (2) requiring that Hertz bear the cost of notice; and (3) detailing changes to the form and content of Plaintiffs' proposed notice. Doc. #362. Additionally, the Court invited the parties to object to the Court's changes within twenty (20) days of the Order. Doc. #362. In response thereto, Hertz filed an Objection, proposing additional changes to the content of the notice. Doc. #364. Plaintiffs filed a Response in which it evinced a preference for the Court's proposed notice. Doc. #369.

Hertz also filed a Notice of Appeal to the United States Court of Appeals for the Ninth Circuit as to the Court's September 13, 2013 Order. Doc. #365. The Court finds that Hertz's interlocutory appeal will have no effect on the proceedings before this Court. As the Court has expressed on numerous occasions its desire to move forward with this case, it will proceed to address the parties' objections to the Court's proposed notice.

## II. Legal Standard

Under Federal Rule of Civil Procedure 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances." This notice must clearly and concisely state

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

In addition, class members must be notified of motions for attorney's fees and nontaxable costs. Fed. R. Civ. P. 23(h)(1).

The notice must contain information "that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt-out or remain a member of the class." *Tierno v. Rite Aid Corp.*, No. C05-02520, 2007 WL 4166028, at *1 (N.D. Cal. Nov. 19, 2007) (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977)); *see also* Federal Judicial Center, *Manual for Complex Litigation, Fourth* § 21.311, at *2-3.

5

### III.     Discussion

The Court has reviewed the parties submissions in this matter and concludes that the notice shall be modified as follows. Specifically, the Court agrees with Hertz that the notice should clarify the possibility of future appeal, and the effect that an appeal could have on the outcome of this case for the class members. This information is essential to complete understanding of the action. As such, it is something that a reasonable person would consider material in determining whether to opt-out of or remain in the class. Accordingly, the Court approves of Hertz's proposed change in this regard.

The Court further agrees with Hertz that the notice should not contain any information concerning the amount of money that each individual class members can expect to receive. At best, this information is unnecessary to an assessment of whether to opt-out of or remain in the class. At worst, it has the potential to confuse and mislead class members if the Court determines that attorney's fees and costs should be deducted from the total amount awarded to the class, or if the Ninth Circuit Court of Appeals modifies or reverses the Court's rulings. Moreover, because notice is proceeding after Plaintiffs have prevailed on the merits at summary judgment, the Court finds it necessary to reduce the possibility of prejudice to Hertz.

In *Schwarzschild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995), the Ninth Circuit held that defendants had waived their right to have notice sent to the class under Rule 23(c)(2) and to obtain a judgment that was binding on the class by moving for summary judgment before the class had been properly certified and notified. The concern, the Ninth Circuit warned, is over "prevent[ing] 'one-way intervention'—that is, the intervention of a plaintiff in a class action after an adjudication favoring the class has already taken place." See *Schwarzschild*, 69 F.3d at 295. However, the Ninth Circuit specifically left unresolved the question of whether class certification and notice may proceed in cases in which the plaintiffs have prevailed on summary judgment. Subsequent cases, however, make clear that this practice is now common. See *Hunt v. Imperial Merch. Servs. Inc.*, 560 F.3d 1137 (9th Cir. 2009) (holding that a district court may, in an appropriate case, shift class

1  notice costs to a defendant who has been adjudged liable on the merits).  Certainly, doing so may
2  save considerable time and expense where the parties have consented to a ruling on liability prior to
3  class certification.
4        This case is a perfect illustration.  The parties stipulated to the determination of liability
5  prior to class certification and notice.  *See* Doc. #52 (approving of the parties' stipulation that
6  dispositive motions on liability shall precede class certification).  Moreover, Hertz moved for
7  summary judgment on the issue of liability long before Plaintiffs even filed for class certification.
8  *See* Doc. #81; *see also Gessele v. Jack in the Box, Inc.*, No. 3:10-CV-960-ST, 2012 WL 3686274,
9  at *3 (D. Or. Aug. 24, 2012) (alluding to cases allowing certification to await dispositive motions
10 when defendant has consented to that procedure by filing a motion for summary judgment); *but see*
11 *Weir v. Joly*, No. CV-10-898-HZ, 2011 WL 6043024, at *2 (D. Or. Dec. 2, 2011) (finding that
12 defendants did not waive any right to raise the one-way intervention doctrine by agreeing to a
13 briefing schedule in which the motion to certify the class would not occur until after summary
14 judgment).
15       Nevertheless, the same cannot be said as to the determination of damages in this case.  The
16 parties did not stipulate to a determination of damages prior to class certification.  Nor did Hertz
17 file its Motion for Summary Judgement on the issue of damages before Plaintiffs filed for class
18 certification.  Here, Hertz has not raised the "one-way intervention" argument and does not take
19 issue with the fact that the proposed notice includes reference to the Court's rulings on the merits of
20 the case.  Hertz does, however, challenge the inclusion of any reference to the amount of damages.
21 As such, the Court finds that it would be prudent to omit any references to a dollar amount that
22 class members might expect to receive.  *See Postow v. OBA Fed'l Sav. and Loan Ass'n*, 627 F.2d
23 1370, 1383-84 (D.C. Cir. 1980) (where summary judgment in favor of plaintiffs is awarded prior to
24 class certification, "[the] notice to potential class members did not inform them as to the existence
25 of any judgment in their favor, thus reducing substantially the 'one way street' danger of post-
26 judgment certifications"); *see also Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 358 (Tex.

2001) ("the notice approved by the trial court does not inform potential class members of any judgment in their favor, thus reducing any potential danger from one-way intervention"). Thus, to the extent the Court previously approved the requirement that Hertz identify the amount of each class member's concession fee recovery charge, the Court modifies that ruling as set forth herein.

**IV.  Final Proposed Notice**

The proposed notice shall be modified as follows:

I.  The first page of the notice shall contain the following summary:

1.  The caption line, beneath "Case No. 3:06-cv-00545-LRH-RAM," shall read "NOTICE OF CLASS ACTION AND HEARING ON ATTORNEY FEE AND COST APPLICATION." The Court accepts Hertz's proposed change. The language immediately following this caption line sufficiently conveys the importance of reading the notice.

2.  Beneath the caption, centered and in large font, shall read "If you rented a car from Hertz at the Las Vegas or Reno airports during the period from October 13, 2003 through September 30, 2009, you may be entitled to a partial refund." The Court rejects Hertz's proposed change. The Court's proposed language is preferable because it signals who should read the notice and why it is important.

3.  Beneath this line, centered and in italics, shall read "A federal court authorized this notice. This is not a solicitation from a lawyer."

3.  Beneath this line, the following bullet points shall appear in normal-sized font:

    a.  "This notice summarizes your rights as a potential class member in a class-action lawsuit, *Sobel et al. v. The Hertz Corporation*, No. 06-cv-00545-LRH-RAM. At this time, you have the right to decide to remain in the class, or to exclude yourself from the class, which is also known as 'opting-out.' You also have the right to object to class counsel's request for fees. This notice is intended to describe the options you now have." The Court accepts in part, and

8

rejects in part, Hertz's proposed changes.

    b.    "Two Hertz customers brought a class-action lawsuit against Hertz, claiming that Hertz improperly charged separate fees called 'airport concession recovery fees' to its customers at the Las Vegas and Reno airports from October 13, 2003 through September 30, 2009.  They do not challenge Hertz's ability to collect the fee, only the manner in which Hertz charged the fee as a separate line item on price quotes and bills.  Hertz denies that the charges were improper."  The Court accepts in part, and rejects in part, Hertz's proposed changes.

    c.    "The Court found that Hertz's description of the fee on a separate line was improper and that those who were charged in this manner are entitled to a partial refund, typically 8.5% to 11.5% of the total rental cost.  Hertz disagrees with the Court's rulings and will appeal.  Depending on the outcome of the appeal, you may be entitled to a partial refund."  The Court accepts in part, and rejects in part, Hertz's proposed changes.

    d.    "Hertz's records indicate that you may be one of the improperly charged customers.  Therefore, you may be entitled to a partial refund."  The Court rejects Hertz's proposed changes, but modifies this bullet accordingly.

    e.    "In addition, the Court has appointed lawyers for the class.  They will ask the Court to award up to 25% of the total class recovery as fees and expenses for investigating the facts and litigating the case.  Any fee the Court awards may be assessed against Hertz or may be deducted out of whatever the Court awards to the class."  The Court accepts in part, and rejects in part, Hertz's proposed changes.

    f.    "Your legal rights are affected whether you act or don't act.  Please read this notice carefully."

    g.    "More information is available at www.HertzNevadaLawsuit.com."

1. 4. Beneath these bullet points, a table with two columns and three rows should appear, with the following content in normal-sized font:

| **Your Legal Rights and Options** ||
|---|---|
| **If you:** | **What will happen:** |
| Do nothing | You will likely get a partial refund.<br><br>You will give up the right to sue Hertz separately for charging airport concession fees at the Las Vegas or Reno airports. |
| Ask to be excluded | You will get no benefit from this lawsuit.<br><br>You will keep your right to sue Hertz separately for charging airport concession fees at the Las Vegas or Reno airports. |

The Court accepts in part, and rejects in part, Hertz's proposed changes to the above table.

II. Following this table, the notice shall address each of the following questions:

1. Under the heading "Why Should I Read this Notice?"  The Court accepts in part, and rejects in part, Hertz's proposed changes.

   a. "This Notice was sent to you at the direction of the judge supervising the class action lawsuit *Sobel et al. v. The Hertz Corporation*, No. 06-cv-00545-LRH-RAM.  The plaintiffs, two Hertz customers, have sued on their own behalf and on behalf of everyone else in similar circumstances.  The Court has certified this case as a class action.  Accordingly, the two plaintiffs are entitled to pursue their claim on their own behalf, and on behalf of a 'class' of car renters like them.  The Court has defined the class as 'all individuals who rented a car from Hertz at the Las Vegas or Reno airports on one or more occasions between October 13, 2003 and September 30, 2009 and were charged an airport concession recovery fee by Hertz.'"

   b. "Hertz's records indicate that this class probably includes you.  Therefore, unless you choose to exclude yourself from the class, you will likely be entitled to a

     partial refund of the amount you paid to rent a car from Hertz during the period from October 13, 2003 through September 30, 2009."

  c. "THIS NOTICE AFFECTS YOUR LEGAL RIGHTS SO PLEASE READ IT IN ITS ENTIRETY."

2. Under the heading "What is this Lawsuit About?" The Court accepts in part, and rejects in part, Hertz's proposed changes.

  a. "This lawsuit is about a line item on Hertz price quotes and contracts called an 'airport concession recovery fee.' These fees typically represented 8% to 11.5% of the total cost to rent a car from Hertz. The Court has ruled that Hertz violated Nevada law by identifying this fee as a separate line item (rather than including it in the rental price itself) from October 13, 2003 through September 30, 2009 at its locations at the Las Vegas and Reno airports. Accordingly, the Court found that class members are entitled to a refund (with interest) of the amount of this fee. Hertz disagrees with this ruling and will appeal to the Ninth Circuit Court of Appeals. The Ninth Circuit could either overturn or uphold this ruling."

3. Under the heading "Who is Included in the Class?" The Court rejects Hertz's proposed changes.

  a. "You are likely a class member because Hertz's records indicate that you rented one or more cars from Hertz at the Las Vegas or Reno airports during the period from October 13, 2003 through September 30, 2009 and were charged an airport concession recovery fee in connection with such rental(s). All such persons (excluding government entities) are members of the class and are entitled to receive a refund, unless they exclude themselves as provided in paragraph 5 below. If you do not exclude yourself, you will be bound by all judgments in this case."

1  4. Under the heading "What are the Potential Outcomes of this Case?"  The Court accepts
2     in part, and rejects in part, Hertz's proposed changes.
3     a. "The Court has ruled that class members are entitled to receive a refund of the
4        airport concession recovery fees that Hertz's records indicate they paid, plus
5        interest from May 27, 2009, or the date of their rental(s), whichever is later, at a
6        varying rate under Nevada law.  As long as you do not exclude yourself from the
7        class, you are entitled to that amount."
8     b. "The amount you receive may be reduced by any award for attorney's fees and
9        cost reimbursement ordered by the Court.  Additionally, if the rulings of the
10       Court are reversed or modified on appeal, you may recover less, or you may not
11       recover anything at all."
12 5. Under the heading "Can I Exclude Myself from the Class?"  The Court accepts in part,
13    and rejects in part, Hertz's proposed changes.
14    a. "Yes.  If you exclude yourself, you will not be bound by any judgment in the
15       case and you will not receive a cash payment.  You will retain the right to sue
16       Hertz on your own for charging airport concession recovery fees at the Las
17       Vegas and Reno airports.  You may exclude yourself by logging on to
18       www.HertzNevadaLawsuit.com, providing the requested identifying
19       information, and checking the box that states you wish to exclude yourself from
20       the class.  You may also exclude yourself by writing to the following address,
21       and signing your request personally, or by legal counsel.  Nevada Car Rental
22       Litigation, P.O. Box _____, _____.  If you exclude yourself, you will not
23       receive a refund and you will not be bound by the judgments in this case."
24    b. "IF YOU WISH TO EXCLUDE YOURSELF FROM THE CLASS, YOU
25       MUST SUBMIT A REQUEST FOR EXCLUSION SO THAT IT IS
26       RECEIVED ON OR BEFORE _____, 2014."

6. Under the heading "Was There a Previous Proposed Settlement in this Case?" The Court accepts in part, and rejects in part, Hertz's proposed changes.

   a. "Yes."

   b. "You may have received a notice concerning this litigation in 2011, which stated that you were eligible to receive coupons for discounts on future car rentals. That notice stated that the proposed settlement was subject to Court approval. The Court disapproved of the settlement, and there was no distribution of coupons."

   c. "Because the settlement was not approved, it is of no effect. That means that any statements about the settlement, decisions to opt out, or other actions taken in 2011 are of no effect. If you previously received notice, you should disregard that notice and decide whether to opt out or not at this time."

7. Under the heading "How will Class Counsel be Paid?" The Court accepts Hertz's proposed changes.

   a. "The Court has appointed the following attorneys to represent Plaintiffs and the class in this case: [Plaintiffs' Counsel's contact information]"

   b. "If you wish to be represented by your own lawyer, you may hire a lawyer to enter an appearance on your own behalf. You will have to pay for that lawyer at your own expense."

8. Under the heading "How Will Plaintiffs' Counsel be Paid?" The Court accepts in part, and rejects in part, Hertz's proposed changes.

   a. "Amount of the Fee: Plaintiffs' counsel intend to ask the Court for an award of fees representing 25% of the aggregate amount paid by Hertz to satisfy the judgment. This could result in a fee of as much as $10.5 million if the class recovers $42 million (the total amount of the concession fees charged during the class period, according to Hertz's records). In addition, Plaintiffs' counsel will

        ask for expenses not to exceed $300,000 and incentive awards of $10,000 for each of the two class representatives (the named plaintiffs in this case)."

   b. "Who Will Pay the Fee: Plaintiffs' counsel will request that this fee be paid by Hertz in addition to the amount it owes to the class members. Hertz will oppose this request. In case the Court does not approve this request, counsel will ask for payment of their fees directly from the amount awarded to class members. This second alternative would likely reduce the amount you recover as a result of the class action."

   c. "You will not be responsible for paying any fees or costs of class counsel out-of-pocket."

   d. "The fee petition will be available for viewing at www.HertzNevadaLawsuit.com beginning on [deadline for filing fee petition]. You may submit comments or objections to the fee petition to the Court on or before [deadline for objections]. The Court has set a hearing date for the fee petition on [hearing date]."

9. Under the heading "What do I do if I Wish to Object to Counsel's Application for Fees and Costs?" The Court accepts Hertz's proposed changes.

   a. "If you wish to object to the application for attorney's fees and costs, and you have not excluded yourself from the Class, you must submit your objection in writing. You must send a written 'Notice of Objection' by first-class mail or courier service (such as Federal Express or UPS) to:

> Clerk of the Court
> U.S. District Court
> 400 S. Virginia St.
> Reno, NV 89501

Your objection must be received by [deadline for objections], 2013 for it to be considered and must briefly state the position(s) you wish to take with respect to

14

the fee application.  In addition you must send a copy of that objection to the following attorneys by that date: [Plaintiffs' Counsel's address, Hertz's Counsel's address]"

    b.    "You may, at your own expense, retain a lawyer to assist you."

10. Under the heading "What Happens if I Don't do Anything?"  The Court accepts in part, and rejects in part, Hertz's proposed changes.

    a.    "If you do not do anything, you will likely receive a check in the mail (so long as we have a valid mailing address for you) and you will be bound by the rulings in this case."

    b.    "Specifically, if the Court's rulings are affirmed on appeal, Plaintiffs' counsel will seek an order from the Court directing that you be paid the full amount of your prior payment of airport concession recovery fees, plus interest, minus your portion (if any) of the attorney's fees and costs subtracted from the total award to the class.  A check will be mailed to the address that appears on this notice.  If you need to update your address, please use the form at www.HertzNevadaLawsuit.com, or mail your current address to either of the law firms listed in paragraph 7.  If you receive this notice at a suitable address, do not fill in the form or otherwise confirm your address."

    c.    "If the Court's rulings are reversed or modified on appeal, that may affect whether you recover anything in this case.  Unless you choose to exclude yourself from the class ('opt out'), you will be bound by the appeal and any later rulings in the case."

11. Under the heading "Will I have to Pay Anything?"  The Court accepts Hertz's proposed changes.

    a.    "No."

    b.    "You are not required to pay anything out-of-pocket.  However, if you choose to

   hire an attorney to represent you, you will be responsible for that attorney's fees and expenses."

12. Under the heading "Where Can I Get Additional Information?" The Court accepts Hertz's proposed changes.

 a. "The Court's Orders, Plaintiffs' counsel's application for fee and cost reimbursement, and certain other documents from the litigation will be available at www.HertzNevadaLawsuit.com. The website also contains a form that allows you to correct or update your mailing address, to ensure that you will receive any payment to which you are entitled. Please provide this information if the notice was not mailed to your correct address, or if you received this notice by e-mail and you have moved since you rented a car from Hertz."

 b. "DO NOT CONTACT THE COURT OR HERTZ CONCERNING THIS NOTICE OR THE LAWSUIT. If you have any questions, or you would like more information about this notice or this case, you may contact Plaintiffs' counsel listed above in paragraph 7."

III. The last line shall remain as follows: "Dated: _____, 2013 _____ [By Order of the Court]"

**V. Conclusion**

IT IS THEREFORE ORDERED that, within fifteen (15) days of the entry of this Order, Hertz and Plaintiffs' shall submit a joint final proposed notice to the Court, incorporating the aforementioned revisions, for final approval.

IT IS SO ORDERED.

DATED this 28th day of October, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

16