UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANET SOBEL and DANIEL DUGAN, Ph.D., individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>THE HERTZ CORPORATION, a Delaware corporation,<br><br>　　　　　Defendant. | 3:06-CV-00545-LRH-RAM<br><br>ORDER |

　　　　Before the Court is Defendant The Hertz Corporation ("Hertz") and Plaintiffs Janet Sobel and Daniel Dugan's ("Plaintiffs") (together "the Parties'") Joint Submission of Proposed Final Notice. Doc. #378.[1]

　　　　On October 28, 2013, the Court issued an Order concerning the content of the Proposed Notice to be sent to class members and directed the Parties to jointly prepare a Proposed Final Notice incorporating the Court's rulings for final approval by the Court. Doc. #377. On November 13, 2013, in accordance with the Court's Order, the Parties submitted a Proposed Final Notice that faithfully incorporates the Court's October 28, 2013 rulings. *See* Doc. #387, Ex. A. In addition, the Parties proposed three (3) stylistic changes, to which the Court has no objection. *See* Doc. #378, p. 2.

---

[1] Refers to the Court's docket number.

The Court notes, however, two inconsistencies between the Parties proposed stylistic changes and the Proposed Final Notice, attached to the Parties' submission as Exhibit A.  First, the Parties proposed a change to the text in the box on page 2 to state that class members who opt out may "sue Hertz for separately charging" ACFRs.  *See id.*  While the Parties revised the text in the "Do Nothing" portion of the box on page 2, they did not revise the identical phraseology in the "Ask to be excluded" portion of the box on page 2.  *See* Doc. #378, Ex. A, p. 2.  Accordingly, the Court directs the Parties to ensure that the aforementioned stylistic change is incorporated consistently throughout the notice where applicable.  Second, the Parties proposed a change to the text in response to Question 5 of page 4 to reflect that the lawsuit relates to Hertz "separately charging customers for airport concession recovery fees."  *See* Doc. #378, p. 2.  However, the language at issue in response to Question 5 of page 4 does not accurately reflect this proposed change.  *See* Doc. #378, Ex. A, p. 4 (stating "You will retain the right to sue Hertz on your own for separately charging airport concession recovery fees at the Las Vegas and Reno airports").  Accordingly, the Court directs the Parties to ensure that the aforementioned stylistic change is accurately incorporated.  In all other respects, the Court approves the Parties' Proposed Final Notice.

IT IS THEREFORE ORDERED that, within ninety (90) days of the entry of this Order, the Parties shall execute publication of Final Notice to the class members, consistent with the Court's prior Orders on the subject.

IT IS SO ORDERED.

DATED this 26th day of November, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE