UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JANET SOBEL and DANIEL DUGAN, Ph.D., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION, a Delaware corporation,<br><br>Defendant. | 3:06-CV-00545-LRH-RAM<br><br>ORDER |

Before the Court is Defendant The Hertz Corporation's ("Hertz") Motion to Suspend Hertz's Obligation to Send Notice or for a Stay Pending Appeal. Doc. #382.[1] Plaintiffs Janet Sobel and Daniel Dugan ("Plaintiffs") filed a Response (Doc. #386), to which Hertz replied (Doc. #387).

**I. Facts and Procedural History**

This is a class action filed on behalf of persons who rented cars at the Reno and Las Vegas airports from the rental car company Hertz. In return for the right to operate on-site at the Reno and Las Vegas airports, rental car companies like Hertz are required to pay a percentage of their gross revenues to the airports as "concession fees." The companies passed along the fees to their

///

[1] Refers to the Court's docket number.

customers as surcharges labeled "airport concession recovery fees."[2] At all relevant times, Hertz "unbundled" the surcharges from the base rental rate, such that the rental rate quoted to customers did not include the additional airport concession recovery fee. Rather, it was itemized separately in the rental agreement. Plaintiffs allege that this practice violates Nevada Revised Statute ("NRS") § 482.31575.

This case was originally filed on October 13, 2006, by individual Plaintiffs Janet Sobel, Daniel Dugan, Ph.D., and Lydia Lee, and against Defendants Hertz and Enterprise. Early on, Lee and Enterprise were voluntarily dismissed without prejudice. Following the Court's denial of Hertz's Motion to Dismiss and the Ninth Circuit's denial of interlocutory review, the Court approved the parties' stipulation to bifurcate the determination of liability and damages and to defer class certification proceedings until after the Court ruled on the parties' dispositive motions. Doc. #52. Accordingly, Plaintiffs completed liability discovery against Hertz, and the parties filed Cross-Motions for Summary Judgment on the issue of liability. As to the relevant claim—Hertz's alleged violation of NRS § 482.31575—the Court found in Plaintiffs' favor. Doc. #111. Plaintiffs subsequently filed a Motion to Certify the Class (Doc. #255), and both parties filed Motions for Summary Judgment on the issue of damages (Doc. #295 (Plaintiffs); Doc. #298 (Hertz)). After an October 18, 2012 hearing and a further four-month stay for the purposes of renewed settlement negotiations, the Court certified Plaintiffs' class under Federal Rule of Civil Procedure 23(b) and found in favor of Plaintiffs on the issue of damages. Doc. #332. Specifically, the Court found that class members are entitled to the restitution of any airport concession recovery fees they paid to Hertz during the class period.

///

---

[2] Hertz charged Plaintiff Sobel, who rented her vehicle from the McCarran International Airport in Las Vegas, an airport concession recovery fee of 10%. Hertz charged Plaintiff Dugan, who rented his vehicle from the Reno-Tahoe International Airport in Reno, an airport concession recovery fee of 11.54%.

Thereafter, Plaintiffs filed a Motion for Approval of Proposed Notice (Doc. #335), and the Court issued an Order: (1) finding that notice was not premature; (2) requiring that Hertz bear the cost of notice; and (3) detailing changes to the form and content of Plaintiffs' proposed notice. Doc. #362. On October 11, 2013, Hertz filed a Notice of Appeal to the Ninth Circuit Court of Appeals from the Court's September 13, 2013 Order requiring, among other things, that Hertz bear the cost of notice to the class. Doc. #365. Since then, the Court has issued two additional Orders concerning the contents and timing of the notice, neither of which modified in any way the portion of the Court's September 13, 2013 Order that is now subject to appeal. Doc. #376; Doc. #381. Significantly, the Court ordered that notice be sent to the class, at Hertz's expense by February 24, 2014. Doc. #381. Pursuant to the Ninth Circuit's Time Schedule Order, briefing of Hertz's appeal will be completed on February 18, 2014.[3] Doc. #368. Hertz now seeks an Order suspending its obligation to send notice, or in the alternative a stay of its obligation to send notice, pending resolution of the aforementioned appeal. Doc. #382.

**II. Motion to Suspend Hertz's Obligation to Send Notice**

Contrary to Hertz's contention, its appeal of the Court's September 13, 2013 Order does not divest the Court of jurisdiction to require that Hertz advance the cost of notice. Rather, "[a]bsent a stay, an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case, and an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal." *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). In *Britton*, the Ninth Circuit was careful to explain that the district court only loses jurisdiction to the extent that it

---

[3] Additionally, Hertz shall have an opportunity to file a reply brief within fourteen days of service of the Plaintiffs' answering brief, pursuant to FRAP 32 and 9th Cir. R. 32-1. *See* Doc. #368. Hertz asserts that the appeals briefing will not be completed until May 14, 2014. Doc. #382, p. 2. However, the Court is unclear as to how Hertz arrived at this date. Because Plaintiffs' appeal has been voluntarily dismissed, the Court presumes that the Ninth Circuit's original Time Schedule Order shall govern Hertz's present appeal. *See* Doc. #389.

may not modify the order on appeal such that "the appeals court would be dealing with a moving target if it ruled on the revised order or, alternatively, its ruling would be obsolete if it ruled on the 'old' order." *Id.* Here, as in *Britton*, the Court "is simply moving the case along consistent with its view of the case as reflected in its [September 13, 2013 Order]." *Id.* While the Court sympathizes with Hertz's concern that a reversal of the Court's September 13, 2013 Order would leave Hertz with the uncertain remedy of seeking reimbursement of the cost of notice, this concern simply has no bearing on the Ninth Circuit's ability to render a decision and fashion appropriate relief. Nor would a reversal of the Court's September 13, 2013 Order after notice has already been sent render Hertz's appeal moot. Accordingly, the Court retains jurisdiction to require Hertz to pay the cost of notice.

**III. Motion to Stay Pending Appeal**

A stay pending appeal is "an exercise of judicial discretion that is dependent upon the circumstances of the particular case." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (citing *Nken v. Holder*, 556 U.S. 418, 433 (2009)) (internal quotation marks omitted). In determining whether to grant a stay, the Court shall be guided by the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Id.* (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

First, the Court finds that Hertz has no reasonable likelihood of success on the merits of its appeal of the Court's September 13, 2013 Order. In determining that Hertz shall bear the cost of notice, the Court relied on *Hunt v. Imperial Merchant Services, Inc.*, in which the Ninth Circuit held that "a district court in an appropriate case may award interim costs to a plaintiff by shifting class notice costs to a defendant even if the defendant might later be entitled to recover those costs." 560 F.3d 1137, 1144 (9th Cir. 2009). More specifically, the Ninth Circuit held that a district court has discretion to "order a class action defendant to pay the cost of class notification

after they determine that the defendant is liable on the merits." 560 F.3d at 1144. Thus, contrary to Hertz's contention that a finding of liability alone is insufficient as a basis on which to shift the cost of Notice, in *Hunt*, the Ninth Circuit confirmed the district court's authority to shift the cost of notice precisely because summary judgment established that the defendant was liable on the merits. Furthermore, the Ninth Circuit held that the district court did not abuse its discretion by placing the cost of class notification on the defendant because the circumstances warranted such a shift. *Id.* In so holding the Ninth Circuit noted the difficulty both parties would experience in attempting to recover the cost of notice and the absence of a "solution . . . that can avoid risk to both parties." *Id.*

Here too, the Court does not perceive a scenario in which neither party would be exposed to the risk of financing notice. However, because the Court has already determined that Hertz is liable on the merits, the risk associated with paying for notice is more appropriately borne by Hertz. Hertz sought summary judgment on the issue of liability prior to class certification and notice, thereby exposing itself to the risk that the Court would later require it to bear the cost of notice. *See* Doc. #81. Hertz must now entertain the consequences of its own litigation tactics. Additionally, although the cost of notice will be substantial—estimated at over $700,000—Hertz does not contend that it would be unable to pay. On the other hand, that same cost would almost certainly be prohibitive to Plaintiffs, effectively terminating their ability to pursue the action further. Given that these factors weigh heavily in favor of requiring Hertz to pay the cost of notice, it is very unlikely that the Ninth Circuit would find that the Court abused its discretion in so determining.

Finally, Hertz apparently takes the position that "*Hunt* contravenes the Supreme Court's mandate in *Eisen*, 'that a plaintiff must initially bear the cost of notice to the class.'" Doc. #387, p. 4 (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178-79 (1974)). However, the Supreme Court declined to grant a writ of certiorari in *Hunt*. 558 U.S. 826 (2009). Accordingly, it is also unlikely that a challenge to the Ninth Circuit's holding in *Hunt* would be successful.

///

Second, the Court is keenly aware of Hertz's well-founded concern that it would be unable to recoup the cost of notice in the event the Ninth Circuit reverses the Court's September 13, 2013 Order. Nevertheless, Hertz has failed to show that its potential collection problems so outweigh the difficulty that Plaintiffs would experience in financing notice. Moreover, contrary to Hertz's apparent position, the Court is under no obligation to fashion a notice solution that would avoid risk to both parties. Indeed, such a solution would be virtually unattainable in the vast majority of class action lawsuits. As explained above, the Court finds that the risk associated with paying for notice is more appropriately borne by Hertz under the circumstances, even if Hertz may later be entitled to reimbursement for those costs, and even if Hertz may later experience great difficulty in recovering those costs.

Third, contrary to Hertz's assertion that Plaintiffs will suffer little to no injury if a stay is issued, the Court finds that any further delay in these proceedings would in fact substantially injure potential class members. Hertz argues that because of the insubstantial amount of the individual awards, and the possibility of interest, Plaintiffs will not be injured by a stay. The Court disagrees. While the individual class members who receive notice and elect to remain in the class may not be "injured" in the sense that they will receive a lesser award, the class as a whole, which includes over 1.2 million individuals, would be substantially injured by a delay in the proceedings. This case has been pending since 2006, and concerns a class of individuals who rented cars from Hertz as early as 2003. Any additional delay will only make notice more difficult and less effective, thereby risking that potential class members do not receive notice at all. Accordingly, this factor weighs heavily in favor of denying a stay.

Fourth, the Court agrees with Plaintiffs that the public interest strongly militates against the issuance of a stay. The Court has repeatedly cited considerations of public policy in ruling that Hertz failed to include airport concession recovery fees in its base rate in violation of NRS 482.31575. *See* Doc. #22; Doc. #111; Doc. #332. Additionally, judicial economy dictates that the Court move forward with this case. Because only Hertz's private interests will be furthered by a

stay in these proceedings, this factor also weighs heavily in favor of denying a stay.

Considering the aforementioned factors, the Court concludes that a stay pending resolution of Hertz's appeal is not warranted.

IT IS THEREFORE ORDERED that Hertz's Motion to Suspend Hertz's Obligation to Send Notice, or for a Stay Pending Appeal (Doc. #382) is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of January, 2014.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE