UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JANET SOBEL and DANIEL DUGAN, Ph.D., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE HERTZ CORPORATION, a Delaware corporation, <br><br> Defendant. | 3:06-CV-00545-LRH-RAM <br><br> ORDER |

Before the Court is Plaintiffs Janet Sobel and Daniel Dugan's ("Plaintiffs") Motion for Entry of Scheduling Order and Setting of Hearing Date for Application for Attorneys' Fees and Costs. Doc. #396.[1] Defendant, The Hertz Corporation ("Hertz") filed a Response (Doc. #398), to which Plaintiffs have not yet replied.[2] Also before the Court is Hertz's Emergency Motion for Extension of Time Under Local Rules 6-1 and 7-5. Doc. #399.

On September 13, 2013, the Court set a schedule for publication of notice and certain other deadlines following the date of publication. Doc. #362. On November 26, 2013, the Court approved the contents of the notice and ordered that it be sent to the class, at Hertz's expense, by

---

[1] Refers to the Court's docket number.

[2] The Court notes that Plaintiffs' Reply is presently due Monday, June 9, 2014, the same date on which Plaintiffs propose that Defendant publish notice to the class.

February 24, 2014.  Doc. #381.  On January 2, 2014, the Court denied Hertz's request for a stay of its obligation to distribute notice pending resolution of its interlocutory appeal.[3]  Doc. #390.  Thereafter, the Court stayed proceedings in this Court until June 6, 2014, to facilitate mediation efforts before the Ninth Circuit.  Doc. #393; Doc. #395.  On May 22, 2014, Hertz filed an emergency motion before the Ninth Circuit to stay proceedings in this Court pending completion of Hertz's interlocutory appeal.  USCA Case No. 13-17056, Doc. #26.

      Although, the Court previously determined that a stay pending resolution of Hertz's interlocutory appeal was not warranted, the Court finds that the circumstances warrant a brief stay pending resolution of Hertz's emergency motion to stay before the Ninth Circuit.  Were the Court to require Hertz to send notice before the Ninth Circuit reaches a decision as to whether to stay proceedings in this Court pending resolution of Hertz' interlocutory appeal, Hertz' motion to that effect would be rendered moot.  The Court is not inclined to deprive the Ninth Circuit of the opportunity to reach the issue before it is no longer relevant.  Moreover, because Hertz's emergency motion to stay is fully briefed, any suspension to Hertz's obligation to publish notice will be relatively brief.  Accordingly, the Court rules that Hertz shall publish notice to the class no later than twenty-one (21) days after the Ninth Circuit issues its decision on Hertz's emergency motion to stay proceedings in this Court pending completion of Hertz's interlocutory appeal.  The Court approves of the manner in which Plaintiffs have calculated the remaining deadlines on their proposed scheduling order.  Accordingly, each subsequent date on Plaintiffs' proposed schedule shall be determined on this basis.

      As Plaintiffs' request for modification to the notice is unopposed, the Court accepts the same.  Accordingly, paragraph 8 of the final notice shall be modified by substitution of "$500,000"

---

[3] Hertz filed an interlocutory appeal before the Ninth Circuit challenging the Court's Order directing Hertz to pay for the costs of notice without simultaneously requiring Plaintiffs or their counsel to post a bond, or other security, or undertaking that they will repay those costs if the Ninth Circuit rules it was improper to shift the costs of notice or if it rules judgment should not be entered against Hertz.  *See* USCA Case No. 13-17056.

2

1 for "$300,000." Defendant likewise proposes some additional modifications, but has neglected to explain its proposals in any detail. The Court declines to conduct a line-by-line comparison of Hertz's modified notice with the Court's previously approved notice in order to ascertain its modification requests. Should Hertz wish to propose additional modifications to the notice, it may do so by appropriately identifying where and why those changes are sought.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Entry of Scheduling Order (Doc. #396) is GRANTED in part and DENIED in part, in accordance with this Order.

IT IS FURTHER ORDERED that Hertz's Emergency Motion for Extension of Time Under Local Rules 6-1 and 7-5 (Doc. #399) is GRANTED in part and DENIED in part, in accordance with this Order.

IT IS FURTHER ORDERED that Hertz shall publish notice to the class no later than twenty-one (21) days after the Ninth Circuit issues its decision on Hertz's emergency motion to stay proceedings in this Court pending completion of Hertz's interlocutory appeal. The remaining deadlines shall be calculated according to the Court's September 13, 2013 Order.

IT IS FURTHER ORDERED that paragraph 8 of the final notice shall be modified by substitution of "$500,000" for "$300,000."

IT IS FURTHER ORDERED that Hertz shall have seven (7) days to submit to the Court a description of its proposed changes to the notice for consideration. Plaintiffs shall have seven (7) days thereafter in which to object to Hertz's proposed changes. The Court will not consider any further revisions to the notice after that time.

IT IS SO ORDERED.

DATED this 4th day of June, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE