Daniel Greenberg (AR Bar No. 2007-193)
(*Pro hac vice*)
**GREENBERG LEGAL SERVICES**
55 Fontenay Circle
Little Rock. AR  72223
(501) 588-4245
DnGrnbrg@gmail.com

David A. Hornbeck (NV Bar No. 966)
(Local counsel)
36 Stewart Street
Reno, NV  89501-2233
(775) 323-6655.
DavidHornbeckLaw@msn.com

*Attorneys for Objectors William Andrews and Walter Weber*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JANET SOBEL, DANIEL DUGAN, Ph.D., individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>THE HERTZ CORPORATION, a Delaware corporation,<br><br>        Defendant. | Case No.:  3:06-CV-00545-LRH-(RAM)<br><br>**OBJECTORS' AMENDED REQUEST FOR ATTORNEY FEES, COSTS, AND PAYMENTS** |

1

Objectors William Andrews and Walter Weber respectfully submit this amended request for attorney fees, as well as for related costs and payments. The minor amendments are not substantive, but only to correct docket references on pages 2 and 3.

## INTRODUCTION

Three years ago, the Andrews-Weber Objection provided grounds for this Court's rejection of the first proposed settlement: in particular, our Objection underscored that the settling parties had not shown this Court how much the class had been damaged or how much it would be compensated by the settlement. Transcript of Final Fairness Hearing, May 17, 2011, pp. 80-85. This Court recognized the role of the Objectors, and their attorney Daniel Greenberg, in remarks from the bench and in its Order. *E.g.*, Transcript, p. 80, et seq. ("In this particular case, I, frankly, am in complete agreement with Mr. Greenberg's argument."). Three years later, a partial summary judgment victory by Plaintiffs appears likely to increase the class's compensation by nearly $42 million. *See* Dkt. 332. This is a breathtaking increase, given that a reasonable calculation of the class benefit in the original settlement (as laid out in our original Objection) was roughly half a million dollars. If this second settlement is approved, it makes for a significant understatement to say that the new-found material benefit provided to the class is a significant increase.

Objectors respectfully request fees, costs, and payments through counsel. Objectors who provide a substantial benefit to the class via objections are entitled to fees as a matter of law. *See Rodriguez v. Disner,* 688 F.3d 645, 559 (9th Cir. 2012); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051-52 (9th Cir. 2002).

Because Greenberg's representation of Andrews and Weber occurred through a non-profit, public interest law firm, Objectors request much less than the amount they are entitled to request as a matter of law. Objectors ask that the fees, costs, and payments that will be distributed to them come from the monies that would otherwise go to Class Counsel.

## ARGUMENT

Objectors ask the Court to find that the Objection of Andrews and Weber provided a material benefit to the class. The compensation of the class appears likely to increase by nearly $42 million as a result of the rejection of the first settlement and this Court's subsequent summary judgment decision. *See* September 12, 2013 Order, Dkt. 362, at 7. It is reasonable to conclude that this is, speaking roughly, an 84-fold magnification in the size of the settlement.[1] As such, the Objectors are entitled to attorneys' fees and costs, and an incentive payment for their willingness to come forward and to bring an objection that created a substantial benefit for the class.

The Objectors therefore request an award of fees, costs, and a class representative incentive. A litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorneys' fee from the fund as a whole. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 275 (1975). This principle applies to objector's counsel and plaintiff's counsel alike. *Vizcaino*, 290 F.3d, at 1051-52.

Attorneys whose actions confer benefits upon class members are entitled to file a claim for reasonable compensation for the attorneys' efforts. *See, e.g., Great Neck Capital Appreciation Inv. P'ship, L.P. v. PriceWaterhouseCoopers, L.L.P.,* 212 F.R.D. 400, 413 (E.D. Wis. 2002). When such a claim is presented, the court should consider whether the efforts of counsel for the objectors "improved the settlement, assisted the court, and/or enhanced the recovery in any discernible fashion." *Id.* (internal quotations omitted). In this case, the objectors and their counsel respectfully hope that this Court would concur that all three of these objectives were accomplished. Our objection demonstrated that the

---

[1] As noted in our previous Objection, it is certainly arguable that the originally proposed class benefit was *less* than half a million dollars. The obscurity of that benefit's valuation was a factor in this court's rejection of the original settlement. If the figure of half a million dollars is high, it follows that our estimate of an 84-fold magnification in the size of the settlement would be too low, and therefore that objectors might receive even more credit for an even larger relative increase in the class benefit.

original settlement's calculation of the class injury that had been sustained and its relation to the compensation it would receive were hazy at best; from the bench, this Court announced that it was "in complete agreement" with our argument. Furthermore, in its Order denying approval of the initial settlement (Dkt. 250), this Court found that precisely this failure of these two factors – injury and compensation – to relate to each other precluded any finding that the settlement was fair, reasonable and adequate:

> "[T]he court also finds that that some objectors have raised legitimate and serious concerns about the value of the settlement to the class relative to the value of the claims surrendered. Given the settlement parties' failure to provide such evidence in support of the settlement, their dismissal of the objectors' arguments rings hollow. At bottom, the court concludes that the absence of evidence as to the actual value to the class of the coupons offered in settlement and the value of the claims surrendered precludes any finding that the settlement is fair, reasonable, and adequate under either Rule 23(e) or 28 U.S.C. § 1712(e)." *Id.,* at 25.

The Objectors therefore wish to note that they hit their target, and to thank this Court for its recognition of same. (Indeed, objectors' "lawyers who contribute materially to the proceeding" are entitled to fees, even if the court would have, *sua sponte,* made the same finding without objection. *Reynolds v. Beneficial Nat. Bank,* 288 F. 3d 277, 288 (7th Cir. 2002). Any other result would be unfair because objectors "must decide whether to object without knowing what objections may be moot because they have already occurred to the judge." *Id.*)

The Objectors have not only improved the *substance* of the settlement, but the *process* of the settlement. Class action settlements require a higher level of scrutiny than ordinary cases because there always exists a potential conflict of interest between the class and class counsel. *Thorogood v. Sears,* 627 F.3d 289, 293-94 (7th Cir. 2010) (citing long list of authority for this proposition), *vacated on other grounds*, *Thorogood v. Sears,* 2011 U.S. LEXIS 4939 (Jun. 27, 2011); *accord Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1026 (9th Cir. 1998); *Mars Steel v. Continental Ill. Nat. Bank and Trust*, 834 F.2d 677, 681-82 (7th Cir. 1987). Because the risk of collusive settlements is much greater in class

actions than in ordinary litigation, it is "imperative" that a trial judge conduct a "careful inquiry" into the fairness of a proposed class settlement. *Mars Steel,* 834 F.2d at 682.

Objectors can assist the settlement process by providing independent scrutiny of a proposed settlement, a "critically valuable service". *Lane v. Facebook*, 696 F.3d 811, 830 (9th Cir. 2012) (Kleinfeld, J., dissenting). "Objectors serve as a highly useful vehicle for class members, for the court and for the public generally" in evaluating the terms of a proposed settlement to ensure that it is fair, adequate, and reasonable. *Great Neck*, 212 F.R.D. at 412. Objectors improve the process by reintroducing adversarial critique at the fairness-hearing stage – the point at which the adversarial relationship between the parties has ended. This adversarial dynamic helps the trial court ensure that the proposed settlement meets the standards of Fed. R. Civ. P. 23. *See In re General Motors Corp. Pick-Up Truck Fuel Tank Litig.,* 55 F. 3d 768, 803 (3d. Cir. 1995) ("where there is an absence of objectors, courts lack the independently derived information about the merits to oppose proposed settlements").

Objectors do not wish to penalize the class because class counsel's inadequate settlement necessitated their objection, and therefore request that their counsel's fees and costs be deducted from Class Counsel's proposed fee award. *See Lonardo v. Travelers Indem. Co.,* 706 F. Supp. 2d 766, 816-817 (N.D. Ohio 2010) (awarding objectors' attorneys' fees out of class counsel's fee award); *Parker v. Time Warner Entm't Co., L.P.*, 631 F. Supp. 2d 242, 277 (E.D.N.Y. 2009) (same) *Great Neck Capital*, 212 F.R.D. at 416-17 (same);;; *In re Prudential Ins. Co. of Am.,* 273 F. Supp. 2d 563, 572 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695, 697 (3rd Cir. 2004) (same); *In re Ikon Office Solutions*, 194 F.R.D. 166, 197 (E.D. Pa. 2000) (same).

Objectors' expenditures of time and effort should not have been necessary to compel class counsel to make a reasonable fee request. The costs of proposing an unreasonable settlement should not be borne by class members themselves—who had nothing to do with the proposal. The costs should be borne by class counsel—who had complete

responsibility for the first proposal. Equity suggests that the class should not have to pay twice for a benefit they should have received at the outset. *Cf. In re Classmates.com Consol. Litig.*, No. 09-cv-0045-RAJ, 2012 U.S. Dist. LEXIS 83480, at *20 (W.D. Wash. Jun. 15, 2012) ("[C]lass counsel cannot satisfy its duty to the class by ignoring the weaknesses in the settlements it negotiated."); *id.* at *23 (reducing fee to less than 20% of the common fund to "reflect[] that counsel should not benefit from its efforts to win approval of an inadequate settlement.").

Objectors have laid out the basis for their calculations below and in the attached Declaration from their attorney, Daniel Greenberg. (*See* **Exhibit** 1.) To summarize, they request fees of $88,901.95, costs of $1.098.05, and incentive payments to two objectors for $2,500 each.

## FEE CALCULATION

One conventional theory of fee calculation would imply that the Center is entitled to submit a relatively large request for attorneys' fees. If one makes the assumption (which is generous in this context – see footnote 1, *supra*) that the original proposal provided a half-million dollars for the class, but that the new settlement provides $42 million for the class, this would constitute an 84-fold increase in the settlement's total value. As a matter of law, when an objection is responsible for a certain percentage of class recovery, the objector is entitled to that percentage of class counsel's fee award. *E.g., In re Prudential Ins. Co. of Am.*, 273 F. Supp. 2d at 572 (awarding objector 1.4% of class counsel's fee award for objection that was responsible for 1.4% of class recovery); *Larson v. Sprint Nextel Corp.,* 2010 WL 234934 at *28 (D.N.J. Jan 15, 2010) (awarding objectors' attorneys 4.4% of attorneys' fee award for providing 4.4% of total class benefit), *rev'd on other grounds sub nom Larson v. AT&T Mobility LLC*, 687 F.3d 109 (3d Cir. 2012). *Cf. also Lan v. Ludrof,* 2008 WL 763763 at *28 (W.D. Pa. Mar 21, 2008) (awarding objector 25% of the increase in the benefit to the class). A literal interpretation

of this rule would lead to startling results: if this court were to find that the objectors were responsible for the increase in class recovery, they arguably would be entitled to something like 84 times the fees that class counsel would receive in this action.

It is fairer, however, if this Court views both class counsel and the objectors as jointly responsible for the settlement improvements. Furthermore, because the attorneys for Andrews and Weber are affiliated with the non-profit Center for Class Action Fairness, tax law limits how much they may collect in fees and expenses, and so they ask only for a small portion of the award that the law allows. This Court would be within its discretion to award Andrews and Weber, and their attorneys, a reasonable amount that would cover incentive fees, actual costs, and a small percentage of the overall value of the settlement to the class. Therefore, the Center requests an aggregate award of $95,000 – which is roughly one-fifth of 1% of the benefit conferred. To repeat, this fee request is especially reasonable because objectors ask for a tiny fraction of the benefit that the Objection was instrumental in conferring.

Many courts agree that objectors' counsel are entitled to a recovery that is on par with the compensation of class counsel: were this Court to follow suit, it would entitle the Objectors and their attorneys to a substantially higher rate of compensation than we request. *See, e.g.*, *Dewey v. Volkswagen of Am.*, 909 F. Supp. 2d. 373, 396 (D.N.J. 2012) (awarding the Center for Class Action Fairness "10.5% of the benefit conferred, well within the range of acceptable percentages-of-recovery"); *In re Puerto Rican Cabotage Antitrust Litig.*, 815 F. Supp. 2d 448, 468 (D.P.R. 2011) (finding that "10% [of a $3 million benefit conferred] is reasonable and appropriate to reflect Objectors' time, effort, ingenuity and success in increasing the kitty for the benefit of the Class").

///
///
///
///

7

The Center has successfully requested and received fees eight times previously.[2] The $88,901.95 in fees requested for the Center here is especially reasonable compared to the benefits conferred in each of those other cases:

| Case | Benefit Conferred | Award as % of Benefit | Award Granted to CCAF |
|---|---|---|---|
| *Apple*[3] | $2,500,000 | 3.48% | $87,000 |
| *Lonardo*[4] | $2,000,000 | 1.99% | $39,936 |
| *Bayer*[5] | $5,840,000 | 0.31% | $18,068 |
| *Fogel*[6] | $18,000,000 | 0.26% | $47,577 |
| *New Mtr. Vehicles*[7] | $500,000 | 2.00% | $10,000 |
| *Electronic Arts*[8] | $11,500,000 | 0.30% | $33,975 |
| *Weeks*[9] | $443,906 | 4.7% | $21,000 |
| *Dewey*[10] | $782,283 | 11% | $86,000 |

---

[2] Neither this figure nor the immediately subsequent table includes one pending fee request attaching to *Fraley v. Facebook,* 966 F. Supp. 2d 939 (N.D. Cal. 2013), which appeal has not yet been finally resolved. *See* No. 14-15595 (9th Cir.)

[3] *In re Apple Inc. Secs. Litig.*, 5:06-CV-05208-JF (HRL), 2011 U.S. Dist. LEXIS 52685 (N.D. Cal. May 17, 2011).

[4] *Lonardo v. Travelers Indem. Co*., 706 F. Supp. 2d 766, 816-817 (N.D. Ohio 2010).

[5] *In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Practices Litig.,* No. 09-md-2023 (BMC) (E.D.N.Y. Nov. 8, 2013) (Dkt. 254).

[6] *Fogel v. Farmers Groups, Inc.*, No. BC300142 (Cal. Sup. Ct. (L.A. County) 2011).

[7] *In re New Motor Vehicles Canadian Export Antitrust Lit.*, 842 F. Supp. 2d 346, 351 (D. Me. 2012).

[8] *Pecover v. Electronic Arts,* No. C 08-02820 CW (N.D. Cal. June 19, 2013) (Dkt. No. 467).

[9] *Weeks v. Kellogg Co.*, No. CV-09-08102 (MMM) (C.D. Cal. 2011).

[10] *Dewey v. Volkswagen of Am.*, No. 07-2249, 2012 U.S. Dist. LEXIS 177844 (D.N.J. Dec. 14, 2012).

To state the obvious, if we are to calculate an award based on conferred benefits, the award requested here would be smaller than any of the previous awards, described immediately above, that CCAF has ever been granted.

As required by Local Rule 54-16, we have included a reasonable itemization of our and description of the work performed in our Exhibit of Fees and Costs. (*See* **Exhibit 2**.) A lodestar cross-check shows that our request is reasonable: a district court's use of a lodestar cross-check is appropriate, because "the lodestar method can 'confirm that a percentage of recovery amount does not award counsel an exorbitant hourly rate.'" *In re Bluetooth Headset Prod. Liab. Litig.,* 654 F.3d 935, 945 (9th Cir. 2011). Our Exhibit 2 contains a detailed lodestar breakdown of our requested fees (which, again, total $88,901.95), as well as a breakdown of our costs (which total $1,098.05). We have requested a lodestar multiplier of less than 1.4.

We also request a $2,500 incentive award for each of our clients. It is appropriate to award objectors incentive awards, for much the same reasons that class representatives receive them. *Lonardo,* 706 F. Supp. 2d at 816-817. The figure of $2,500 is one-quarter of the compensation that class counsel requests for its two named plaintiffs; as discussed in our Declaration, we feel that the burdens and risks carried by successful and conscientious class-action objectors makes compensation appropriate.

## CONCLUSION

Objections entail risk; they require the outlay of time, money, and effort. Successful, relevant objections that improve outcomes deserve compensation. Objectors Bill Andrews and Walter Weber respectfully request this Court to award attorneys' fees, as well as related costs and payments, in the amount of $95,000.

///
///
///
///

Respectfully submitted,

>*/s/ Daniel Greenberg*
>Daniel Greenberg
>(AR Bar No. 2007-193)
>**GREENBERG LEGAL SERVICES**
>55 Fontenay Circle
>Little Rock, AR  72223
>DnGrnbrg@gmail.com
>(501) 588-4245
>
>*/s/ David A. Hornbeck*
>David A. Hornbeck (NV Bar No. 966)
>(Local counsel)
>36 Stewart Street
>Reno, NV  89501
>DavidHornbeckLaw@msn.com
>(775) 323-6655
>
>Attorneys for Objectors William Andrews and Walter Weber

DATED: July 2, 2014

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date I caused to be served a true and correct copy of the foregoing **OBJECTORS' AMENDED REQUEST FOR ATTORNEY FEES, COSTS, AND PAYMENTS** by the method indicated:

| | |
|---|---|
| __X__ | by Court's CM/EMF Program |
| _____ | by U.S. Mail |
| _____ | By Facsimile Transmission |
| _____ | by Overnight Mail |
| _____ | by Federal Express |
| _____ | by Electronic Service |
| _____ | by Hand Delivery |

Dated July 2, 2014.

By: _____ */s/ Jane A. Tippett* _____
An Employee of the Law Offices of David A. Hornbeck

**INDEX OF EXHIBITS**

| Exhibit Number | Exhibit Description | Number of Pages |
|---|---|---|
| 1. | Declaration of Daniel Greenberg | 9 |
| 2. | Exhibit of Fees and Costs | 12 |