William E. Peterson (Bar No. 1528)
SNELL & WILMER
50 West Liberty Street
Suite 510
Reno, NV 89501
(775) 785-5440

Ross B. Bricker
Michael T. Brody
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JANET SOBEL and DANIEL DUGAN, Ph.D., individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br>     vs.<br><br>THE HERTZ CORPORATION,<br><br>              Defendant. | Case No.: 3:06-cv-00545-LRH-RAM<br><br>**HERTZ CORPORATION'S RESPONSE TO OBJECTORS' MOTION FOR AN AWARD OF ATTORNEYS' FEES** |

Objectors William Andrews and Walter Weber, and Scott Schutzman and his attorneys (collectively, "Objectors") seek attorneys' fees in this matter. (Dkt. Nos. 409, 410.) The Objectors allege that their objections to the 2011 proposed settlement provided grounds for the Court to reject that settlement, which has potentially allowed for an increased award to the class.[1] Andrews and Weber further note that the class should not be penalized for "class counsel's inadequate settlement." (Dkt. No. 409, at 5-6.) As such, they request fees, costs, and incentive payments be awarded to them and paid from the money that "would otherwise go to Class Counsel." (Dkt. No. 409, at 2, 5.). Mr. Schutzman requests a reasonable percentage of the fees awarded to Class Counsel. (Dkt. No. 10, at 7-9.)

---

[1] Hertz notes that Andrews and Weber appear to be under the incorrect belief that a second settlement is before the Court, and that approval of that $42 million settlement is currently at issue. (*See* Dkt. No. 409, at 1.)

Hertz takes no position as to the merits of the request for fees for the Objectors' counsel. Hertz believes, as the Objectors request, that any fee awarded to the Objectors' counsel must be paid out of the class recovery. Hertz recognizes that under certain circumstances, attorneys for objectors may be entitled to attorneys' fees and "the objectors may claim entitlement to fees on the same *equitable principles* as class counsel." *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012), *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) (noting that attorney fees for objectors is authorized by the equitable common fund/common benefit doctrine). There is no authority to require Hertz to make a separate payment to the Objectors' counsel, and the Objectors do not seek that relief, as NRS section 482.31585, the fee-shifting statute, applies only to the prevailing *party*.

Andrews and Weber also request $2,500 incentive awards for each Objector, and Schutzman requests a $7,000 service award for his efforts. For the reasons discussed in Hertz's Opposition to Plaintiffs' Motion for an Award of Attorneys' Fees, Hertz believes the Court does not have authority to direct Hertz to make such a payment. Hertz takes no position on whether any incentive award to objectors can be made from plaintiffs' recovery.

Date:  August 25, 2014                                     Respectfully submitted,

                                                                By: __/s/ William E. Peterson_____
William E. Peterson (Bar No. 1528)
SNELL & WILMER
50 West Liberty Street
Suite 510
Reno, NV 89501

JENNER & BLOCK LLP
Ross B. Bricker
Michael T. Brody
353 N. Clark Street
Chicago, IL  60654

*Attorneys for Defendant*

2

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Nevada by using the CM/ECF system on the 25th of August, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/

William E. Peterson
SNELL & WILMER, L.L.P.
50 West Liberty Street
Suite 510
Reno, NV 89501
775-785-5440
775-785-5441 (fax)

3