G. David Robertson, Esq. (SBN 1001)
Jonathan Joel Tew, Esq. (SBN 11874)
ROBERTSON, JOHNSON
MILLER & WILLIAMSON
50 West Liberty Street, Suite 600
Reno, Nevada 89501
Telephone: (775) 329-5600
Facsimile: (775) 348-8300
gdavid@nvlawyers.com
jon@nvlawyers.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JANET SOBEL and DANIEL DUGAN, PhD individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>THE HERTZ CORPORATION.<br><br>        Defendant. | Case No.: 3:06-cv-00545-LRH-RAM<br><br>**PLAINTIFFS' RESPONSE TO OBJECTORS' WILLIAM ANDREWS AND WALTER WEBER'S AMENDED REQUEST FOR ATTORNEY FEES, COSTS, AND PAYMENTS** |

Plaintiffs, by and through their counsel of record, the law offices of Robertson, Johnson, Miller and Williamson, and Berger & Montague, P.C. ("Class Counsel"), hereby oppose the Objectors' Amended Request for Attorney Fees, Costs, and Payments ("Objectors' Request" or "Request") filed by Objectors William Andrews and Walter Weber (the "Objectors").

## I.    INTRODUCTION

As the Court is aware, this case did not settle.  Despite repeated efforts, the parties *could not reach a settlement.* Instead, the Plaintiffs had to pursue discovery and litigate this case through summary judgment on remedies, which entailed hard work, substantial expense for expert witnesses and difficult briefing, as well as a serious risk that Class Counsel would fail in their arguments - and in that case the class would receive nothing.

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

PLAINTIFFS' RESPONSE TO OBJECTORS' WILLIAM ANDREWS AND WALTER WEBER'S AMENDED
REQUEST FOR ATTORNEY FEES, COSTS, AND PAYMENTS
PAGE 1

1   Plaintiffs acknowledge, however, that the Court may conclude the Objectors' opposition

2   to the initial proposed settlement contributed to a rejection of same and thus – in theory -

3   indirectly added some value to the class's recovery since the current resolution is more favorable

4   to the class. This conclusion, however, begs the question of whether such value the Objectors

5   allegedly created is capable of calculation?  It is simply fanciful for the Objectors to claim credit

6   for the entire difference between the initial proposed settlement and the current resolution that is

7   based on additional litigation and intervening court decisions.  Instead, Plaintiffs submit that any

8   award to Objectors should be based on their lodestar amount for attorneys' fees, or $62,200.00.

9   Plaintiffs take no position as to whether the requested lodestar multiplier of 1.5 is appropriate.

10  **II.    LEGAL STANDARD**

11  Objectors are not ordinarily entitled to an award of attorneys' fees. *In re Prudential Ins.*

12  *Co. of Am. Sales Practices Litig.*, 273 F. Supp. 2d 563, 565 (D.N.J. 2003).  "In the absence of a

13  showing that objectors substantially enhanced the benefits to the class under the settlement, as a

14  matter of law they were not entitled to fees, and the district court did not abuse its discretion."

15  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002). "Nor is it error to deny fees to

16  objectors whose work is duplicative, or who merely echo each other's' arguments and confer no

17  unique benefit to the class."  *Rodriguez v. Disner*, 688 F.3d 645, 658-59 (9th Cir. 2012).  As is

18  true when determining attorneys' fees in any class action situation, "it is necessary that district

19  courts be permitted to select the more appropriate method [lodestar or percentage of fund] for

20  calculating attorney's fees in light of the unique characteristics of class actions in general, and of

21  the unique circumstances of the actual cases before them."   *Rawlings v. Prudential-Bache*

22  *Properties*, 9 F.3d 513, 516 (6th Cir. 1993).

23  In the present case, Plaintiffs agree that these Objectors stand in a different position than

24  others who also objected to the failed settlement.  Indeed, the Court specifically referenced

25  arguments made by these Objectors – both orally from the Bench and also in its Order - when

26  deciding to reject the failed settlement.  Still, despite that fact, the Objectors role in this case has

27  been extremely limited, and, thus, if they are entitled to any fees at all, it should be for the work

28  they actually performed – *i.e.*, the Court should apply the lodestar method.

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

# III.   ARGUMENT

## A.   IF ANY FEE IS WARRANTED, IT SHOULD BE BASED ON A LODESTAR CALCULATION

If this Court determines that the Objectors are entitled to any attorneys' fees, the only reasonable way to calculate those fees would be to use the lodestar method. The lodestar method "better accounts for the amount of work done, while the percentage of the fund method more accurately reflects the results achieved."   *Rawlings v. Prudential-Bache Properties*, 9 F.3d 513, 516 (6th Cir. 1993).  If fees are to be awarded, the lodestar method is appropriate in this situation because (1) the Objectors did not increase the benefit to the class by causing an improved settlement;  (2)  any value the Objectors contributed to the class is speculative and incalculable; (3) there is no basis to conclude that the Objectors contributed a *substantial* benefit, whether precisely calculable or not; (4) it is clear that Objectors were not, in fact, responsible for the entire difference in value between the initial proposed settlement and the current resolution; and (5) an award of funds based on the total value of the current resolution would yield a whopping and clearly excessive payment of well over 100 times the value of the work contributed by Objectors' counsel.  Indeed, even Objectors characterize the result of a percentage of fund award as "startling." Request at 6:19-7:4.  Further, the significant reduction in the amount that is actually being requested by Objectors demonstrates both the arbitrary underpinnings of their Request and the need to utilize a different methodology to calculate any fees to be paid.

*Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766 (N.D. Ohio 2010), a case that actually involved the attorneys for the Objectors in this case (and a case that the Objectors rely on herein), clearly demonstrates why the Objectors should be awarded fees, if at all, based on their lodestar. In *Lonardo*, after "years of hard-fought litigation," the parties reached a settlement agreement which included an attorneys' fees award of $6.6 million.

During the course of the Rule 23 approval process, however, the parties negotiated an amendment to the settlement agreement whereby the parties reduced the amount class counsel could request without objection by $2 million and agreed to add that $2 million reversion from the attorneys' fees fund to the amount available for the class.

1    The objector in the case believed that his objection caused the parties to amend the

2    settlement to add the $2 million reversion to the amount available to the settlement class.

3    Ultimately, however, the district court denied the objector's request to file a motion for leave to

4    file a petition for attorneys' fees.

5    The objector filed a motion to reconsider the court's decision on the basis that a class

6    counsel attorney submitted an affidavit asserting that the objection created value for the class. On

7    this basis, the court reconsidered its prior decision and awarded the objector attorneys' fees in the

8    amount of $39,936.00.

9    Tellingly, however, the court did <u>not</u> award the objector a percentage amount of the $2

10   million benefit it claimed to have created for the class. In fact, the Court found that applying the

11   percentage fee approach to the objector's request was problematic and not reasonable. As the

12   Court explained in detail:

13         In part because of the length of the litigation, the complex and novel legal
           theory at the heart of the Plaintiffs' case, and the significant risk that Class
14         Counsel would ultimately recover nothing, the Court found Class Counsel's fee
           award should be calculated by using the percentage of the fund method to cross-
15         check the lodestar figure. ***These concerns are not applicable to Objector
           Greenberg's attorneys' fees, however.*** Mr. Frank, Objector Greenberg's counsel,
16         **entered an appearance just a matter of months before this approximately
           five-year litigation concluded. According to the billing statements he
17         submitted in support of his Motion for Fees, he and his associate devoted
           83.75 hours to this case, compared to the approximately 7,475 hours Class
18         Counsel invested. Consequently, Mr. Frank's investment of time and risk of
           non-recovery are almost insignificant when compared to Class Counsel's.**
19         ***Their roles are qualitatively different***. **Ultimately, it is not fair to compare Mr.
           Frank's limited role as counsel for an objector in this case to Class Counsel's
20         central role as the architect of the lawsuit and the Settlement Class.**

21         ***Because of his obviously limited role . . . this situation calls for the
           lodestar method, which will fairly compensate Mr. Frank's time and expertise
22         without over-stating his limited role in this marathon litigation***. . . . **Mr.
           Frank's work was very straight-forward: he did research in his area of
23         expertise, wrote briefs based on that research, and participated in oral
           argument. This is just the sort of legal work that is fairly and accurately
24         reflected in the lodestar analysis.** ***The lodestar is also the better method
           because it recognizes the benefit provided to the Settlement Class without
25         requiring the Court to engage in the guesswork of determining what percentage
           of the reversion should be attributed to the Greenberg Objection.*** Accordingly,
26         the Court will calculate the fee award using the lodestar method.

27   *Lonardo*, 706 F. Supp. 2d at 814 (emphasis supplied).

28

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

Clearly, the *Lonardo* case has some striking similarities to the case at bar. In particular, class counsel in both cases played the central role as architect of the lawsuit and undertook substantial risk to litigate a case where ultimately, the class and class counsel could receive nothing in return.

Further, the objectors' roles in both cases were substantially limited – *i.e.*, the objectors: (1) only became involved late in the case; (2) conducted limited legal research; (3) submitted a few briefs; and (4) billed a very small number of hours compared to class counsel.  Thus, just as in *Lonardo*, awarding the Objectors a percentage of attorneys' fees is decidedly improper.

Thus, this Court should only consider applying the lodestar method with respect to the Objectors' Request.[1]

**B.      THE OBJECTORS PROVIDE NO LEGAL OR FACTUAL BASIS TO SUPPORT THEIR POSITION THAT THEY ARE RESPONSIBLE FOR THE $42,000,000 JUDGMENT THAT CLASS COUNSEL ACHIEVED BY WINNING THE CASE ON THE MERITS**

The Court is well aware of the lengthy history of this case. The Plaintiffs filed their complaint in this action in October of 2006, nearly eight (8) years ago. Since that time, Class Counsel has devoted over 6,200 hours of attorney and paralegal time to litigating the Plaintiffs' claims, and have advanced over $400,000 in costs. Over this lengthy period, Class Counsel vigorously litigated uncertain issues against top law firms in America, and prevailed. Class Counsel separately won summary judgment on both liability and remedies, and succeeded in obtaining class certification. In sum, Class Counsel has achieved victory for the class on the merits at nearly every turn.  And, although a final judgment has not yet be entered, it is imminent. Class Counsel expects – and this Honorable Court has recognized – that the final judgment in this case will be approximately $42,000,000.

---

[1] Although Plaintiffs take no position on whether Objectors should be awarded a multiplier on their lodestar, the *Lonardo* case also demonstrates that the Objectors are not entitled to a multiplier. In *Lonardo,* the Court found that awarding the objector a multiplier was inappropriate.  Despite the objector's claim that it created a $2 million dollar benefit to the class and that a 2.2 multiplier was therefore appropriate, the Court summarily rejected the objectors' request, stating that: "[s]imply put, a multiplier is not necessary or appropriate given Objector Greenberg and Mr. Frank's very limited role in this litigation, and, again, the fact that Mr. Frank's work was straight-forward and is accurately reflected in the lodestar figure." *Id.* at 816.

Robertson, Johnson, Miller & Williamson
50 West Liberty Street, Suite 600
Reno, Nevada 89501

PLAINTIFFS' RESPONSE TO OBJECTORS' WILLIAM ANDREWS AND WALTER WEBER'S AMENDED REQUEST FOR ATTORNEY FEES, COSTS, AND PAYMENTS
PAGE 5

Despite the extensive efforts of Class Counsel, the Objectors are quick to claim that the potential $42,000,000 judgment is a benefit that they directly conferred on the class. They argue:

> One conventional theory of fee calculation would imply that the Center is entitled to submit a relatively large request for attorneys' fees. If one makes the assumption (which is generous in this context – see footnote 1, *supra*) that the original proposal provided a half-million dollars for the class, but that **the new settlement** provides $42 million for the class, this would constitute a 84-fold increase in **the settlement's total** value. As a matter of law, when an objection is responsible for a certain percentage of class recovery, the objector is entitled to that percentage of class counsel's fee award . . . . A literal interpretation of this rule would lead to startling results: if this court were to find that the objectors were responsible for the increase in class recovery, they arguably would be entitled to something like 84 times the fees that class counsel would receive in this action.

(Request at 6:16-7:5 (emphasis supplied).)

The Objectors' view that they directly conferred a $42,000,000 benefit to the class and that they are entitled to attorneys' fees  based on that benefit conferred  is problematic because their attorneys had no involvement whatsoever in litigating the merits of the case.

Indeed, the Objectors and their attorneys' limited involvement in the case occurred nearly five (5) years after the complaint was filed, and lasted only a couple of months.  Objectors' only involvement in the case was to protest a settlement they viewed as unfair. Even in that regard, it is quite a stretch for these Objectors to claim total credit for causing the initial settlement to be rejected by this Court.   There were a number of objections filed and, of course, the Court performed its own analysis and evaluation and ultimately exercised its own discretion in rejecting the earlier settlement.

 Further, Objectors' opposition to the initial settlement proposal did not create a better settlement.  For example, defendants did not respond to the objections and the Court's concerns by upping their offer.  Instead, the case returned to active, protracted and at-risk litigation, during which Objectors did not provide any legal or factual analysis to help Class Counsel win the case. Notably, Objectors cite to no legal authority to support their argument that they can take credit for a $42,000,000 potential judgment simply because they objected to a settlement that was rejected by the Court. Accordingly, the Objectors' attempt to take credit for the $42,000,000 potential judgment should be summarily rejected.

Robertson, Johnson, Miller & Williamson
50 West Liberty Street, Suite 600
Reno, Nevada 89501

PLAINTIFFS' RESPONSE TO OBJECTORS' WILLIAM ANDREWS AND WALTER WEBER'S AMENDED
REQUEST FOR ATTORNEY FEES, COSTS, AND PAYMENTS
PAGE 6

1      Interestingly, the Objectors briefly acknowledge the efforts of Class Counsel, stating that
2  "[i]t is fairer . . . if this Court views both class counsel and the objectors *as jointly responsible* for
3  the settlement improvements." (*See* Request at 7:6-7:11 (emphasis supplied).)   Accordingly,
4  Objectors do not, in fact, seek the amount they believe would be warranted based on the
5  anticipated $42 million judgment, but, instead seek a smaller amount.  The problem is that there
6  is no real basis for the arbitrary "split" that Objectors propose.  Instead, this arbitrary and random
7  figure forcefully demonstrates why this methodology is not appropriate in this case and virtually
8  compels use of the lodestar methodology instead.

9      Finally, in claiming credit for the substantial increase in value between the initial
10  settlement and the current resolution, the Objectors ignore the fact that the class could have lost
11  the case on the merits, in which case the Objectors would have cost the class the benefit of the
12  initial settlement. While the Objectors' claim that the settlement was worth less than $500,000,
13  the potential benefit to the class if the certificates were fully utilized exceeded $20,000,000.
14  Either way, had Class Counsel lost the case on the merits, on restitution or on class certification -
15  - the class would have lost that benefit. Indeed, the case is still actively being litigated in the
16  Ninth Circuit Court of Appeals on certain issues, and Hertz will appeal the final judgment once it
17  is entered. Class Counsel, therefore, is looking at years of additional litigation to protect the
18  class' interest in whatever final judgment is entered. By comparison, the Objectors will only
19  watch what transpires from the sideline – just as they have done since they finished presenting
20  their objection in 2011.

21      In sum, the Objectors' claim that they substantially created a $42,000,000 benefit for the
22  class is extremely tenuous.   Whatever benefit they claim to have created was completely
23  dependent upon Class Counsel winning the case outright (and is still contingent upon Class
24  Counsel prevailing on appeal).  Perhaps this is why the Objectors ultimately note that:

25      This Court would be within its discretion to award Andrews and Weber, and their
       attorneys, a reasonable amount that would cover incentive fees, actual costs, and a small
26     percentage of the overall value of the settlement [sic] to the class. Therefore, the Center
       requests an aggregate award of $95,000 – **which is roughly one-fifth of 1% of the
27     benefit conferred.**

28  (Request at 7:10-16 (emphasis supplied).)

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

PLAINTIFFS' RESPONSE TO OBJECTORS' WILLIAM ANDREWS AND WALTER WEBER'S AMENDED
REQUEST FOR ATTORNEY FEES, COSTS, AND PAYMENTS
PAGE 7

C. **OBJECTORS' ATTORNEYS' FEES SHOULD NOT BE PAID FROM CLASS COUNSEL'S ATTORNEYS' FEES**

The Objectors state that they "do not wish to penalize the class because class counsel's inadequate settlement necessitated their objection, and therefore request that their counsel's fees and costs be deducted from Class Counsel's proposed fee award." Class Counsel agrees that class members should not pay fees to counsel, but do not agree that Class Counsel should pay the fees either. (Request at 5:15-17.) To support their position, Objectors cite to a string of cases which include: *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766; *Parker v. Time Warner Entm't Co.*, L.P., 631 F. Supp. 2d 242, 277 (E.D.N.Y. 2009); *Great Neck Capital*, 212 F.R.D. at 416-17; *In re Prudential Ins. Co. of Am.*, 273 F. Supp. 2d 563, 572 (D.N.J. 2003); and *In re Ikon Office Solutions*, 194 F.R.D. 166, 197 (E.D. Pa. 2000). None of these cases, though, involved a circumstance like this case where the prevailing party is entitled by statute to recover reasonable attorneys' fees from its adversary. *See* NRS § 482.31585. Accordingly, to whatever extent the Objectors are entitled to fees as a prevailing party, these fees should be paid by Hertz for the same reasons Plaintiffs are seeking to have their fees paid by Hertz.

D. **A SMALL INCENTIVE AWARD MAY BE APPROPRIATE HERE.**

The Objectors also seek a service award of $2,500 each in this case. Because the Court did reference the Objectors arguments and briefing in deciding to reject the failed settlement, it may be appropriate for the Court to provide service awards to the Objectors. Still, such awards, if any, should be modest because the Objectors certainly did not contribute at all to the Plaintiffs ultimately prevailing in the case on the merits.

If the Court is inclined to award the Objectors service awards, then Plaintiffs propose that such awards should far less than the incentive awards requested by the named Plaintiffs (i.e. $10,000 each) as those Plaintiffs have been involved in the case for nearly 8 years, participated in depositions and settlement conferences, and otherwise assisted the Class Counsel on multiple occasions. Thus, any service award for the Objectors should reflect the limited role that the Objectors have played in this litigation, and certainly be substantially less than any incentives awarded to the named Plaintiffs. Rather, Plaintiffs respectfully suggest that any such award here be limited to the amount requested by Objectors, *i.e.*, $2,500 each.

Robertson, Johnson, Miller & Williamson 50 West Liberty Street, Suite 600 Reno, Nevada 89501

PLAINTIFFS' RESPONSE TO OBJECTORS' WILLIAM ANDREWS AND WALTER WEBER'S AMENDED REQUEST FOR ATTORNEY FEES, COSTS, AND PAYMENTS
PAGE 8

1

## IV. CONCLUSION

2       Should the Court be inclined to award the Objectors' attorneys' fees, it should only award

3 them reasonable fees – which in the present case should be based on their lodestar. Further, any

4 fees awarded by this Court should be paid by Hertz, and should not reduce the fees paid to Class

5 Counsel.  Finally, if the Court is inclined to provide service awards to the Objectors, then those

6 awards should be limited to a maximum of $2,500 each.

7                   Respectfully submitted this 25th day of August, 2014.

8             By: /s/ Jonathan Joel Tew

9                 G. David Robertson, Esq.
                Jonathan J. Tew, Esq.

10                 ROBERTSON, JOHNSON, MILLER & WILLIAMSON
                50 West Liberty Street, Suite 600

11                 Reno, Nevada 89501

12                 Susan S. Thomas, Esq.

13                 Arthur Stock, Esq.
                Shoshana Savett, Esq.

14                 BERGER & MONTAGUE, P.C.
                1622 Locust Street

15                 Philadelphia, PA 19103
                ***Attorneys for Plaintiffs***

16

17

18

19

20

21

22

23

24

25

26

27

28

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

PLAINTIFFS' RESPONSE TO OBJECTORS' WILLIAM ANDREWS AND WALTER WEBER'S AMENDED
REQUEST FOR ATTORNEY FEES, COSTS, AND PAYMENTS
PAGE 9

1                                     **<u>CERTIFICATE OF SERVICE</u>**

2          Pursuant to FRCP 5(b) and Local Rule 5-4, I hereby certify that I am an employee of

3 Robertson, Johnson, Miller & Williamson, over the age of eighteen, and not a party to the within

4 action.  I further certify that on the 25th day of August, 2014, I electronically filed the foregoing

5 **PLAINTIFFS' RESPONSE TO OBJECTORS' WILLIAM ANDREWS AND WALTER**

6 **WEBER'S AMENDED REQUEST FOR ATTORNEY FEES, COSTS, AND PAYMENTS**

7 and thus, pursuant to LR 5-4, caused same to be served by electronic mail on the following

8 Filing Users:

9         William E. Peterson, Esq. (wep@morrislawgroup.com)

10         Peter S. Hecker, Esq. (phecker@sheppardmullin.com)

11         Anna S. McLean, Esq. (AMcLean@sheppardmullin.com)

12         Arthur Stock, Esq. (astock@bm.net)

13

14

15                         */s/ Kimberlee A. Hill*

16                         An Employee of Robertson, Johnson, Miller & Williamson

17

18

19

20

21

22

23

24

25

26

27

28

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno, Nevada 89501

PLAINTIFFS' RESPONSE TO OBJECTORS' WILLIAM ANDREWS AND WALTER WEBER'S AMENDED
REQUEST FOR ATTORNEY FEES, COSTS, AND PAYMENTS
PAGE 10