Daniel Greenberg (AR Bar No. 2007-193)
(*Pro hac vice*)
**GREENBERG LEGAL SERVICES**
55 Fontenay Circle
Little Rock. AR  72223
DnGrnbrg@gmail.com
(501) 588-4245

David A. Hornbeck (NV Bar No. 966)
(Local Counsel)
36 Stewart Street
Reno, NV  89501-2233
DavidHornbeckLaw@msn.com
(775) 323-6655

*Attorneys for Objectors William Andrews and Walter Weber*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JANET SOBEL, DANIEL DUGAN, Ph.D., individually and on behalf of all others similarly situated, <br><br>      Plaintiffs, <br><br>   vs. <br><br> THE HERTZ CORPORATION, a Delaware corporation, <br><br>      Defendant. | Case No.:  3:06-CV-00545-LRH-(RAM) <br><br> **OBJECTORS' REPLY TO** <br><br> **PLAINTIFFS' RESPONSE TO OBJECTORS' WILLIAM ANDREWS AND WALTER WEBER'S AMENDED REQUEST FOR ATTORNEY FEES, COSTS, AND PAYMENTS [Dkt. No. 434],** <br><br> **AND TO** <br><br> **HERTZ CORPORATION'S RESPONSE TO OBJECTORS' MOTION FOR AN AWARD OF ATTORNEYS' FEES [Dkt. No. 431]** |

Objectors William Andrews and Walter Weber ("Objectors") hereby reply to Plaintiffs'

Response to Objectors William Andrews and Walter Weber's Amended Request For Attorney Fees,

Costs, and Payments (Dkt. No. 434, "Response Brief") and Hertz Corporation's Response to

Objectors' Motion for An Award of Attorneys' Fees (Dkt. No. 431, "Hertz Brief").

**INTRODUCTION**

     Large portions of Plaintiffs' Response Brief are, more than anything else, superfluous verbiage

which neither illuminate nor criticize Objectors' positions. *First*, Plaintiffs argue that Objectors' fee

award should be based on lodestar; however, that position is consistent with Objectors' position that a lodestar cross-check confirms the propriety of the fee request. *Second*, Plaintiffs insist that service awards for each of the two Objectors should be capped at $2500 each; however, $2,500 is precisely the service award the Objectors had previously requested. *Third*, Plaintiffs repeatedly emphasize that they have no position on whether Objectors' lodestar multiplier of approximately 1.4 is appropriate–which, once again, underscores that the Response Brief does not actually challenge the Objectors' position.

Finally, it appears that the only operational difference between the positions of Plaintiffs and the Objectors is over who should pay the Objectors' requested award:  Class Counsel or Defendants. With respect to that particular issue, Plaintiffs overlook that equity favors payment of objector awards from class counsel's fee award.

## ARGUMENT

### A.    OBJECTORS CONCUR WITH PLAINTIFFS' POSITION THAT OBJECTORS' FEE AWARD MAY BE CALCULATED BY LODESTAR

Objectors appreciate that Plaintiffs' Response Brief concurs with the Objectors' previously expressed argument that it is within this Court's discretion to award fees to objectors on a lodestar basis.  It is puzzling, however, that so much of the Response Brief consists of vigorous attacks on straw men.  For instance, substantial portions of the Response Brief argue that the Objectors cannot claim credit for the entire difference in value between the original proposed settlement and the action's current resolution.  Response Brief at 2, 3, 6.  But because Objectors do not claim, and never have claimed, credit for the entirety of the action's increased value, large portions of the Response Brief are irrelevant to the Objectors' request.

Plaintiffs' Response Brief begins by providing multiple holdings and citations to demonstrate an inapplicable standard of law–namely, that objectors who do not aid the class are not ordinarily entitled to fee awards.  Response Brief at 2.  Plaintiffs then immediately concede that this Court recognized the arguments of Objectors Andrews and Weber, both from the bench and in its Order, in its decision to reject the original settlement.  *Id.*

1    Plaintiffs next argue that, should the court make any award to Objectors, it should be based

2    on a lodestar calculation.  *Id.*  It is almost as if Plaintiffs had not noticed that a lodestar calculation is

3    one basis of Objectors' fee request.  (Of course, Objectors provided a percentage-of-the-benefit

4    calculation in order to demonstrate that a lodestar calculation provides a reasonable result.  *See*

5    *generally Vizcaino v. Microsoft Corp.*, 290 F. 3d 1043, 1050 (9th Cir. 2002).[1])

6    In the course of advocating that any fee Objectors receive should be based on lodestar,

7    Plaintiffs also assert that any value created by the Objectors is "speculative and incalculable."

8    Response Brief at 3.  In light of Plaintiffs' previous admission that the Objectors' analysis was

9    positively recognized both from the bench and in this Court's previous Order, Plaintiffs' position here

10   is difficult to defend.  To state the obvious, courts regularly analyze the shared responsibility of

11   multiple actors who jointly cause a single result.  *See, e.g., In re Trans Union Corp. Privacy*

12   *Litigation*, 629 F.3d 741, 748 (7th Cir. 2011) (discussing partitioning of fee award between objector's

13   counsel and class counsel in the case).  Plaintiffs' suggestion that this Court cannot determine and

14   separately assign some reasonable value to Objectors' actions flies in the face of the fact that courts

15   do this job routinely, by doling out various assignments of responsibility to different actors every day.

16   *See, e.g., GES, Inc. v. Corbitt*, 117 Nev. 265 (2001).

17   Plaintiffs recite the details of *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766 (N.D.

18   Ohio 2010) in order to support their argument that lodestar compensation is appropriate.  Response

19   Brief at 3-5.  Because Plaintiffs and Objectors agree that lodestar may be used as one metric for

20   compensation here, Plaintiffs' extensive recap of this case is largely superfluous.  Nonetheless, the

21   case at hand is inapposite to *Lonardo*'s analysis.  *Lonardo*, in its final iteration, approved attorneys'

22   fees for an objection to a *successful, judicially-approved* settlement agreement.  In contrast, this action

23   involves a fee request for a fundamentally different outcome of an *unsuccessful, judicially-rejected*

24   _____

25   [1]  As a general matter, the Center for Class Action Fairness ("CCAF") makes fee requests with a methodology that is controlled by its nonprofit status and various other contingent circumstances; because of

26   such contingent factors, Objectors chose to begin our analysis with a lodestar calculation.  The circumstances of CCAF's representation vary from case to case.  More generally, the primary basis of a fee award in the

27   Ninth Circuit is and should be percentage of recovery, but a lodestar calculation can provide some perspective as to whether that percentage is reasonable.  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942

28   (9th Cir. 2011); *see generally* Dkt. 250 at 23 (describing unsuitability of lodestar approach where the class is "asked to settle").

settlement.  In this case, the results of Objectors' objection (which include commendation from the bench, possible assistance on the deliberations of this Court, and settlement rejection) speak for themselves; such facts demonstrate greater impact than the *Lonardo* objection–an objection to a settlement which was quickly approved and whose relevance was, at least initially, downplayed by the court.[2]

Plaintiffs also attempt to downplay the contribution of the Objectors by claiming that their Objection ran the risk of costing the class the benefit of the initial settlement; indeed, Plaintiffs claims that the potential benefit to the class was upwards of $20,000,000.  Response Brief at 7.  This assertion contradicts the extensive findings this Court has already made that the initial settlement appeared to offer no real value to the class; indeed, that settlement appeared "to have real value only for Class Counsel, the Class Representatives, the claims administrators, and the defendants."  Dkt. No. 250 at 21.

**B.    OBJECTORS CONCUR WITH PLAINTIFFS' REQUEST THAT A SERVICE AWARD BE LIMITED TO $2500 FOR EACH OF THE TWO OBJECTORS AND THIS COURT MAY USE ITS EQUITABLE POWERS TO AWARD SUCH PAYMENTS**

Objectors originally requested a service award of $2,500 each.  Objectors appreciate and concur with Plaintiffs' suggestion that "any such award" should "be limited to the amount requested by Objectors, i.e., $2,500 each."  Response Brief at 8.

It is appropriate to award objectors incentive payments if they play a role in conferring benefits to the class.  *In re Apple Inc. Sec. Litig.*, No. 5:06-cv-05208-JF, 2011 U.S. Dist. LEXIS 52685 (N.D. Cal. May 17, 2011); *Dewey v. Volkswagen of Am.*, 909 F. Supp. 2d 373, 398-400 (D.N.J. 2012), *aff'd* 558 Fed. Appx. 191 (3d Cir. 2014) (unpublished); *Lonardo*, 706 F. Supp. 2d at 816-17.

---

[2]  Plaintiffs note specifically and repeatedly that they take no position on whether a multiplier of Objectors' lodestar is appropriate, but then proceed to say in a footnote that *Lonardo* argues against a multiplier. Response Brief at 5, n.1.  For the reasons described above, Objectors do not believe that *Lonardo* provides appropriate guidance about fee awards to objectors who were recognized by the court as providing helpful guidance about a failed and judicially rejected settlement.  Plaintiffs, of course, have requested a lodestar multiplier of 3.7 for Class Counsel's own fees; their silence on the appropriateness of Objectors' requested 1.4 lodestar multiplier speaks volumes.

1    By objecting, Andrews and Weber exposed themselves to the risk of harassing discovery and
2    private investigation from the Plaintiffs' attorneys; other clients represented by nonprofit Center for
3    Class Action Fairness ("CCAF") have faced vitriolic personal attacks and abusive discovery requests
4    when objecting, and many potential CCAF clients genuinely upset with abusive class-action
5    settlements have declined to object when informed of these risks.  *See, e.g. Classmates, supra*
6    (describing the "hammer and tongs" approach of class counsel); Rob Capriccioso, *McCain Opposes*
7    *Harper Nomination to UN Council, Citing Indian Concerns*, INDIAN COUNTRY TODAY MEDIA
8    NETWORK, Sept. 24, 2013, http://indiancountrytodaymedianetwork.com/2013/09/24/mccain-opposes-
9    harper-nomination-un-council-citing-indian-concerns-151434 (last visited July 17, 2014) (recounting
10   how class counsel in the *Cobell* case had revealed personal information of objecting class members
11   in an attempt to intimidate them into dropping their appeal); *see generally Laguna v. Coverall N. Am.,*
12   *Inc.*, 753 F.3d 918, 926 (9th Cir. 2014) ("[C]ourts commonly require objectors to make themselves
13   available for deposition … ").

14   This Court has the authority to grant Andrews and Weber their requested awards based on its
15   inherent equitable power.  *Cf. Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012) (objectors
16   entitled to fees based on "same equitable principles as class counsel").  Both Andrews and Weber seek
17   a small fraction of the $10,000 award sought by each of the named Plaintiffs.  Even when *pro bono*
18   counsel is available, class members ordinarily have little incentive to object. Just as class
19   representatives receive incentive payments, so should objectors whose objections meaningfully
20   contribute to class recovery.  Because this authority is based in the Court's inherent equitable powers
21   and is not a function of statute, Objectors therefore respectfully disagree with one sentence in the
22   Hertz Brief (Hertz Brief, at 2); Hertz's position, that the authority for incentive awards must be based
23   on statute, is unwarranted.

24   ///

25   ///

26   ///

27   ///

28   ///

1    **C.    OBJECTORS' AWARD SHOULD BE PAID FROM CLASS COUNSEL'S AWARD**

2    "[T]he 'common benefit' theory is premised on a court's equity power." *United Steelworkers*

3    *of Am. V. Sadlowski*, 435 U.S. 977, 979 (1978); *accord Rodriguez v. Disner*, 688 F.3d 645, 654 (9th

4    Cir. 2012).[3]  In circumstances where class counsel initially fight for an unfair settlement, necessitating

5    the participation of objecting class members, the equities are clear.  It is inequitable to require the

6    defendant to foot the bill both for class counsel and again for objector's counsel, when class counsel

7    invited objections by tendering an unreasonable fee-driven agreement in the first place.  *See Official*

8    *Comm. Of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158

9    (2d Cir. 2003) ("While a court of equity will on swift wings fly to relieve the innocent from wrong and

10   injury, it travels with leaded feet and turns a deaf ear, when called on to furnish a cloak of

11   righteousness to cover sin.") (quoting *Grant v. Grant*, 286 S.W. 647, 650 (Tex. Civ. App. 1926)).

12   Class Counsel deserve a sizable share of the credit for delivering $42 million in benefits to the

13   class; however, with respect to its prior actions–its attempt to deliver little or nothing of value to the

14   class in its previous failed settlement–it must shoulder some share of the blame.  *See In re*

15   *Classmates.com Consol. Litig.*, No. 09-cv-0045-RAJ, 2012 U.S. Dist. LEXIS 83480, *20 (W.D.

16   Wash. Jun. 15, 2012) ("[C]lass counsel cannot satisfy its duty to the class by ignoring the weaknesses

17   in the settlements it negotiated."); *id*. at *23 (reducing fee to less than 20% of the common fund to

18   "reflect[] that counsel should not benefit from its efforts to win approval of an inadequate

19   settlement.").

20   It appears that Class Counsel will acquit itself well, but that does not justify sending a second

21   bill for attorney fees to the defendant.  One bill for reasonable fees is quite enough: and as between

22   the class and Class Counsel, "equity requires that the loss, which in consequence thereof must fall on

23   one of the two, shall be borne by him by whose fault it was occasioned." *Neslin v. Wells*, 104 U.S.

24   428, 437 (1882).  As the venerable Supreme Court reporter and jurist Henry Wheaton observed at oral

25   argument in *Hunt v. Rousmanier's Adm'rs*, 21 U.S. (8 Wheat) 174 (1823), "no maxim of equity is

26

27   _____

28   [3] Unlike Class Counsel, Objectors do not seek a fee on a statutory fee-shifting basis. Rather, Objectors here seek fees on an equitable basis, based on the benefit that they have conferred.

1   better established than this, 'that no man is entitled to the aid of a Court of equity, when the necessity

2   of resorting to that Court is created by his own fault.' "  The costs of proposing a defective settlement

3   should not be shouldered by the class members themselves, but instead by Class Counsel, the

4   settlement's architect.

5          This explanation helps illuminate why courts across the nation have held that objector fees

6   should be paid out of class counsel's award.  *E.g., Lonardo*, 706 F. Supp. 2d at 816-817 (awarding

7   objector's attorneys' fees out of class counsel's fee award); *Parker v. Time Warner Entm't Co., L.P.*

8   631 F. Supp. 2d 242, 277 (E.D.N.Y. 2009) (same); *In re Prudential Ins. Co. of Am. Sales Practices*

9   *Litig.*, 273 F. Supp. 563 at 573 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695, 697 (3d Cir. 2004) (same);

10  *In re Ikon Office Solutions*, 194 F.R.D. 166, 197 (E.D. Pa. 2000) (same); *Duhaime v. John Hancock*

11  *Mut. Life Ins. Co.*, 2 F. Supp. 2d 175, 176 (D. Mass. 1998) (same); *In re Horizon/CMS Healthcare*

12  *Corp. Secs. Litig.*, 3 F. Supp. 2d 1208, 1215 (D.N.M. 1998) (same); *In re Citigroup Secs. Litig.*, No.

13  07-cv-9901(SHS), Dkt. No. 286, Order at 1-2 (S.D.N.Y. Sept. 10, 2013) (same with objector's

14  expenses).  And, of course, awarding all legal expenses from the same pot is not only equitable, but

15  also good public policy:  it provides a practical incentive for class counsel to avoid designing

16  settlements vulnerable to objection by class members and rejection by courts.

17         Plaintiffs attempt to distinguish this particular case by noting that, in this action, the prevailing

18  party has a statutory right to recover attorney fees.  Response Brief at 8.  However, Plaintiffs'

19  attempted distinction misfires, because the statute that Plaintiffs rely on, NRS § 482.31585, only

20  provides for fee-shifting of "reasonable attorneys' fees and costs" to the "prevailing party."  But in

21  Plaintiffs' fee petition of June 25, 2014, Class Counsel did not simply request fees based on their

22  lodestar; instead, they asked for their share of $42 million by using a percentage-of-benefit calculation.

23  Dkt. 411 at 3-6.  Similarly, recovery of Objectors' attorney fees is ultimately justified by a percentage-

24  of-benefit approach, which has its origins in the equitable authority of this Court, not a statutory

25  lodestar reimbursement.  *See Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012) ("the objectors

26  may claim entitlement to fees on the same equitable principles as class counsel").

27         Furthermore, an award to a "prevailing party" under a fee-shifting statute would presumably

28  be a joint award in consideration of the total result achieved, whether that result was produced by 5

1  attorneys or 500.  If every counsel's award were separately paid by the defendant, then more hours

2  than those reasonably expended would be compensable.  That would be error.  *Hensley v. Eckerhart*,

3  461 U.S. 424, 440 (1983) (hours spent on non-beneficial pursuits should be excluded).

4

5  **D.    BECAUSE PLAINTIFFS' RESPONSE BRIEF WAS LATE-FILED BY MORE THAN
      A MONTH, THIS COURT SHOULD GRANT IT RELATIVELY LITTLE WEIGHT**

6

7          As a technical matter, Plaintiffs appear to have missed the deadline this Court imposed for

8  response briefs by over 30 days.  At a minimum, this Court should therefore view the arguments

9  presented by Plaintiffs with exceedingly high scrutiny; furthermore, if Plaintiffs make previously

10 unrevealed arguments during the forthcoming hearing on September 23, 2014, this Court should find

11 that Plaintiffs are equitably estopped from making them to this Court.

12

13                                         **<u>CONCLUSION</u>**

14         Objectors appreciate that Plaintiffs appear to concur with our previously expressed argument

15 that lodestar is one reasonable basis for our fee award calculation here, and that a modest service

16 award of $2,500 may be appropriately awarded to Objectors Andrews and Weber personally.

17 However, Objectors see another argument of Plaintiffs–that a Nevada fee-shifting statute eliminates

18 Class Counsel's responsibility to bear Objectors' attorney fees–as mistaken, especially because the

19 statute in question need not and perhaps cannot be the basis for the percentage award that Objectors

20 seek.

21         Remarkably large portions of Plaintiffs' Response Brief are superfluous and inapposite; those

22 portions appear to serve a political, not legal, function.  More particularly, much of Plaintiffs' brief

23 against Objectors Andrews and Weber appears to be a vehicle to score points against outside

24 parties–namely, other Objectors making dissimilar fee requests.  It is difficult to see how such

25 behavior by Plaintiffs assist the Court in its deliberations.  Objectors Andrews and Weber would

26 respectfully suggest that Plaintiffs' disagreements with other Objectors are better expressed in briefs

27 that straightforwardly address the claims of those outside parties.

28 ///

1         Accordingly, Objectors respectfully request that this Court grant their request for attorney fees,

2    costs, and incentive awards.

3    DATED:  September  3rd , 2014               Respectfully submitted,

4

5                                 /s/ Daniel Greenberg
                             Daniel Greenberg (AR Bar No. 2007-193)

6                                 (*Pro hac vice*)
                             GREENBERG LEGAL SERVICES

7                                 55 Fontenay Circle
                             Little Rock, AR 72223

8                                 DnGrnbrg@gmail.com
                             (501) 588-4245

9

10                                /s/ David A. Hornbeck
                             David A. Hornbeck (NV Bar No. 966)

11                                (Local counsel)
                             36 Stewart Street

12                                Reno, NV 89501-2233
                             DavidHornbeckLaw@msn.com

13                                (775) 323-6655

14                                *Attorneys for Objectors William Andrews and*
                             *Walter Weber*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>CERTIFICATE OF SERVICE</u>**

2   Pursuant to FRCP 5(b) and Local Rule 5-4, I hereby certify that I am an employee of the Law

3 Offices of David A. Hornbeck, over the age of eighteen, and not a party to the within action.  I further

4 certify that on the  3rd  day of September, 2014, I electronically filed the foregoing **OBJECTORS'**

5 **REPLY TO PLAINTIFFS' RESPONSE TO OBJECTORS' WILLIAM ANDREWS AND**

6 **WALTER WEBER'S AMENDED REQUEST FOR ATTORNEY FEES, COSTS, AND**

7 **PAYMENTS [Dkt. No. 434], AND TO HERTZ CORPORATION'S RESPONSE TO**

8 **OBJECTORS' MOTION FOR AN AWARD OF ATTORNEYS' FEES [Dkt. No. 431]** and thus,

9 pursuant to LR 5-4, caused the same to be served by electronic mail on the filing users.  I certify that

10 all participants in the case are registered CM/ECF users and that service will be accomplished by the

11 CM/ECF system.

12

13               _____*/s/ David A. Hornbeck*_____
                David A. Hornbeck (NV Bar No. 966)

14               (Local Counsel)
                36 Stewart Street

15               Reno, NV  89501-2233
                DavidHornbeckLaw@msn.com

16               (775) 323-6655

17

18

19

20

21

22

23

24

25

26

27

28