UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANET SOBEL and DANIEL DUGAN, Ph.D., individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION, a Delaware corporation,<br><br>          Defendant. | 3:06-CV-00545-LRH-RAM<br><br>FINAL JUDGMENT |

      This is a class action filed on behalf of persons who rented cars from Hertz at the Reno and Las Vegas, Nevada airports. In return for the right to operate on-site at the Reno and Las Vegas airports, rental car companies like Hertz are required to pay a percentage of their gross revenues to the airports as "concession fees." These companies, including Hertz, pass along the fees to their customers as surcharges labeled "airport concession recovery fees." At all relevant times, Hertz "unbundled" the surcharges from the base rental rate, such that the rental rate quoted to customers did not include the additional "airport concession recovery fee," which was itemized separately in the rental agreement. Plaintiffs alleged that this practice violated Nevada Revised Statute ("NRS") 482.31575. Doc. #108.[1]

///

---

[1] Refers to the Court's docket number.

The Class is defined as:

> all persons who rented a car at a Nevada airport from the Defendant company and were charged a base car rental rate as well as a separate concession recovery fee or comparable fee during the period from October 13, 2003 through September 30, 2009. Excluded from the class are Defendant Hertz, any person, firm, trust, corporation, officer, director, or other individual or entity in which the Defendant has a controlling interest, or which is related to or affiliated with Defendant, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the class are Plaintiffs' counsel, all judicial officers responsible for any Decisions in this matter, and all government entities.

Doc. #255 at 1. The Court finds that all Class members have been informed about the Class and have had the opportunity to opt out. *See* Doc. #439-1 (listing the parties that have opted out of the Class).

On March 21, 2013, this Court granted in part and denied in part Plaintiffs' Motion for Partial Summary Judgment. *See* Doc. #332. In that Order, the Court found that Hertz's policies violated NRS § 482.31585 and that restitution remedies were "the best way to effectuate the statutory purpose behind the rate and remedial statutes." *Id.* at 20. The Court also ruled in favor of Plaintiffs on liability for unjust enrichment, but determined that a monetary remedy would be inappropriate for that cause of action in light of the remedy for Hertz's violation of the rate statute. *Id.* (citing *Elyousef v. O'Reilly & Ferrario, LLC*, 245 P.3d 547, 549 (Nev. 2010) ("[A] plaintiff may not recover [] twice for the same injury simply because he or she has two legal theories.")).

On September 10, 2014, Hertz submitted a Proposed Form of Judgment requesting that judgment be entered for Hertz and that Plaintiffs recover nothing. Doc. #440. That same day, Plaintiffs submitted their Proposed Final Judgment, requesting that the Court find in Plaintiffs' favor, award $42,321,890 in compensatory damages to the Class, and $11,115,583 in prejudgment interest. Doc. #443.[2] The Court finds that Plaintiffs' requested damages are accurate and have been appropriately reduced based on the 416 class members who have opted out. *See* Doc. #332 at 3, 17; Doc. #442 at 2. The Court has also previously found that an award of prejudgment interest

---

[2] Plaintiffs submitted a Revised Proposed Order on October 16, 2014, that included the same substantive terms. Doc. #456.

2

is appropriate in this case. Doc. #332 at 27-28. Hertz again objects to the award of prejudgment interest, but acknowledges that the Court has previously declined to adopt its arguments regarding prejudgment interest. Doc. #451 at 3. The Court finds that Plaintiffs' calculation of prejudgment interest comports with this Court's prior order. Doc. #332 at 27-28; *see In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007) (finding that "the judgment draws interest from the time of service of the summons and complaint until satisfied"); NRS § 17.130(2) (same).

Plaintiffs suggest that any unclaimed awards under the Class be assigned to a *cy pres* fund. Doc. #442 at 4. Hertz argues that a *cy pres* fund would be inappropriate here, and that any unclaimed funds should be returned to Hertz. Doc. #451 at 4. *Cy pres* is not appropriate if the Court can adequately allocate the damages to members of the class. *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990). Unclaimed funds revert to the defendant if "the defendant had followed the letter of the law and could not have anticipated its liability." *Id.* at 1308. The Court finds that *cy pres* may be appropriate in this case, and grants leave to the parties to move the Court to establish a *cy pres* fund once the amount of unclaimed awards becomes more definite.

Accordingly, good cause appearing therefor, the Court hereby ORDERS, ADJUDGES, AND DECREES that:

1. On Count One of the First Amended Complaint, the Court finds for Plaintiffs on their claim that Hertz violated NRS § 482.31575.

2. On Count Two of the First Amended Complaint, the Court finds for Defendants, noting that the Court previously dismissed this cause of action. *See* Doc. #111 at 7-8.

3. On Count Three of the First Amended Complaint, the Court finds for Plaintiffs but declines to award additional damages on this cause of action.

4. The Court awards restitution in the amount of $42,321,890 to the class, and $11,115,583 in prejudgment interest.

///

5. The Court awards attorney fees in accordance with the Court's Order regarding attorney fees entered on October 9, 2014.  Doc. #454.

6. The Court will consider motions from the parties regarding any *cy pres* distributions once the extent of unclaimed awards becomes more definite.

7. The Court DENIES Hertz's Motion for Leave to File Notice of Supplemental Authority (Doc. #453) as moot in light of the Court's Order regarding attorney fees (Doc. #454).

8. This is a final, appealable judgment disposing of all issues presently before the Court on this matter.

IT IS SO ORDERED.

DATED this 30th day of October, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE